UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SONICSOLUTIONS ALGAE CONTROL,
LLC; SONIC SOLUTIONS, LLC;
ALGAECONTROL.US LLC,

     Plaintiffs,

     v.                                          Civil Action No. 21-30068-MGM

DIVERSIFIED POWER INT'L, LLC;
ANTONIO TRIGANI,

     Defendants.

ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS
(Dkt. Nos. 20, 26)

July 27, 2021

MASTROIANNI, U.S.D.J.

     This case concerns a soured business relationship between players in the algae removal

business. Plaintiffs Sonic Solutions, LLC and AlgaeControl.US LLC formed Plaintiff SonicSolutions

AlgaeControl, LLC to sell and distribute algae remediation products manufactured by Defendant

Diversified Power International, LLC ("Diversified Power"). Defendant Diversified Power and its

president and sole member, Defendant Antonio Trigani move to dismiss the Complaint for lack of

subject-matter jurisdiction and lack of personal jurisdiction. (*See* Dkt. Nos. 20, 26.) For the reasons

described below, the court DENIES Defendants' Partial Motion to Dismiss for Lack of Subject

Matter Jurisdiction and DENIES Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

The court defers ruling on Defendants' alternative argument for a change of venue.

Subject-Matter Jurisdiction

Defendants moved for partial dismissal based on the Plaintiffs' lack of standing because Plaintiffs SonicSolutions Algae Control, LLC and AlgeControl.US LLC had not, at the time of Defendants' motion, registered to do business with the Massachusetts Secretary of State. (Dkt. No. 20 at 3-4.) Under Massachusetts law, a "foreign limited liability company doing business in the commonwealth which fails to register with the state secretary" may not bring a lawsuit "in any of the courts of the commonwealth as long as such failure continues." *See* Mass. Gen. Laws Ann. 156 C § 54(a). Defendants have not cited any authority supporting their contention that such a bar for business entities wishing to make use of state courts should apply equally in federal court. However, regardless of the merits of such an argument, the point is now moot because the two Plaintiff entities have since filed documentation of current business registrations. (*See* Dkt. No. 24 at 4.) The court, therefore, denies Defendants' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction. (*See* Dkt. No. 20.)

Personal Jurisdiction

Because this court's jurisdiction is pursuant to 28 U.S.C. § 1332, this court acts as "the functional equivalent of a state court sitting in the forum state." *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009). In a diversity case such as this one, Plaintiffs "must demonstrate that the exercise of jurisdiction (1) is permitted by the Massachusetts long-arm statute . . . and (2) coheres with the Due Process Clause of the Fourteenth Amendment . . . by showing that each defendant has 'minimum contacts' with Massachusetts." *D.S. Brown Co. v. White-Schiavone, JV*, 2021 WL 1670264, at *3 (D. Mass. Apr. 28, 2021) (citing *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002)). "By signing a forum selection clause, however, a party to a contract waives its right to challenge personal jurisdiction." *Provanzano v. Parker View Farm, Inc.*,

827 F.Supp.2d 53, 58 (D. Mass. 2011); *see also Inso Corp. v. Dekotec Handelsges, mbH*, 999 F.Supp. 165, 166 (D. Mass. 1998) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11 (1972) (recognition of principle by Supreme Court); *Jacobson v. Mailboxes Etc. U.S.A., Inc.*, 646 N.E.2d 741, 743 (Mass. App. Ct. 1995) (recognition by Massachusetts Appeals Court)).

Plaintiffs allege eight claims against Defendants arising out of the Defendants' alleged enticement of Plaintiffs' customers in violation of a 2012 Non-Disclosure/Non-Compete Agreement (the "Non-Disclosure Agreement"). (Dkt. No. 1 ("Compl.").) The Non-Disclosure Agreement is between Plaintiff Sonic Solutions, LLC and Defendant Diversified Power (a Tennessee corporation whose sole member resides in Tennessee). (Dkt. No. 1-3.) It contains a choice of law provision and a mandatory forum-selection clause: "This agreement shall be governed in all respects by the laws of Massachusetts, and any litigation arising under this agreement must be conducted in Massachusetts[-]based courts." (*Id.*)

According to Plaintiffs, the Non-Disclosure Agreement is still operative. Plaintiffs allege that Diversified Power breached the agreement by accessing Sonic Solutions, LLC's confidential customer and business information, deliberately interfering with its customer relationships, and using this information to undercut Plaintiffs' business and usurp its customers. (*See generally* Compl.) Defendants argue that the Non-Disclosure Agreement is no longer in effect, but at this stage of the case, the court "must accept the [P]laintiff[s'] (properly documented) evidentiary proffers as true and construe them in the light most congenial to [P]laintiff[s'] jurisdictional claim." *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) (internal quotation marks and citation omitted). The Non-Disclosure Agreement states that it remains in effect for "three years after the termination of any vendor (DPI)/buyer (Sonic) relationship" (Dkt. No. 3-1 at 2.), and Plaintiffs allege that such a relationship existed until at least April 2021 (*see* Dkt. No. 32 at 2; Dkt. No. 11

(Affidavit of Dana Taylor)). The court accepts—for purposes of this motion—that the Non-Disclosure Agreement remains in effect and that Defendant Diversified Power waived its right to contest personal jurisdiction for disputes arising out of the agreement. *See Inso Corp.*, 999 F.Supp. at 167 (holding that party's "consent to Massachusetts as the proper forum constitutes an implied consent to jurisdiction in Massachusetts").

Plaintiffs' other claims against Diversified Power—for tortious interference with contract, intentional interference with contract, violation of Massachusetts General Law 93A, breach of an implied-in-fact contract to supply Plaintiffs with algae removal products, for injunctive relief pursuant to Massachusetts General Law 266, and defamation—"involve the same operative facts as [their] claim for breach of contract that is subject to a forum selection clause [and] should also be litigated in the forum chosen by the parties." *See Rivera v. Centro Medico de Turabo Inc.*, 575 F.3d 10, 24 (1st Cir. 2009) (internal quotation marks omitted). "To hold otherwise would be to ignore the fundamental principle of judicial economy." *Id.* The court, therefore, has personal jurisdiction over Defendant Diversified Power for Plaintiffs' remaining claims.

Defendant Trigiani, however, is not a party to the Non-Disclosure Agreement. (*See* Dkt. No. 1.) Plaintiffs assert two claims against him individually: violation of Massachusetts General Law 93A and defamation. "It is well established that jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." *LaVallee v. Parrot-Ice Drink Prods. of Am., Inc.*, 193 F.Supp.2d 296, 300 (D. Mass. 2002) (internal quotation marks omitted). Defendant Trigiani is the president and sole member of Diversified Power and a resident of Tennessee. Plaintiffs must show "an independent basis for [personal] jurisdiction" over Defendant Trigiani satisfying the Massachusetts long-arm statute and the Due Process Clause, by, for example, showing that he

"personally committed a tort in the Commonwealth" or was a "primary participant[] in the alleged wrongdoing intentionally directed at the forum." *See id.* at 301-302 (D. Mass. 2002).

The Massachusetts long-arm statute provides personal jurisdiction "over a person who, acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Law c. 223A, § 3(c). "Courts have . . . disregarded the corporate form and the fiduciary shield doctrine in cases in which the defendant 1) was in the forum to serve personal interests, 2) was the alter-ego of the corporation or 3) had an identity of interest with the corporation itself (i.e., the corporation and the corporation's president)." *LaVallee*, 193 F.Supp.2d at 300. Plaintiffs submitted an affidavit from former Diversified Power employee Charles Morgan describing how Defendant Trigiani developed a plan to drive Plaintiffs out of business: "Around the time of my hire, Defendant Trigiani told me that it was part of my job to build a marketing and sales department that would put Sonic Solutions, an entity I now understand to be SonicSolutions Algae Control, LLC . . . out of business." (*See* Dkt. No. 12 at ¶ 2.) According to Mr. Morgan, Defendant Trigiani not only devised this plan but directly participated in it by luring Plaintiffs' customers by telephone and in person, having obtained their contact information from records kept by Sonic Solutions, LLC's Massachusetts office. (*Id.* at ¶¶ 3-4.) As part of this plan, Defendant Trigiani obtained confidential pricing information from Sonic Solutions, LLC by having an employee solicit it from Sonic Solutions under false pretenses. (*See id.* at ¶¶ 13-15.) Defendant Trigiani was also responsible for sending an allegedly defamatory notice to Plaintiffs' customers that falsely accused Plaintiffs of distributing algae removal products without authorization. (*See* Dkt. No. 12 at ¶ 4.)  Further, unlike the individual in *LaVallee*, Defendant Trigiani is no mere employee of Diversified Power; as the LLC's president and sole member, Defendant Trigiani is not only closely aligned with the LLC, he stands to personally benefit from its alleged malfeasance. *Cf. LaVallee,* 193 F.Supp.2d at 302 (holding that individual was "more like a junior

business associate" and "did not act in the forum to serve his personal interests, but rather acted solely as an agent of [the corporation]"). Viewing the facts in the light most favorable to Plaintiffs, the court finds that they satisfy the Massachusetts long-arm statute as to Defendant Trigiani.

Plaintiffs must also show specific jurisdiction over Defendant Trigiani under the Due Process Clause of the Constitution by establishing "a demonstrable nexus between [their] claims and a defendant's forum[-]based activities." *Mass. School of Law at Andover*, 142 F.3d at 34. This inquiry has three parts: relatedness, purposeful availment (also known as "minimum contacts"), and reasonableness. *Id.* at 35. Plaintiffs demonstrate relatedness by Defendant Trigiani directing an employee to communicate with Sonic Solutions, LLC in order to obtain confidential pricing that he then used, along with a notice to Plaintiffs' customers questioning the Plaintiffs' legitimacy, to undermine Plaintiffs' business relationships. (*See* Dkt. No. 11 at ¶¶ 13-15; Dkt. No. 12 at ¶4.) Plaintiffs satisfy the "personal availment" prong by showing that Defendant Trigiani's plan to target Plaintiffs could, foreseeably, lead to him being "haled into court" in this forum, where Sonic Solutions, LLC is at home. *See Nandjou v. Marriott Int'l, Inc.*, 985 F.3d 135, 149 (1st Cir. 2021) ("where a corporation directly targets residents in an ongoing effort to further a business relationship, and achieves its purpose, it may not necessarily be unreasonable to subject that corporation to forum jurisdiction when the efforts lead to a tortious result"). Reasonableness involves "five gestalt factors . . . (i) the defendant's burden of appearing, (ii) the forum state's interest in adjudicating the dispute, (iii) the plaintiff's interest in obtaining convenient and effective relief, (iv) the judicial system's interest in obtaining the most effective resolution of the controversy, and (v) the common interests of all sovereigns in promoting substantive social policies. *LaVallee*, at 304 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). All of the factors favor Plaintiffs. *See LaVallee*, 193 F.Supp.2d at 304 (noting that the burden on a defendant must be "onerous in a special, unusual, or otherwise constitutionally significant way") (internal quotation marks omitted).

The court therefore finds that Plaintiffs proffer sufficient evidence for the court to exercise personal jurisdiction over Defendant Trigiani.

The court defers ruling on Defendants' alternative motion for transfer of venue to the U.S. District Court for the Eastern District of Tennessee.

For the foregoing reasons, Defendants' Motions to Dismiss for Lack of Subject Matter and for Lack of Personal Jurisdiction are denied.

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge