UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, SONIC SOLUTIONS, LLC, and ALGAECONTROL.US LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DIVERSIFIED POWER INTERNATIONAL, LLC, and ANTONIO TRIGIANI,<br><br>**Defendants.** | Civil Action No. 3:21-cv-30068-MGM<br><br>DECLARATION OF JAMES C. DUDA |

I, James C. Duda, hereby declare:

1. I am an attorney with the law firm Bulkley, Richardson and Gelinas, LLP, counsel for Plaintiffs in the above-captioned matter. The information set forth herein is based upon my personal knowledge and in reliance on information that I believe is credible.

2. Based on the facts known to Plaintiffs, and on various assertions made in the affidavits of Defendant Trigiani, we may call the following witnesses in a trial on this matter, either as fact witnesses in Plaintiffs' case in chief or for impeachment purposes:

   i. **Tara Spitzer**, the long-serving office manager for Sonic Solutions, LLC and now SonicSolutions Algae Control, LLC ("SSAC"). Ms. Spitzer resides in Ashfield, Massachusetts and works in SSAC's office—and maintains its records—in Northampton, Massachusetts. She will be a principal witness for Plaintiffs, testifying at least with respect to customer identities, SSAC business practices, communications with Defendants, and SSAC financial records.

ii. **Devon Assael**, the Vice President of Marketing and Sales at SSAC and formerly of Sonic Solutions. Ms. Assael works in SSAC's office in Northampton and resides in Middletown, Connecticut. She will be testifying at least as to SSAC marketing efforts, customer identities and communications, communications with and representations by Defendants, and the impacts of Defendants' termination of product supply and communications with SSAC customers upon SSAC's business prospects.

iii. **Dana G. Taylor**, the managing member of both Sonic Solutions and SSAC. Mr. Taylor's principal office and place of business is in Northampton, Massachusetts. While his residency is Florida, he maintains homes in Middletown, Connecticut and Florida. Mr. Taylor will testify to virtually all aspects of this litigation.

iv. **Ken Wagner**, a biochemist who has had a business relationship with Sonic Solutions and its successor, SSAC, since at least 2004. Mr. Wagner works in Wilbraham, Massachusetts and, on information and belief, also resides in Wilbraham. He will likely testify as to the efficacy of the ultrasonic algae management technology sold by Sonic Solutions and SSAC.

v. **Paul Benjamin**, an individual whom Defendants allege witnessed a conversation between Defendant Trigiani and Dana G. Taylor concerning the scope of the DPI Noncompete. Mr. Benjamin owns a business with a Hadley, Massachusetts office and, on information and belief, also resides in Hadley, Massachusetts.

vi. **Kirk Whatley**, a former salesman for Sonic Solutions, LLC who, on information and belief, maintains a business relationship with Defendant Trigiani. On information and belief, Mr. Whatley resides in Hadley, Massachusetts. Mr.

        Whatley may testify as to the historical business relationship and business practices between Sonic Solutions and Diversified Power International ("DPI")

vii.    **Frank Ahlbin**, a Connecticut resident and a principal of Pyramid Technologies, which manufactured the ultrasonic devices that Sonic Solutions marketed prior to SSAC becoming the principal distributor of HBS devices for DPI. Mr. Ahlbin should be competent to testify as to the nature of the early business relationship between Defendants and Plaintiffs, including the visit of Mr. Trigiani to Sonic Solutions prior to the formation of SonicSolutions Algae Control, LLC.

viii.    **George Bucchi**, also a Connecticut resident and a principal of Pyramid Technologies. He also should be competent to testify as to the nature of the early business relationship between Defendants and Plaintiffs, including the visit of Mr. Trigiani to Sonic Solutions prior to the formation of SonicSolutions Algae Control, LLC ("SSAC").

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 5, 2021.        */s/ James C. Duda*
                                                James C. Duda

3500237v1

## **CERTIFICATE OF SERVICE**

 I, Lauren C. Ostberg, attorney for the Plaintiffs in the above-captioned action, hereby certify that, on August 6, 2021, this document, filed through the ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") on the date of its filing.

            */s/ Lauren C. Ostberg*
            Lauren C. Ostberg