UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, SONIC SOLUTIONS, LLC, and ALGAECONTROL.US LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>DIVERSIFIED POWER INTERNATIONAL, LLC, and ANTONIO TRIGIANI,<br><br>    Defendants. | Civil Action No. 3:21-cv-30068-MGM<br><br>POTENTIAL KEY WITNESS LIST PURSUANT TO AUGUST 6, 2021 ORDER OF THE COURT |

Pursuant to the Court's Order of August 6, 2021, which requires the parties to file "a list of potential key witnesses (as well as their residences and a general description of the subject of their testimony) for the purpose of assessing venue," Plaintiffs SonicSolutions Algae Control, LLC ("SSAC"), Sonic Solutions, LLC (Sonic Solutions) and AlgaeControl.US LLC ("ACUS") (together, "Plaintiffs") submit this list of potential key witnesses. As the Court recognized during the August 6, 2021 hearing on the subject of venue, this case is in its early stages. In this document, Plaintiffs have supplied a list of witnesses who, Plaintiffs' counsel currently understand, likely have information relevant to Plaintiffs' claims (or to impeach Defendants' sworn testimony) in this matter. This list is based upon information that Plaintiffs' counsel have obtained from client interviews and preliminary review of available documents, but without the aid, in most cases, of third party witness interviews or any other discovery. The content of the following list, therefore, may change, and likely will change, as the result of that discovery and further witness interviews.

**ALL COUNTS:** The following individuals are likely to have testimony relevant to all or multiple counts in Plaintiffs' Verified Complaint for Injunctive Relief and Damages:

    i.    **Devon Assael**, the Vice President of Marketing and Sales at SonicSolutions Algae Control, LLC ("SSAC") and formerly in substantially the same role at Sonic Solutions, LLC ("Sonic Solutions"). Ms. Assael works in SSAC's office in Northampton and resides in Middletown, Connecticut. She is the daughter of Dana G. Taylor, the president and managing member of Sonic Solutions and SSAC. She will be testifying at least as to SSAC marketing efforts, customer identities and communications, communications with and representations by Defendants, the impacts of Defendants' termination of product supply and communications with SSAC customers upon SSAC's business prospects, and the damages, in the form of lost sales and altered relationships with customers, that she and SSAC have suffered as a result of DPI's actions. Ms. Assael will also testify that she has personally suffered substantially due to the actions of Defendants due to lost commissions that form a substantial portion of her salary. Because Ms. Assael has a three-year old child with cerebral palsy, it would be a great inconvenience to her and her family if she were required to travel to Tennessee for trial.

    ii.    **Dana G. Taylor**, the managing member of both Sonic Solutions and SSAC. Mr. Taylor's principal office and place of business is in Northampton, Massachusetts. While his residency is Florida, Mr. Taylor also maintains a home in Middletown, Connecticut, which is located across the street from Ms. Assael's home (and his grandchildren). Mr. Taylor will testify to virtually all aspects of this litigation.

    iii.    **Tara Spitzer**, the long-serving office manager for Sonic Solutions and now SSAC. Ms. Spitzer resides in Ashfield, Massachusetts with her husband and teenage daughter and works in SSAC's office—and maintains its records—in Northampton, Massachusetts. She will be a principal witness for Plaintiffs, testifying at least with respect to customer identities, SSAC business practices, communications with Defendants, and SSAC financial records.

    iv.    **Ken Wagner**, a limnologist, biochemist, and specialist in solving water body algae problems who has had a business relationship with Sonic Solutions and its successor, SSAC, since at least 2004. Mr. Wagner works in Wilbraham, Massachusetts and, on information and belief, also resides in Wilbraham. He will likely testify as to the relative efficacy of the ultrasonic algae management technology sold by Sonic Solutions and SSAC.

**COUNT I:** Ms. Assael, Mr. Taylor, and Ms. Spitzer will provide testimony concerning the tortious interference of Diversified Power International, LLC ("DPI") and Mr. Trigiani with Sonic Solutions and SSAC's prospective business relationships. The following witnesses are also likely to have testimony relevant to this count:

    i.    A representative of the **Aquarion Water Company** ("Aquarion"), a subsidiary of Eversource Energy based in Connecticut, with its own subsidiaries in Connecticut, Massachusetts, and New Hampshire. A representative of Aquarion or one of its subsidiaries is expected to testify about the structure of Aquarion's relationship with SSAC and its predecessor entities; the role of SSAC dealers and SSAC in developing

      sales; the duration of and goodwill in Aquarion's relationship with SSAC; Aquarion's experience with the adoption of Hydro Bioscience ("HBS") products manufactured by DPI and distributed through SSAC; and the scope of one major order that it placed through an SSAC dealer as a result of the sales efforts of SSAC—and Ms. Assael in particular—revenue on which order SSAC was deprived of due to Defendants' actions.

  ii.  **Lawrence Field**, a Wyoming resident. Mr. Field is expected to testify to facts implicating DPI's knowledge of his company's potential investment in SSAC, and of the impact DPI's refusal to supply SSAC with products had upon that potential investment.

**COUNTS II-IV**: In addition to Mr. Taylor, Ms. Assael, and Ms. Spitzer, named above, the following individuals are likely to have knowledge or information relevant to DPI and Mr. Trigiani's intentional interference with SSAC's contractual relations, as well as DPI and Mr. Trigiani's unfair and deceptive acts and practices:

  i.  A representative of **Maryland Biochemical Co.**, based in Maryland, who is responsible for the territories of Massachusetts, Rhode Island, Vermont, and Connecticut and which company is a signed dealer of SSAC. This testimony will establish the nature of and commitments inherent in the signed dealer relationship, Maryland Biochemical's prior reliance upon SSAC for the supply of product and sales support, the role of HBS products in this relationship, and the impact of SSAC's inability to supply HBS products on this relationship.

    ii.    **Emilé Demers and/or Timothy Rancourt,** both representatives of the Long Pond Clean Water Committee (LPCWC). Publicly available information indicates that both Mr. Demers and Mr. Rancourt reside in Dracut, Massachusetts. LCPCW maintains a shipping address in New Hampshire, but Long Pond, which LCPCW is dedicated to maintaining, is primarily located in Massachusetts. The representative of LCPCW is expected to testify that DPI contacted LCPCW, and that, as a result of this communication from DPI, LCPCW decided to return HBS products it had previously purchased from SSAC.

    iii.    A representative of **South Norwalk Electric and Water**, an entity based in Norwalk, Connecticut. This representative is expected to testify concerning their expectations and experience concerning resolving warranty issues through SSAC related to HBS devices.

    iv.    A representative of the **Hampton Dive Center**, in Riverhead, New York. This representative is expected to testify about the significance of Hampton Dive Center's business relationship with Sonic Solutions and its successor entity, SSAC, dating back to 2013. It is also expected to testify regarding the Center's reliance upon SSAC to resolve warranty issues related to HBS devices.

    v.    **Charles Morgan**, a Tennessee resident and former employee of DPI. He is expected to testify about Mr. Trigiani's stated objectives regarding SSAC, Mr. Trigiani's instructions concerning contacting SSAC's

customers and dealers, and other efforts by DPI to usurp SSAC's customers or otherwise interfere with its business.

**COUNT V:** In addition to Mr. Taylor, Ms. Assael, and Ms. Spitzer, the following individual may have relevant knowledge and information concerning the terms and breach of the implied-in-fact contract between DPI, SSAC, and SSAC's predecessor entities:

    i. **Kirk Whatley**, a former salesman for Sonic Solutions who, on information and belief, maintains a business relationship with Defendant Trigiani. On information and belief, Mr. Whatley resides in Hadley, Massachusetts. Mr. Whatley may testify as to the historical business relationship and business practices between Sonic Solutions and DPI.

**COUNT VI:** The following individuals, in addition to Mr. Taylor, Ms. Assael, and Ms. Spitzer, are likely to have information relevant to the breach of the DPI Noncompete:

    i. **Paul Benjamin**, an individual whom Defendants allege witnessed a conversation between Defendant Trigiani and Dana G. Taylor concerning the scope of the DPI Noncompete. Mr. Benjamin owns a business with a Hadley, Massachusetts office and, on information and belief, also resides in Hadley, Massachusetts.

    ii. **Frank Ahlbin**, a Connecticut resident and a principal of Pyramid Technologies, which manufactured the ultrasonic devices that Sonic Solutions marketed prior to SSAC becoming the principal distributor of

       HBS devices for DPI. Mr. Ahlbin should be competent to testify as to the nature of the early business relationship between Defendants and Plaintiffs, including the visit of Mr. Trigiani to Sonic Solutions prior to the formation of SonicSolutions Algae Control, LLC.

  iii.  **George Bucchi**, a Connecticut resident and a principal of Pyramid Technologies, and a potential alternative to Mr. Ahlbin. He should also be competent to testify as to the nature of the early business relationship between Defendants and Plaintiffs, including the visit of Mr. Trigiani to Sonic Solutions prior to the formation of SSAC.

  iv.  **Emilé Demers and/or Timothy Rancourt,** both representatives of the Long Pond Clean Water Committee (LPCWC), previously referenced, both of whom reside in Dracut, Massachusetts according to publicly available information. The representative of LCPCW is expected to testify that LCPCW ordered certain HBS algae management systems through SSAC, that LCPCW did not provide their contact information to DPI prior to DPI subsequently contacting LCPCW, and that LCPCW cancelled its order with SSAC as a result of the DPI contact.

**COUNT VII:** The following individuals are likely to have information or knowledge relevant to the claim that DPI engaged in false advertising.

  i.  **Paul Benjamin**, a previously-referenced individual who maintains a business and residence in Hadley, Massachusetts. Mr. Benjamin is

        expected to testify that he took the photograph of the Rockland Country Club that DPI used in its false advertisement.

    ii.    **Matt Ceplo**, or another representative of the **Rockland Country Club**, in Sparkill, New York.  This representative will testify that the "before" image included in DPI's false advertising was actually an image of the Rockland Country Club, without any connection to DPI.

**COUNT VIII:** Plaintiffs have not yet determined which dealers and customers who have received DPI's defamatory publication may be called upon to testify concerning the same.

        Respectfully submitted:

        PLAINTIFFS,
        **SONICSOLUTIONS ALGAE CONTROL, LLC.,**
        **SONIC SOLUTIONS, LLC, and**
        **ALGAECONTROL.US LLC**
        By Their Attorneys,

         /s/*James C. Duda*
        James C. Duda, Esq. (BBO # 551207)
        Lauren C. Ostberg, Esq. (BBO # 696883)
        Bulkley, Richardson and Gelinas, LLP
        1500 Main Street, Suite 2700
        Springfield, MA 01115-5507
        Tel. (413) 272-6284
        jduda@bulkley.com
        lostberg@bulkley.com

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system on August 11, 2021, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF").

>/s/ *Lauren C. Ostberg*
>Lauren C. Ostberg

3502620