UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, *et al.*,<br><br>                      Plaintiffs,<br><br>                v.<br><br>DIVERSIFIED POWER INTERNATIONAL, LLC, et al.,<br><br>                      Defendants. | Case No. 3:21-cv-30068-MGM<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND AGREEMENT CONCERNING ESI** |

Pursuant to the Court's Standing Order Regarding Confidentiality Agreements, the parties to this Stipulated Confidentiality Agreement and Agreement Concerning ESI ("Agreement"), Plaintiffs SonicSolutions Algae Control, LLC, Sonic Solutions, LLC, and AlgaeControl.US LLC and Defendants Diversified Power International, LLC and Antonio Trigiani (jointly the "Parties"), through their counsel, have agreed to the following terms:

    1.    In this Agreement, the words set forth below shall have the following meanings:

        a.    "Action" means the above-entitled action.

        b.    "Certification" means the Certification Re: Confidential Discovery Materials form attached hereto as Exhibit A.

        c.    "Confidential" means any Documents or other information that constitute private information, proprietary information, confidential business information, and/or trade secrets.

        d.    "Confidential Materials" means any Materials designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the provisions of this Agreement.

        e.    "Designating Party" means the Party that designates Materials as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

        f.    "Disclose" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

        g.    "Documents" includes a writing, draft, or non-identical copy, including without limitation the definition of "Documents" in Local Rule 26.5(c)(2).

  h. The term "ESI" or "electronically stored information" includes all documents set forth in Federal Rule of Civil Procedure 34(a)(1)(A), except that it shall not include voicemails, text messages and instant messages. To the extent it becomes evident in discovery that those sources contain information relevant to pending discovery requests, the parties shall meet and confer on appropriate methods and/or limitations.

  h. "Highly Confidential—Attorneys' Eyes Only" means any Materials designated as "Highly Confidential—Attorneys' Eyes Only" pursuant to the provisions of this Agreement.

  i. "Legend" means one of the following markings:

**CONFIDENTIAL**
or
**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

  j. "Materials" means all Documents or other information or testimony produced in discovery in this Action, including without limitation "electronically stored information," as that term is used in Federal Rule of Civil Procedure 34.

  2. All originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things, and/or information that contain or comprise Materials produced either by a Party or a non-party to or for any of the Parties shall be governed by this Agreement. The terms of this Agreement shall apply to all manner and means of discovery used in the Action, including without limitation depositions, entry onto land or premises, and inspection of books, records, documents, and tangible things.

  3. This Agreement does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

  4. All "Confidential Materials" in this matter are private and confidential and shall be used by the receiving Party only for the prosecution or defense of the Action.

  5. All "Confidential Materials" and the contents thereof, and any information contained therein, and all notes or summaries prepared therefrom, shall not be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Agreement.

  6. No person other than the Designating Party shall use any Confidential Materials for any other purpose, including without limitation any business or commercial purpose, unless that

Party first obtains relief from this Agreement either by the written agreement of the Designating Party or by order of the Court.

7. A Designating Party who produces or discloses any Materials in discovery shall have the right to designate as "Confidential" any of the Materials that it in good faith believes to contain Confidential information that has not been made public. In order to designate Materials as Confidential, the Designating Party must place the following legend (or other language substantially the same) on each page that contains such material: "CONFIDENTIAL." Material designated as Confidential shall only be available to the Parties; their counsel of record; their necessary paralegal, clerical, and secretarial staff; and any expert and/or consultant retained by a Party for the purpose of discovery in this Action or preparing for trial, but only if the expert or consultant has executed the Certification attached hereto as Exhibit A. Other persons who have access to materials designated as Confidential are those described in Paragraphs 9(a) through 9(i), inclusive, subject to the same terms and conditions.

8. Certain other information is so highly Confidential that its disclosure and use within this Action should be further restricted so as to prevent any business or competitive injury to the Designating Party, including without limitation any sensitive customer, supply chain, or technical information. The Party producing Materials, or the Party to whom the Materials pertain, may, in good faith, designate such Materials as "Highly Confidential—Attorneys' Eyes Only." In order to designate Materials as "Highly Confidential—Attorneys' Eyes Only," the Designating Party must place the following Legend (or other language substantially the same) on each page that contains such material: "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

9. Subject to the terms, conditions, and restrictions of this Agreement, counsel and others who receive material that has been designated Highly Confidential—Attorneys' Eyes Only Material in this Action may disclose such material only to the following persons. For the avoidance of doubt, however, the material designated Highly Confidential—Attorneys' Eyes Only Material may ***not*** be disclosed to any such person who is or is also a director, officer, or employee of a Party or Affiliate of a Party:

      a.    Counsel representing any party to this Action;

      b.    Paralegal, secretarial, and clerical employees of Counsel representing any Party to this Action;

      c.    The Court and the Court's employees whose duties require access to information lodged or filed in connection with this Action;

      d.    Stenographers, reporters, and other persons involved in recording or transcribing testimony in this Action (including depositions and hearings);

      e.    Employees of copying, microfilming, or other services, engaged to reproduce, scan, or store Highly Confidential—Attorneys' Eyes Only Materials in this Action;

      f.    Experts and consultants retained or consulted by counsel concerning this Action and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged;

      g.    Any mediator who may be utilized in connection with this Action;

      h.    Persons who prepared the Highly Confidential—Attorneys' Eyes Only Materials;

      i.    Prior recipients of the Highly Confidential—Attorneys' Eyes Only Materials.

10.    Before disclosing any Highly Confidential—Attorneys' Eyes Only Materials to any person designated in subparagraphs 9(b) through 9(i), counsel shall explain to such person that the documents are confidential and are subject to this Agreement. Before being given access to any Highly Confidential—Attorneys' Eyes Only Materials, persons specified in subparagraph 9(f) shall sign a Certification, a copy of which is attached hereto as Exhibit A. Each party shall maintain a file containing the signed Certifications that it has obtained. The file containing these Certifications shall not be available for review by opposing counsel absent agreement of the Parties or an order of the Court determining that there is good cause for the Certifications to be reviewed. In addition, any person retained as an expert or consultant who is also a director, officer, and/or employee of a Party shall not be shown or given access to Highly Confidential—Attorneys' Eyes Only Materials.

11.     In the case of depositions or other pretrial or trial testimony, a Party may designate Materials as Confidential or Highly Confidential —Attorneys' Eyes Only (1) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or portion thereof shall be designated as Confidential or Highly Confidential—Attorneys' Eyes Only hereunder; or (2) by written notice of such designation sent by counsel to counsel for all other parties within thirty (30) days after the mailing to counsel of the transcript of the deposition.  If any Confidential Materials are used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped "Confidential" or "Highly Confidential—Attorneys' Eyes Only," and access thereto shall be limited pursuant to the terms of this Agreement. Unless otherwise agreed to by the Parties on the record of a deposition at which Highly Confidential—Attorneys' Eyes Only materials are to be introduced, all persons other than the court reporter, the deponent, and the Parties' legal counsel shall leave the room (actual or virtual) and otherwise not have visual or audio access to the deposition while such materials are being viewed or discussed.

12.     In the event any Party seeks to lodge, file, or otherwise submit Confidential Materials to the Court, or such Materials in a hearing, such Party shall bring that issue to the Court's and Parties' attention by motion, including a motion to file documents under seal, or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter make any orders necessary to govern the use of such documents or information at trial.

13.     The Parties shall comply with the local rules of this Court when lodging or filing any brief, memorandum, motion, letter, or other document or Materials under seal with the Court.

14.     Any Court hearing that refers to or describes Confidential Materials shall, in the Court's discretion, be conducted *in camera.*

15.     Unless a Party challenges a designation of materials as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to paragraph 18 below, the Parties agree to fully cooperate with each other in ensuring that Confidential Materials be sealed, including but not limited to joining in any motion or application filed by a Designating Party for an order that the

Court accept and seal Confidential Materials.

16. The Parties agree that there is no public interest in disclosure of the Confidential Materials that are not challenged under paragraph 18 below, that they may contain competitively sensitive price, operational, and other confidential information and trade secrets in which either Party may have a genuine and cognizable interest, and that, should a competitor obtain access to this information, it could cause material harm by, e.g., giving the competitor an unfair advantage in contract and price negotiations or leading to allegations of unlawful conduct, all of which could cause material harm to the Disclosing Party and would be contrary to the public interest. Therefore, the Parties agree to fully cooperate with each other in ensuring that Materials that a Party designates with a Legend are and remain sealed by a court, including but not limited to joining in any motion or application for an order that the court accept and seal such documents and /or information.

17. If any person subject to this Agreement who has custody of any Confidential Materials (except the Designating Party) receives a subpoena or other process ("Subpoena") demanding production of the same, the recipient of the Subpoena shall promptly give notice of the same to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, or otherwise oppose production of the Confidential Materials.  The person receiving the Subpoena shall not produce any Confidential Materials until the Designating Party has had a reasonable opportunity to challenge the Subpoena.

18. Any Party may challenge by motion the designation of any Materials as "Confidential Materials" or "Highly Confidential—Attorneys' Eyes Only Materials" on the ground that the designation of materials as "Confidential Materials" or "Highly Confidential—Attorneys' Eyes Only Materials" is inappropriate and that the materials so designated should not be subject to the relevant provisions of this Agreement.  Before bringing any such motion, the challenging Party shall meet and confer with the Designating Party in an attempt to resolve the issue.  On any such motion, the Designating Party has the burden of proving that the designation

is appropriate. Until the Court rules on the motion, the materials designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall be protected as if properly designated. A Party shall not be obligated to object to the designation of Materials as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" at the time the designation is made, and failure to object at that time will in no way prejudice a Party's right to object to the designation at a later time, unless prejudice can be shown by the Designating Party to have resulted from the delay in challenging the designation.

19. Nothing in this Agreement shall prohibit a Party from seeking modification of any of the terms of the Agreement, either by stipulation or by application to the Court, including but not limited to a modification to allow communications between counsel and their clients related to matters at issue in this lawsuit.

20. Nothing in this Agreement shall be construed to preclude either Party from asserting in good faith that certain Materials require additional protection. The Parties shall meet and confer to agree upon the terms of the additional protection.

21. This Agreement is entered into without prejudice to the right of any Party to waive the applicability of this Agreement to any Materials designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by that Party.

22. This Agreement shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of the Designating Party, or may move the Court, for relief from the provisions of this Agreement.

23. Within ninety (90) days of service of judgment in the Action, or resolution of all proceedings and appellate proceedings arising from the Action, whichever is later, all Parties to whom Confidential Materials have been produced shall, upon written request, return those Materials to the Party that produced the Materials or, upon written request, certify that such materials have been destroyed. This paragraph shall not preclude counsel from maintaining a file copy of any pleading or hearing transcript that contains or attaches Confidential Materials.

24. This Agreement shall be effective as of the date counsel for all Parties have signed this Agreement.

25. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Agreement by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding and through the use of the procedures and designations provided herein.

26. The Parties are aware of their obligation to produce ESI in native format, with metadata included, if production in such format is requested.

27. The Parties have agreed that it is feasible to produce ESI, including the fields shown in Exhibit B appended hereto.

28. The Parties have agreed to produce ESI in the format described in Exhibit C attached.

29. Confidentiality designations, as described above, can and may be applied to ESI.

30. If one or more of the Parties see a need to propose specific search terms for a particular number of custodians, they will confer and draft an appropriate protocol for the exchange of such discovery.

| PLAINTIFFS, | DEFENDANTS, |
|---|---|
| **SONICSOLUTIONS ALGAE CONTROL, LLC, SONIC SOLUTIONS, LLC, and ALGAECONTROL.US LLC** | **DIVERSIFIED POWER INTERNATIONAL, LLC and ANTONIO TRIGIANI** |
| . | |
| By Their Attorneys, | By Their Attorneys, |
| */s/ James C. Duda* | */s/ Mark S. Dessauer* |
| James C. Duda, Esq. (BBO # 551207) | Mark S. Dessauer, Esq. |
| Lauren C. Ostberg, Esq. (BBO # 696883) | TN BPR NO.: 010421 |
| Bulkley, Richardson and Gelinas, LLP | Hunter, Smith & Davis, LLP |
| 1500 Main Street, Suite 2700 | 1212 North Eastman Road |
| Springfield, MA 01115-5507 | Post Office Box 3740 |
| Tel. (413) 272-6286 | Kingsport, Tennessee 37664-0740 |
| jduda@bulkley.com | dessauer@hsdlaw.com |
| lostberg@bulkley.com | (423) 378-8840; Fax: (423) 378-8801 |
| | Admitted Pro Hac Vice |
| Date of Signature: December 9, 2021 | Karen Sutherland, Esq. |
| | Mass. Bar No. 684923 |
| | THE SUTHERLAND LAW FIRM, LLC |
| | 123 Main Street, Suite B |
| | Belfast, Maine 04915 |
| | (207) 218-1524/ (207) 218-1624 |
| | ksutherland@thesutherlandlawfirm.com |
| | Date of Signature:  December 9, 2021 |

# EXHIBIT A

## CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

*SonicSolutions Algae Control, LLC, et al v. Diversified Power International, LLC, et al.*
**U.S. District Court for the District of Massachusetts, 3:21-cv-30068-MGM**

    a.    I hereby acknowledge that I, _____[NAME], _____[POSITION AND EMPLOYER], am about to receive confidential information supplied in connection with the above listed court action. I certify that I understand that this confidential information is provided to me subject to the terms and restrictions of the Stipulated Confidentiality Agreement and Agreement Concerning ESI filed in this Action, a copy of which is attached hereto (the "Confidentiality Agreement"). I have read the Confidentiality Agreement, and I agree to be bound by its terms. I understand that Confidential Materials and Highly Confidential—Attorneys' Eyes Only materials, as defined in the Confidentiality Agreement, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Confidentiality Agreement.

    b.    I also understand that *prior to receiving or reviewing* any Confidential Materials and Highly Confidential—Attorneys' Eyes Only Materials, a copy of this Certification, must be presented to all parties in this action and that I will not review or receive any such Materials for at least ten (10) business days, thereby giving any party an opportunity to object to such disclosure. I agree that, if any party shall object, I will not review or receive any such Materials until such objection is resolved in writing by all parties or else resolved by the Court in this matter.

DATED: _____        _____

**EXHIBIT B**

| Field | Description of Content |
|---|---|
| Bates Start | Beginning bates number assigned to each document. |
| Bates Stop | Ending bates number assigned to each document. |
| Bates Attach Start | Beginning bates number assigned to the parent document of each family. |
| Bates Attach Stop | Ending bates number assigned to the last attachment of each family. |
| Custodian | Identifies the owner or source of the document(s) as described by in the data or instructions provided.  Format as "Last Name, First Name". |
| All Custodians | Identifies the owners or sources of the document(s) before Global de-duplication.  Format as "Last Name, First Name". |
| Email To | Email recipient. |
| Email From | Email sender. |
| Email CC | Email CC information. |
| Email BCC | Email BCC information. |
| Email Date Sent | The date the email message was sent.<br>MM/DD/YYYY Format.<br>All dates must be a valid date (no "00" values for month, day or year). |
| Email Time Sent | Time portion of the Email Date Sent field.<br>HH:MM:SS 24-hour format. |
| Email Subject | Displays the subject of an email message. |
| File Author | File author/creator of document. |
| File Date Created | The system recorded date the file was created. This field will be blank for email messages.<br>MM/DD/YYYY Format.<br>All dates must be a valid date (no "00" values for month, day or year). |
| File Time Created | Time portion of the Date Created field.<br>HH:MM:SS Format. |
| File Date Last Modified | The system recorded date the file was last modified. This field will be blank for email messages.<br>MM/DD/YYYY Format.<br>All dates must be a valid date (no "00" values for month, day or year). |
| File Time Last Modified | Time portion of the Date Modified field.<br>HH:MM:SS Format. |
| File Extension | The file extension of an electronic file. |
| File Name | Displays the filename of the electronic document. |
| Time Zone - Processed | The time zone the data was processed in: GMT, EST, etc. |

**EXHIBIT C**

ESI shall be produced as follows:

### 1. Platform
Documents shall be produced in Concordance/Relativity format per the sections below.

### 2. Document Identifier
Each document shall have a unique and sequential document number to assist in the organization of documents (e.g. ABC000001, ABC000002, etc.).

### 3. Images
- Should the production format require images, images shall be provided in their native palette, (color stays color; black and white stays black and white) for all e-mails, e-mail attachments and loose files in the production.
- The name of the single page image files shall reflect its corresponding Bates number (e.g. ABC000001.tif, ABC000002.jpg, etc.)
- <u>Image Formats</u>
  Black/White - Single-page Group IV TIFF images
  Color - Single page JPG images
- Exceptions to imaging can be found in section 6.

### 4. Endorsements
Each page shall include branded sequential document production (Bates) numbers, confidentiality designations and redactions (if they exist).

### 5. Deduplication
At a producing party's election, e-mail, e-mail attachments and loose files may be de-duplicated across custodians to eliminate duplicative content.

### 6. E-mail Attachments
All attachments associated with an e-mail shall be produced. When processing e-mail with attachments, relationships between e-mails and their attachments must be maintained.

### 7. Extracted Text/OCR Files
- Each file shall have a corresponding native extracted text file or OCR text file at the <u>document</u> level for those file types that do not natively have text.
- Exclusions would be files for which the OCR process is not able to extract any text.
- The name of the document level text files shall reflect its corresponding Bates number (e.g. ABC000001.txt, ABC000002.txt, etc.)

### 8. Metadata
- Parties will exchange the metadata fields identified to be produced in Exhibit B above
- One comma-separated file is requested for both the production-related fields and corresponding metadata

### 9.  Structured Data Systems

For ESI created within structured data systems (such as accounting or proprietary systems) each party will identify the relevant systems and the related content which exists in those systems. The parties can then agree on appropriate production formats for those data sources.

### 10.  Embedded Files

Embedded e-mails and files are to be fully extracted, and the appropriate parent-child relationship must be maintained. Examples of embedded files include the following:
- ZIP files and other compressed file formats;
- Embedded PDF file formats;
- Embedded e-mails that exist as an attachment to an e-mail.

### 11.  File Exchange

• ESI may be provided on CD/DVD, File Transfer Protocol site, portable hard or flash drive or other reasonably accessible media format.

• Data files shall not be zipped (unless forced by FTP transfer), encrypted, proprietarily protected or otherwise restricted for specific use.

3538831