**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SONICSOLUTIONS ALGAE CONTROL, LLC,** | * | |
| **SONIC SOLUTIONS, LLC, and** | * | |
| **ALGAECONTROL.US LLC,** | * | |
| | * | |
| **Plaintiffs/Counter-Defendants** | * | |
| | * | |
| **VS.** | * | **Civil Action No.** |
| | * | **3:21-cv-30068-KAR** |
| | * | |
| **DIVERSIFIED POWER INTERNATIONAL, LLC,** | * | |
| **and ANTONIO TRIGIANI,** | * | |
| | * | |
| **Defendants/Counter-Plaintiff** | * | |

# RESPONSE IN OPPOSITION TO MOTION TO AMEND

Defendants, Diversified Power International, LLC ("DPI") and Antonio Trigiani ("Trigiani") (DPI and Trigiani sometimes collectively hereinafter the "Defendants"), submit the following response in opposition to the motion of Plaintiffs Sonic Solutions Algae Control, LLC ("SSAC"), SonicSolutions, LLC ("Sonic Solutions") and Algaecontrol.US LLC ("ACUS") to amend complaint [Doc. 85].  For the reasons set forth herein, Defendants contend that the motion should be denied and that the plaintiffs proposed amended complaint be disallowed.

In support of this response, Defendants rely upon and/or file herewith:

1.     Excerpts from transcripts of preliminary injunction hearing held on August 31, 2021 [Doc. 67, P. 127], and

2.      Request to Take Judicial Notice (filed herewith).

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 15(a)(1), a plaintiff may amend her complaint once as a matter of right.  Otherwise, proposed amendments require the defendant's consent or the court's leave.  See Fed. R. Civ. P. 15(a)(2).  Courts must freely grant leave to amend unless the amendment "would be futile, or reward, inter alia, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).  An amendment is futile if at the present state of the litigation fails to state a claim upon which relief can be granted. See Parker v. Landry, 935 F.3d 9, 13 (1st Cir. 2019).

If a plaintiff seeks to amend her complaint prior to the completion of discovery, futility is viewed through the lens of Fed. R. Civ. P. 12(b)(6).  See Privitera v. Curran (In re Curran), 855 F.3d 19, 28 (1st Cir. 2017).  So viewed, a proposed amendment is futile if it fails to "state a claim that is plausible on its face."  Parker v. Landry, 935 F.3d at 13 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  Although there is no need to spell out endless details, the complain must do more than merely parrot the contours of a cause of action.  Twombly, 550 U.S. at 555. Plausibility is not equivalent to probability but it nevertheless demands a showing that is "more than a sheer possibility."  Id., at 678.

The First Circuit has adopted a two-step pavane in assessing plausibility.  García-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, facts are separated from conclusory allegations.  Iqbal, 556 U.S. at 679.  The trial court is to determine

2

whether the factual allegations that remain give rise to a plausible claim for relief. Id.; Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). This second step entails a decision as to whether the claim as stated admits of a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The allegations cannot be 'too meager, vague or conclusory to remove the possibility of relief from the realm of mere conjecture.'" Parker v. Landry, 935 F.3d at 14 (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)(en banc)).

## GROUNDS FOR DENIAL OF MOTION

Plaintiffs' motion to amend and proposed amended complaint seeks (1) to add claims for alleged violations of the South Carolina Unfair Trade Practices Act. S.C. Code Ann. § 39-5-10, et seq.; (2) to add as a defendant Hydro BioScience, LLC; and (3) to invalidate DPI's registered trademarks, HYDRO BIOSCIENCE and QUATRO-DB. [Doc. 85]. Each of such claims will be addressed in turn.

**1.** **Plaintiffs' allegations under South Carolina's Unfair Trade Practices Act are futile as they fail to state a claim upon which relief can be granted. Accordingly, Plaintiffs' amended complaint to the extent that it asserts claims under the South Carolina Unfair Trade Practices Act should be denied and/or disallowed.**

ACUS is a South Carolina limited liability company. [See Doc. 1, p. 2]. George Hutchinson is the managing member of ACUS. [Doc. 18]. Mr. Hutchinson is ACUS' sole member. [Id.]. Mr. Hutchinson resides in South Carolina. [Id.]. The other Plaintiffs have no association or affiliation with the State of South Carolina.

The allegations which support Plaintiffs' claims under *South Carolina Unfair Trade Practices Act*, S.C. Code Ann. § 39-5-10, et seq. are found at paragraphs 18-27 of the proposed amended complaint and which state as follows:

18. In or about 2014, Defendant Trigiani met with George Hutchinson, an engineer with expertise in ultrasound technology who was, at the time, a dealer/distributor for Sonic Solutions.

19. Defendant Trigiani was interested in developing an ultrasonic algae control device that DPI could manufacture.

20. Defendant Trigiani asked Mr. Hutchinson for help developing such devices, in exchange for Mr. Hutchinson becoming the dealer for such devices.

21. Mr. Hutchinson agreed, and, beginning at least as early as January 2015, he devoted hundreds of hours of time to develop a quality device.

22. Among the many things that Mr. Hutchinson contributed to the design of the new device was the device's casing structure and transducer design.

23. Mr. Hutchinson recognized that the then-available ultrasonic algae control devices had significant gaps in the frequencies they could generate, and developed a broader range of frequencies that the device could apply to be effective in the wide range of ecosystems in which the device would be employed.

24. The frequencies Mr. Hutchinson developed would be incorporated into the new devices that DPI manufactured.

25. DPI did not pay anything to Mr. Hutchinson for his work on designing the new device. Instead, Mr. Trigiani agreed that Mr. Hutchinson and his company would be the marketing arm for the new device.

26. Mr. Hutchinson quickly developed marketing opportunities for the new devices, including the device now called the Quattro.

27. As early as May 2016, Mr. Hutchinson, through his company, ACUS, began marketing and selling the new DPI-manufactured ultrasonic algae management devices.

Based on these allegations, the person that was allegedly harmed based on an alleged violation of the *South Carolina Unfair Trade Practices Act* was George Hutchinson, ACUS sole member.  There are no allegations in the proposed amended complaint that ACUS, SSAC or Sonic Solutions were harmed or damaged by Defendants alleged interaction with Mr. Hutchinson regarding the algae management devices manufactured by DPI.  Also, ACUS, SSAC and Sonic Solutions are separate legal entities.  [See Doc. 67, p. 127].

a.     **George Hutchinson is not a party to this action and ACUS is without standing to pursue a claim on behalf of Mr. Hutchinson.**

Mr. Hutchinson is not a party to this case.  Without being a party, he has no right to seek any form of relief.  Mr. Hutchinson has not filed a pleading or other document that states a claim for relief.  See Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 8(a).  ACUS is a South Carolina limited liability company.  Limited liability companies ("LLC") have the ability to sue in their own names, but members of the LLC in their individual capacities, (as distinguished from derivative capacities) are not proper parties to suits by LLCs and do not have standing to sue individually to assert claims belonging to the LLC.  See Turner v. Andrew, 413 S.W. 3d 272 (Ky. 2013) (the sole member of an LLC is not a real party in interest to sue for LLC profits); U.S. v. ADT See. Services, Inc., 522 Fed. Appx. 480 (11th Cir. 2013) (claimant does not have standing to assert ownership of properties owned by

LLCs in which claimant is a member); Painter's Mill Grille, LLC v. Brown, 716 F.3d 342 (4th Cir. 2013).

Conversely, an LLC lacks standing to sue to recover on member's claims. See Association of Merger Dealer, LLC v. Tosco Corp., 167 F.Supp.2d 65, 74 (D.C. D.C. 2001).  Thus, ACUS, in this case, lacks standing to assert claims on behalf of its member, Mr. Hutchinson.  As a result, ACUS' purported claim under the *South Carolina Trade Practices Act* is futile and should be dismissed[1].

> **b.** **Alternatively, Plaintiffs' amended complaint fails to state a claim for a violation of the South Carolina Unfair Trade Practices Act.**

To state a claim under the *South Carolina Unfair Trade Practices Act* ("SCUTPA"), a plaintiff must sufficiently alleged "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc., 966 F. Supp. 2d 604, 621 (D.S.C. 2013).  Therefore, conduct which only affects that parties to the transaction provides no

---

[1]  In a diversity case, federal courts apply federal procedural law and state substantive law.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  On the issue of the applicable state substantive law with respect to ACUS its standing to pursue claims for Mr. Hutchinson, most states apply the law of the state where the corporation is incorporated when a claim addresses matters of corporate governance or internal affairs of the corporation.  See Labovitz v. The Washington Times Corp., 900 F. Supp. 500, 503 (1995).  Thus, South Carolina law should govern as to whether ACUS has standing to sue on behalf of Mr. Hutchinson.  But whether South Carolina law or Massachusetts law apply on the issue of ACUS' standing to assert claims on behalf of Mr. Hutchinson, the result is the same as neither South Carolina law nor Massachusetts law recognize associational or representational standing in this context.  See Slama v. Attorney General, 384 Mass. 620, 624 (1981) (In order to have representational standing, litigants must allege facts showing that it is difficult or impossible for the actual right holder to assert their claim); Kenny v. Wilson, 2020 WL 1515527, at *4 (D.S.C. March 30, 2020) (representational standing requires a showing that the members of the association or entity has standing to sue in their own right).

basis for a SCUTPA claim.  Bessinger v. Food Lion, Inc., 966 F.Supp.2d 604, 621 (D.S.C. 2013); Key Co. v. Fameco Distribs. Inc., 292 S.C. 524, 357 S.E.2d 476 (S.C. Ct. App. 1987).  This adverse effect on the public interest must be proven by specific facts. Jefferson v. Philips, 316 S.C. 523, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994).

Defendants contend that the gravamen of ACUS or the Plaintiffs' claim under the SCUTPA is a breach of contract claim.  Plaintiffs allege in the proposed amended complaint that Defendants contacted Mr. Hutchinson to develop an ultrasonic algae control device for DPI to manufacture in exchange for Mr. Hutchinson or his company marketing the device.  Plaintiffs allege that Defendants failed to pay Mr. Hutchinson and thereafter denied Mr. Hutchinson and his company access to the technology that Plaintiffs now claim Mr. Hutchinson developed.  This is nothing more than a breach of contract claim.  See Water at Magnolia Bay, LP v. Vaughn & Melton Consulting, 2021 WL 5770351, at *2 (D.S.C. Dec. 6, 2021) (the gravamen of the counterclaim under SCUTPA was that Vaughn and Melton failed to perform under its contract).  See also In re Hughes, 627 B.R. 327, 338 (Bankr. D. S.C.) (a mistake or bad business decision does not constitute an unfair trade practice).

With respect to the element of a claim under SCUTPA that the unlawful trade practice had an adverse impact on the public interest, the only allegation contained in the proposed amended complaint that addresses that element is found at paragraph 186.  This paragraph states that "[t]he unlawful trade practice had an adverse impact on the public interest."  This is an unreasonable conclusion which the Court need not accept as true for purposes of scrutinizing the amended complaint under Rule 12(b)(6).  Iqbal,

556 U.S. at 679; <u>Water at Magnolia Bay</u>; 2021 WL 5770351, at *1 (the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments") (quoting <u>E. Shore Mkts., Inc. v. J.D. Assos. Ltd.</u>, 213 F.3d 175, 180 (4th Cir. 2000)). Conclusions do not meet the plausibility standard for a pleading to survive Rule 12(b)(6) scrutiny.   In addition, Plaintiffs fail to allege the Defendants' alleged deceptive acts have the potential for repetition, a prerequisite to establishing an adverse public interest to state a SCUTPA claim.  <u>American Tile</u>, 966 F.Supp.2d at 621.

Inasmuch as Plaintiffs or ACUS' SCUTPA claim is merely a claim for breach of contract and given that Plaintiffs have failed to allege in a non-conclusory fashion the means by which Defendants allege unlawful trade practices had an adverse impact on the public interest, Plaintiffs claims for violation of the SCUTPA are futile as they fail to state a claim upon which relief can be granted.

**2.**      <u>**Plaintiffs attempted joinder of Hydro BioScience, LLC as a party defendant under Rule 15(a) is improper.  Alternatively, Plaintiffs claims against Hydro BioScience, LLC fail to state a claim upon which relief can be granted as Hydro BioScience, LLC was formed after Defendants ceased doing business with Plaintiffs and Hydro BioScience, LLC is not the legal successor to DPI.**</u>

Plaintiffs seek to join Hydro BioScience, LLC as a party pursuant to <u>Fed. R. Civ. P.</u> 15(a).  However, where a proposed amendment seeks to join a party, the request is governed by <u>Fed. R. Civ. P</u>. 21 which provides that the court may at any time, on just terms, add or drop a party.  <u>Kris v. Dusseault Family Revocable Trust</u>, 2021 WL 1162931, at *3 (D.N.H. Feb. 19, 2021).  The same standard of liberality applies under both Rule

15(a) and Rule 21.  Id. (citing Gigunda Grp., Inc. v. Creative Collective Grp., 2015 WL 6872281, at *1 (D.N.H, Nov. 9, 2015).

In addressing and denying Plaintiffs' motion for preliminary injunctions, this Court directly addressed the legal validity of Plaintiffs' claims of tortious interference; Plaintiffs' claims under Massachusetts Gen. Laws Ch. 93A; Plaintiffs' breach of implied in fact contract claim; Plaintiffs' claims for breach of May 2012 Agreement; and Plaintiffs' claims for defamation. [Doc. 64].

### a.       Plaintiffs' Claims of Tortious Interference.

With respect to the tortious interference claims, the Court stated as follows:

#### A.    Tortious Interference

. . . To establish intentional interference with contractual or business relations, the plaintiffs must show (1) the existence of a contract or business relationship which contemplated economic benefit; (2) the defendants' knowledge of the contract or business relationship; (3) the defendants' intentional interference with the contract or business relationship for an improper purpose or by improper means; and (4) damages. . . [citation omitted]. . .

[Doc. 64, p. 5].

The plaintiffs' amended complaint states that Hydro BioScience, LLC was formed on or around August 17, 2021.  [Doc. 86-1, ¶ 6].  The amended complaint further alleges that DPI on April 26, 2021 rejected SSAC's pending purchase orders.  [Doc. 86-1, ¶'s 87-88].  These allegations reflect that such decisions were made some three months before Hydro BioScience, LLC was even formed as a separate legal entity from DPI.  There are no allegations in Plaintiffs' amended complaint that Hydro BioScience, LLC and Plaintiffs

were parties to a contract or a business relationship which contemplated economic benefit for Plaintiffs.  Such a relationship is not plausible as Hydro BioScience, LLC was formed after the conduct of the Defendants that gives rise to the Plaintiffs' tortious interference claims.  There is no plausible basis that Plaintiffs could have been damaged by Hydro BioScience, LLC, an entity formed after the alleged damage occurred.  A party cannot be damaged by an entity that did not legally exist at the time the alleged harm occurred.  For these reasons, Plaintiffs' claims for tortious interference against Hydro BioScience, LLC are futile as they fail to state a claim upon which relief can be granted.

**b.      Plaintiffs' claims under Massachusetts Gen. Law Ch. 93A.**

With respect to Massachusetts Gen. Laws Ch. 93A, this Court stated:

> . . . Plaintiffs do not specify, in either of their two memoranda supporting their Motions for Preliminary Injunctions or in their Verified Complaint, the basis for their Chapter 93A claim. . .

[Doc. 64, p. 7].    Similarly, Plaintiffs fail to specify in their proposed amended complaint, the factual basis for their Chapter 93A claims against Hydro BioScience, LLC.  Further, Massachusetts Ge, Law 93A mandates that the unfair or deceptive act or practice occur "primarily or substantially in Massachusetts."  Newly Wed Foods, Inc. v. Superior Nut Co., Inc., 26 Mass. L. Rptr., at *3 (Mass. Sup. Ct. Feb. 18, 2010).  Plaintiffs proposed amended complaint makes no reference to any alleged deceptive acts or practices that were committed by Hydro BioScience, LLC in Massachusetts.  Therefore, Plaintiffs' claims against Hydro BioScience, LLC for the alleged violation of Massachusetts Gen. Laws Ch. 93A are futile and should be dismissed.

c.      **Plaintiffs' Claims for Breach of Implied-In-Fact Contract.**

With respect to the breach of implied in fact contract claim, this Court stated:

> Plaintiffs' fifth claim is for breach of an implied-in-fact contract between SSAC and DPI by which 'SSAC committed to distribute, market, and provide customer service for the HBS products exclusively in exchange for DPI's promise to sell the product primarily to SSAC.'. . . Massachusetts law recognizes the existence of an implied contract, in the absence of a written or express contract, based on the parties' conduct and relations.

[Doc. 64, p. 7]. (citation omitted)].

The Plaintiffs' amended complaint makes no allegations that SSAC or the Plaintiffs had any contractual relationship with Hydro BioScience, LLC, express or implied.  Again, it is not plausible that SSAC or Plaintiffs could have been damaged by the breach of an alleged implied in fact contract by an entity that was not only not a party to the alleged contract (express or implied) but did not exist when the alleged breach occurred.   Thus, SSAC or Plaintiffs' implied in fact contract claim against Hydro BioScience, LLC is futile.

d.      **Breach of May 2012 Agreement.**

On this claim, this Court stated:

> Plaintiffs' sixth claim is for breach of the 2012 Agreement's non-competition clause. The agreement is between Sonic Solutions, LLC and DPI, and the basis for DPI's alleged breach is DPI's use of client information obtained from SSAC to sell HBS products directly to former SSAC customers in the spring of 2021. . . [Mr. Taylor] testified that SSAC was not the

> legal successor to Sonic, and that even though the 2012 Agreement had a 'non-assignment' clause, Mr. Taylor could still 'transfer' it to SSAC because he was 'responsible' for it. . . This logic is not convincing, and the court notes that Plaintiffs face a further hurdle in proving that the 2012 Agreement remained operative when Defendants allegedly breached its terms in spring of 2021. . .

[Doc. 64, p. 9].

Plaintiffs do not allege that Hydro BioScience, LLC is a party to the May 2012 agreement.  No claims can be asserted for breach of contract against an entity that is not a party to the alleged contract.  See Singarella v. Boston, 342 Mass. 380, 387 (1961) (a breach of contract claim in Massachusetts requires, inter alia, an agreement between the plaintiff and defendant supported by adequate consideration). The May 2012 agreement states that "[t]his agreement contains the entire understanding of the parties related to the subject matter hereof and may not be assigned."  Even assuming that Hydro BioScience, LLC is the legal successor to DPI which it is not, Sonic Solutions, LLC has no legal basis to assert claims against Hydro BioScience, LLC under the May 2012 agreement because the agreement cannot be assigned.  Plaintiffs' breach of contract claims against Hydro BioScience, LLC are futile.

### e.   Defamation.

On the claim for defamation, this Court stated:

> Plaintiffs' eighth claim, for defamation, requires proof that (1) Defendants published a libelous statement (2) concerning Plaintiffs (3) that defamed Plaintiffs, (4) was false, and (5) caused Plaintiffs to suffer economic loss. . . On April 26, 2021, Defendants sent a notice and emails to SSAC's customers stating that 'the sales,

> distribution and ownership of DPI's Hydro Bioscience product line may have been misrepresented in the relevant marketplace . . . [as], nor has it ever had an exclusivity agreement of any form, or sales or distribution agreement with any party or vendor, outside of Norway, Iceland, Scotland and the Faeroe Islands'. . .

[Doc. 64, p. 9-10] (citation omitted).

Plaintiffs do not allege that Hydro BioScience, LLC published a libelous statement or communicated anything to any third party. Further, the alleged libelous statement was published on April 26, 2021, prior to Hydro BioScience, LLC's existence as a legal entity. A non-existence entity cannot commit the tort of defamation. Accordingly, Plaintiffs' claims against Hydro BioScience, LLC are futile.

3.    **Hydro BioScience, LLC is not DPI's Legal Successor.**

Count VI for breach contract, Count VII for breach of DPI Noncompete and Count IX Cancellation/Invalidation of Trademark Registration Pursuant to 15 U.S.C. § 1119 of the proposed amended complaint are based on the allegation that Hydro BioScience, LLC is DPI's legal successor. [Doc. 86-1, p. 25-29].

Defendants have filed herewith a request to take judicial notice of the undisputed facts from the Office of the Tennessee Secretary of State that DPI and Hydro BioScience, LLC are separate legal entities and Hydro BioScience, LLC is not the legal successor to DPI. Based on these undisputed facts to which this Court may take judicial notice, Plaintiffs' claims in their amended complaint for breach of contract, breach of DPI non

13

compete and cancellation of DPI trademarks on the grounds that Hydro BioScience, LLC is the legal successor to DPI are futile.

**4.      Plaintiffs' allegations seeking to cancel DPI's trademarks HYDRO BIOSCIENCE and QUATRO-DB based on alleged fraud on the Patent and Trademark Office in DPI's procurement of such marks fails to state a claim upon which relief can be granted.**

DPI owns and holds the following registered trademarks: "Hydro BioScience", PTO Reg. No. 5,076,578 issued 11-08-2016, and "Quatro-DB", PTO Reg. No. 5,080,549, issued 11-15-2016 (collectively the "Trademarks") [See Doc. 61, p. 23].  In their amended complaint, Plaintiffs seek to cancel/invalidate the Trademarks pursuant to 15 U.S.C. § 119 based on alleged fraud on the Patent and Trademark Office ("PTO") in the procurement of the Trademarks.

The Trademarks are registered on the principal registry of the PTO and, thus, enjoy a statutory presumption of validity and further, are presumed to be used in commerce, non-functional and distinctive.  SoClean, Inc. v. Sunset Healthcare Solutions, Inc., ___ F.Supp. 3d___, 2021 WL 360513 at * 3-4 (D. Mass. Aug. 13, 2021) (citing 15 U.S.C. § 1115(a); J. Thomas McCarthy, McCarthy on Trademarks, § 32:136 (5th Ed. 2021)).  Given that the Trademarks are registered, the burden of proof shifts to Plaintiffs "who must introduce sufficient evidence to rebut the presumption of [DPI's] right to use the [Trademarks]." Id.; Keebler Co. v Rovia Biscuit Corp., 624 F.2d 366 (1st Cir. 1980); Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 117-118 (1st Cir. 2006) ("the effect of registration for a contestable mark is to shift the burden to the party challenging the mark to introduce sufficient evidence to rebut the presumption.")).

Plaintiffs in the proposed amended complaint allege that DPI engaged in fraud on the PTO in the procurement of the Trademarks.  A third party may petition to cancel a registered trademark on the ground that the registration was obtained fraudulently.  So Clean, 2021 WL 360513, at *4 (citing In re Bose Corp., 580 F.3d 1240, 243 (Fed. Cir. 2006)).  "In order to establish a claim of fraud in the procurement of a federal registration, [the] plaintiff must prove the following by clear and convincing evidence: (1) that defendant made a false representation to the PTO regarding a material fact; (2) that defendant knew that the representation was false; (3) that defendant intended to induce the PTO to act in reliance on the misrepresentation; and (4) the PTO was thereby deceived into registering the mark." Bay State Sav. Bank v. Baystate Fin. Servs., LLC, 484 F.Supp.2d 205, 220 (D. Mass. 2007)).  In making this showing, "there is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." In re Bose Corp., 580 F.3d at 1243)).

Plaintiffs' primary allegation of DPI's claimed fraud in the procurement of the Trademarks are found in paragraphs 29-42 of the proposed amended complaint.  [See Doc. 86-1, pp. 5-7].  Paragraph 32 states:

> On information and belief, Defendant Trigiani knew, or should have known, that he made at least two false statements in his declaration.

Paragraph 40 states:

> On information and belief, Defendant Trigiani and DPI knew, or should have known, that Defendant Trigiani's declaration in the applications to register the QUATTRO-DB and HYDRO BIOSCIENCE marks contained false representations of fact.

[Doc. 86-1, pp. 33-34].  The standard of "should have known" is per se insufficient to state a claim for fraud on the PTO as the applicant must possess the requisite intent to mislead. In re Bose Corp., 580 F.3d at 1243 (citation omitted).

Plaintiffs' allegations fall far short of stating a claim for fraud in the procurement of the Trademarks.  Plaintiffs must plead and prove by clear and convincing evidence that not only did Defendants make false representations, but that they knew such representations were false and that they intended to deceive the examiner by the false representations.  SoClean, 2021 WL 360513, at *4.  Indeed, "the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence."  In re Bose Corp., 580 F.3d at 1243.  Plaintiffs allege that Defendants "upon information and belief", "knew or should have known" that statements contained in DPI's trademark applications were false.  Such allegations fail to meet the plausibility standard to state a claim to cancel the Trademarks based on alleged fraud in their procurement.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion to amend is futile or Plaintiffs proposed amended complaint fails to state a claim upon which relief can be granted. Therefore, Plaintiffs' motion to amend should be denied in whole or in part.

**HUNTER, SMITH & DAVIS, LLP**

By:   */s/Mark S. Dessauer*
      Mark S. Dessauer, Esq.
      TN BPR NO.: 010421
      1212 North Eastman Road
      Post Office Box 3740
      Kingsport, Tennessee 37664-0740
      dessauer@hsdlaw.com
      (423) 378-8840; Fax: (423) 378-8801
      Admitted Pro Hac Vice

      Karen Sutherland, Esq.
      Mass. Bar No. 684923
      THE SUTHERLAND LAW FIRM, LLC
      123 Main Street, Suite B
      Belfast, Maine 04915
      (207) 218-1524/ (207) 218-1624
      ksutherland@thesutherlandlawfirm.com

      ***Attorneys for Defendants/Counter-Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 7, 2022 the foregoing **Response In Opposition To Motion To Amend** filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

      Bulkley, Richardson and Gelinas, LLP
      James C. Duda, Esq.
      Lauren C. Ostberg, Esq.
      jduda@bulkley.com
      lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

*/s/Mark S. Dessauer*
Mark S. Dessauer