UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, <br> SONIC SOLUTIONS, LLC, and <br> ALGAECONTROL.US LLC, <br>       Plaintiffs, <br><br> v. <br><br> DIVERSIFIED POWER INTERNATIONAL, LLC, <br> and ANTONIO TRIGIANI, <br>       Defendants. | ) ) ) ) )   **C.A. No.  3:21-cv-30068-MGM** ) ) ) ) ) |

**REPLY**

**TO DEFENDANTS' OPPOSITION**

**TO MOTION TO**

**AMEND COMPLAINT**

> BULKLEY, RICHARDSON AND GELINAS, LLP
> James C. Duda, Esq.
> Lauren C. Ostberg, Esq.
> Attorneys for the Plaintiffs SonicSolutions Algae Control, LLC, Sonic Solutions, LLC, and Algaecontrol.US LLC

1. **Plaintiffs allege that ACUS has been and is being harmed by Defendants' actions.**

One would reasonably infer from the allegations in the Amended Complaint that ACUS is not a natural person, that ACUS belongs to Mr. Hutchinson,[1] that ACUS could only act or be acted upon through Mr. Hutchinson, that Mr. Hutchinson, during the relevant time challenged by Defendants, was acting on behalf of ACUS or "his company," and that ACUS was damaged as a result of Defendants' unfair trade practices.  See Amended Complaint,[2] ¶¶ 25, 27, 55, 64; see also Garcia-Catalan v. United States, 734 F.3d 100, 102 (1st Cir. 2013) (citations omitted).  The allegations include that Mr. Trigiani agreed that ACUS would be the marketing arm for the new HBS device, id. ¶25; that ACUS thereafter marketed the device, id.¶¶ 27, 55, 64; that ACUS with Sonic Solutions created SSAC in substantial reliance upon Defendants' representations, id. ¶¶ 46, 47; that ACUS transitioned its business to ACUS' new company, SSAC, id. ¶ 48; that its new company marketed Defendants' products to clients that, in part, ACUS had built over many years, id. ¶56; and that ACUS's new company had its clients surreptitiously taken and its supply of products terminated without notice causing it and its owners damage, id. ¶¶70-90,141. Plaintiffs have sufficiently asserted allegations that support the reasonable inference that ACUS has a claim under South Carolina's Unfair Trade Practices Act, s. 39-5-10 to -560 ("UTPA").

2. **Defendants' alleged unfair actions continue to impact the public interest.**

An unfair or deceptive act or practice is actionable under UPTA if it has an impact upon the public interest, which may be shown if the acts or practices have the potential for repetition. Wright v. Craft, 640 S.E.2d 486, 501 (S.C. Ct. App. 2006). "[E]ach case must be evaluated on its own merits to determine what a plaintiff must show to satisfy the potential for

---

[1] ACUS is a limited liability company that George Hutchinson created as its sole organizer. See Dkt. 18.
[2] Hereinafter, all citations to paragraph (¶) numbers are to the numbered paragraphs of Plaintiffs' proposed Amended Complaint.

repetition/public impact prong of the UTPA." *Id.* at 502. Defendants' alleged unfair practices not only have the "potential" for repetition; they are being repeated and continue to this date. *See* ¶¶ 151, 158. Furthermore, Defendants' actions do not affect just Plaintiffs, but are continuing to disrupt commerce throughout an entire industry: causing third parties to return purchased product, ¶80, cancel orders, ¶¶89-91, and not timely receive ordered product, ¶¶130-131, 142-146; experience disrupted warranty service, ¶¶94-97; and suffer confusion caused by misinformation as to authorized sources of product, ¶¶108-128.

3. **Defendants present no substantive rebuttal to Plaintiffs' argument that HBS is the legal successor to the obligations and liabilities of DPI's HBS Division.**

The registration status of DPI and HBS is irrelevant to disproving that HBS has assumed successor liability due to "the continuity … of the ownership, … management, personnel, assets, and operations of the two entities." *See Smith v. Kelley,* 484 Mass. 111, 121 (2020).

4. **Plaintiffs adequately allege fraud on the USPTO in connection with Defendants' application to register the trademarks at issue in this matter.**

In a recent precedential opinion, the Trademark Trial and Appeal Board (TTAB) explained that, under the *In re Bose Corp.*, 580 F.3d 1240, 1244 (Fed. Cir. 2009) standard,[3] it is the "intent to deceive" that is "an indispensable element of the analysis in a fraud case." *See Chutter, Inc. v. Great Management Group, LLC*, 2021 U.S.P.Q.2d 1001 (T.T.A.B. Sept. 30, 2021) *See id.* at 12-13 [opinion pagination]. Plaintiffs have alleged that "indispensable element." See ¶41 (Defendant's "false statements concerning the date of first use and goods included in the specimens were intended to deceive the USPTO to secure approval of its applications.")[4]

---

[3] Also available at https://ttabvue.uspto.gov/ttabvue/v?pno=91223018&pty=OPP&eno=61.
[4] Plaintiffs are willing to strike the inadvertent "or should have known phrase" from its allegations, but believe it is immaterial because they have otherwise satisfied the applicable pleading standard by expressly alleging material false statements with the intent to deceive the USPTO to secure Defendants' trademark registrations.

Respectfully submitted,

PLAINTIFFS,
**SONICSOLUTIONS ALGAE CONTROL, LLC.,
SONIC SOLUTIONS, LLC, and
ALGAECONTROL.US LLC**
.

By Their Attorneys,

/s/ *James C. Duda*
James C. Duda, Esq. (BBO # 551207)
Lauren C. Ostberg, Esq. (BBO # 696883)
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel. (413) 272-6286
jduda@bulkley.com
lostberg@bulkley.com

Dated: February 17, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system on February 16, 2022, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

/s/ *Lauren C. Ostberg*
Lauren C. Ostberg

3589055

3