**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SONICSOLUTIONS ALGAE CONTROL, LLC,** \*<br>**SONIC SOLUTIONS, LLC, and** \*<br>**ALGAECONTROL.US LLC,** \*<br>   \*<br>   **Plaintiffs/Counter-Defendants** \*<br>   \*<br>**VS.** \*<br>   \*<br>   \*<br>**DIVERSIFIED POWER INTERNATIONAL, LLC,** \*<br>**and ANTONIO TRIGIANI,** \*<br>   \*<br>   **Defendants/Counter-Plaintiff** \* | **Civil Action No.**<br>**3:21-cv-30068-KAR** |

# MOTION TO MODIFY SCHEDULING ORDER

Defendants and Counter-Plaintiffs, Diversified Power International, LLC ("DPI") and Antonio Trigiani ("Trigiani") (DPI and Trigiani sometimes collectively hereinafter the "Defendants"), pursuant to Fed. R. Civ. P. 16(b)(4), moves to modify the Scheduling Order previously entered in this case [Doc. 76] as follows:

1. To extend the time period for fact discovery from May 6, 2022 until May 31, 2022, and

2. To extend the time period for depositions of non-expert witnesses from May 6, 2022 until May 31, 2022.

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause"

standard requires "showing that the deadline cannot be reasonably met despite the diligence of the party seeking the extension." O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004) (internal citations omitted). What constitutes good cause sufficient to justify the modifications of a scheduling order varies with the circumstances of each case. See Federal Practice and Procedure (Wright & Miller) § 1522.2 (2021); See also MAZ Partners LP v. Shear, 208 F.Supp.3d 384 (D. Mass. 2016).

To date, the parties have engaged in substantial written discovery and documents continue to be produced. Defendants submit that they have worked diligently to produce the documents requested by Plaintiffs. To date, Defendants have produced over 6,000 pages of documents and are working to produce this week some 3,500 additional pages of documents. This case also presents certain logistical challenges for the depositions of fact witnesses as certain witnesses are located in Massachusetts and others are located in Tennessee. There is also a related action in Tennessee and Defendants will seek to depose certain witnesses in that case for this case. These witnesses are located in Tennessee and other locations. The parties have tentatively scheduled depositions in this case for the week of April 18, 2022 in Tennessee and the week of May 2, 2022 in Massachusetts. However, despite these efforts by the parties, Defendants submit that due to the number of witnesses to be deposed, the locations of the witnesses and the logistics of scheduling their depositions, the deadline of May 6, 2022 for the completion of fact discovery and the taking of non-expert depositions cannot be reasonably met. Defendants further submit that they have acted diligently in pursuing these depositions but do not believe that all the depositions can be scheduled and taken prior to May 6, 2022.

Defendants contend that the Plaintiffs will not be prejudiced by this short extension for fact discovery and depositions as there remains plenty of time to meet the other deadlines imposed by the Scheduling Order.  Further, this case has yet to be set for trial.  In addition, Plaintiffs have filed a motion to amend complaint [Doc. 85] that is currently before the Court for consideration.  The proposed amended complaint seeks to add as a defendant Hydro BioScience, LLC; to seek invalidation of two trademarks owned by DPI, HYDRO BIOSCIENCE and QUARTRO-DB; and add a claim under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. 39-5-10, et seq. [Doc. 85].  If this motion is granted in whole or in part, it will likely necessitate the modification of the Scheduling Order to, among other things, extend the time period for discovery related to the additional parties, claims and causes of action.  Given that Plaintiffs have attempted to expand their claims after their initial complaint was filed, Defendants contend that they will not be prejudiced by the short extension of the deadlines set forth in the Scheduling Order as set forth by this Motion.

**WHEREFORE**, Defendants request this motion be granted and the Court modify the Scheduling Order in this case such that (a) the time period for fact discovery is extended from May 6, 2022 until May 31, 2022, and (b) the time period for depositions for non-expert witnesses be extended from May 6, 2022 until May 31, 2022.

HUNTER, SMITH & DAVIS, LLP

By: */s/ Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO.: 010421
1212 North Eastman Road
Post Office Box 3740
Kingsport, Tennessee 37664-0740
dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Admitted Pro Hac Vice

Karen Sutherland, Esq.
Mass. Bar No. 684923
THE SUTHERLAND LAW FIRM, LLC
123 Main Street, Suite B
Belfast, Maine 04915
(207) 218-1524/ (207) 218-1624
ksutherland@thesutherlandlawfirm.com

*Attorneys for Defendants/Counter-Plaintiffs*

### L.R. 7.1 Certification

Pursuant to Local Rule 7.1(A)(2), Defendants' counsel hereby certifies that he has conferred and attempted to confer in good faith to confer with Plaintiffs' counsel on two separate occasions regarding these requested extensions to the Scheduling Order by agreement. Despite these efforts, Plaintiffs' counsel will not take a definitive position on these requests.

By: */s/ Mark S. Dessauer*
Mark S. Dessauer, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2022 the foregoing **Motion to Modify Scheduling Order** filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

>Bulkley, Richardson and Gelinas, LLP
>James C. Duda, Esq.
>Lauren C. Ostberg, Esq.
>jduda@bulkley.com
>lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

___*/s/Mark S. Dessauer*
Mark S. Dessauer