**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SONICSOLUTIONS ALGAE CONTROL, LLC,** \*  <br>**SONIC SOLUTIONS, LLC, and** \*  <br>**ALGAECONTROL.US LLC,** \*  <br> \*  <br> Plaintiffs/Counter-Defendants \*  <br> \*  <br>VS. \*  <br> \*  <br> \*  <br>**DIVERSIFIED POWER INTERNATIONAL, LLC,** \*  <br>**and ANTONIO TRIGIANI,** \*  <br> \*  <br> Defendants/Counter-Plaintiff \* | Civil Action No.<br>3:21-cv-30068-KAR |

# RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants/Counter-Defendant, Diversified Power International, LLC ("DPI") and Antonio Trigiani ("Trigiani") (DPI and Trigiani sometimes collectively hereinafter the "Defendants"), submit the following response to Plaintiffs' motion to compel production of documents [Doc. 92].

In support of this response, Defendants submit and file herewith the Declaration of Mark S. Dessauer, their counsel.

1. **Specific Responses to Productive Requests Set Forth in Plaintiffs' Motion**

Defendants submit the following responses to the specific requests set forth in the memorandum to Plaintiffs' motion to compel [Doc 93].

Request No. 13:  Defendants did object to the relevance of this Request, but have previously produced DPI 001802 – DPI 001915 that are responsive to Request No. 52 and Request No. 13.  Defendants believe that they have previously produced all documents in their possession or control responsive to this Request.

Request No. 24:  On January 26, 2022, Defendants produced a spreadsheet containing all the information sought in this request.  The spreadsheet contains the date of sale, the HBS product sold and the price.  Plaintiffs thereafter requested the underlying documents supporting the information on this spreadsheet including purchase orders, invoices and e-mails for these purchased HBS products.  Defendants are in the process of producing these ancillary or supporting documents.

Request No. 29:  The responsive information was also contained in the same spreadsheet referenced above.  Defendants explained or supplemented its prior response to this Request in its counsel's letter of March 10, 2022.  Defendants believe that the supplemental documents that it intends to produce in response to Request No. 24 will also supplement its prior response to this Request.

Request No. 36:  Defendants previously objected to this Request on the grounds of relevance.  However, and without waiving such objections, Defendants on March 23, 2022 produced the responsive documents to this Request.

Request No. 37:  Defendants previously objected to this Request on the grounds of relevance.  However, and without waiving such objections, Defendants on March 23, 2022 produced the responsive documents to this Request.

Request No. 39:  Defendants believe that they have produced all documents responsive to this Request.

Request No. 40:  Defendants have previously supplemented their response to this Request in their counsel's letter dated March 23, 2022.  Defendants are in the process of confirming if there are additional documents in their possession or control responsive to this Request and if so, such documents will be produced.

Request No. 46:  On March 23, 2022, Defendants produced some 3,372 documents responsive to this Request.

Request No. 48:  On March 23, 2022, Defendants produced some 76 documents responsive to this Request.

Request No. 1:  Defendants previously produced 421 documents in response to this Request in pdf format.  The same documents were later reproduced in native format.  In the March 10, 2022 letter of their counsel, DPI agreed to "produce additional documents responsive to this Request based on additional word search or searches in accordance

with this specific Request." Defendants are in the process of assembling the responsive documents for production and anticipate producing the documents on or before April 8, 2022.

Request No. 15:   Defendants stand by their Response that there are no non-privileged documents responsive to this Request.

Request No. 34:   Defendants are in the process of supplementing their response to this Request by assembling the responsive documents for production.

Request Nos. 26, 27 and 28:   Defendants have identified one document that may be responsive to this Request and they have raised objections to its production on the grounds of relevance and based on the confidentiality provisions contained in this agreement which protects the other contracting party.  Defendants rely on their previous objection to the production of this document.

Request No. 16:  Defendants supplemented their response to this Request in the letter of their counsel dated March 10, 2022.  The document at issue was previously produced in evidence at a hearing in the case held on August 31, 2021.  Defendants further supplemented their response to this Request in their supplemented response to Request No. 75 served on March 23, 2022.

Request No. 33:  Defendants have previously produced 90 documents in response to this Request.

Request No. 41:  Defendants have previously produced 145 documents in response to this Request.

Request Nos. 42, 43 and 44:  Defendants previously produced spreadsheets containing all the information requested in these requests regarding the RMAs submitted to DPI.  On March 23, 2022, Defendants supplemented these responses with 3,372 additional documents including each of the RMAs.

Request No. 47:  Defendants have previously submitted responsive documents to this Request.

Request No. 51:  Defendants produced the responsive documents reflected in their counsel's letter dated March 10, 2022 on March 23, 2022.

Request No. 70:  At the time of Defendants initial response, Hydro BioScience, LLC was not a party to this action.  Defendants have previously supplemented their response to this Request in their counsel's letter of March 10, 2022.  Defendants will further supplement their response to this Request to reflect that there are no responsive documents in Defendants' possession or control responsive to this Request.

Request No. 75:  Defendants supplemented their response to this Request on March 23, 2022.

2. **The Court should deny Plaintiffs' request for costs in bringing the motion to compel.**

Federal Rule of Civil Procedure 37(5)(A) states:

>   (5) Payment of Expenses; Protective Orders.
>
>   (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendants contend that an award of fees in this case would be improper because their discovery position with respect to Plaintiffs' document production was substantially justified. "Substantial justification" exists if the motion poised a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. See Fogel v. Bukovic, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 011); Advanced Magnesium Alloys Corporation v. Dery, 2021 WL 6125705, at *2 (S.D. Ind. Dec. 28, 2021).

Plaintiffs submitted 92 requests for production of documents. These requests were many and duplicative. Defendants contend that their objections to certain of Plaintiffs' requests were well founded. Nevertheless, Defendants have agreed to produce the responsive documents requested and to date 9,853 documents have been produced. Although there have been some delays in production due to a variety of factors, Plaintiffs

6

have not been prejudiced as factual discovery has not been completed under the Court's scheduling order[1]. Defendants continue to prepare and produce documents responsive to the remaining requests at issue. The only documents Defendants have declined to produce is a distribution agreement with a third party due to its lack of relevance and the confidentiality provision which only permits production pursuant to a court order. If the Court orders this document produced, Defendants will produce it but such an order should not warrant assessing costs against Defendants as their position on this distribution agreement is substantially justified.

In addition, Defendants contend that an award of costs to Plaintiffs in this case would be unjust. Plaintiffs have produced thousands of pages of documents and continue to produce documents. Further, the record reflects that the parties have cooperated in engaging in discovery and with discovery requests. This case is complex with a number of parties and a number of issues, and such issues continue to expand[2]. Defendants are actively and diligently attempting to fulfill the remainder of their discovery obligations. Under these circumstances, an award of costs and attorney's fees would be unjust. The Plaintiffs' motion to compel, to the extent it seeks an award of costs and attorney fees, should be dismissed.

For the reasons set forth herein, Plaintiffs' motion to compel should be denied.

---

[1] Defendants have filed a motion to modify the scheduling order to extend this deadline until May 31, 2022. Plaintiffs have yet to respond and the Court has yet to rule on this motion. Plaintiffs decline to take a position on this request even though the additional time will help assure that Plaintiffs obtain the documents they claim they need.

[2] See Electronic Order [Doc. 96] allowing in part motion to amend complaint.

                          **HUNTER, SMITH & DAVIS, LLP**

By:    */s/Mark S. Dessauer*
        Mark S. Dessauer, Esq.
        TN BPR NO.: 010421
        1212 North Eastman Road
        Post Office Box 3740
        Kingsport, Tennessee 37664-0740
        dessauer@hsdlaw.com
        (423) 378-8840; Fax: (423) 378-8801
        Admitted Pro Hac Vice

        Karen Sutherland, Esq.
        Mass. Bar No. 684923
        THE SUTHERLAND LAW FIRM, LLC
        123 Main Street, Suite B
        Belfast, Maine 04915
        (207) 218-1524/ (207) 218-1624
        ksutherland@thesutherlandlawfirm.com

        ***Attorneys for Defendants/Counter-Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2022 the foregoing **Response To Plaintiffs' Motion To Compel Production of Documents** filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

        Bulkley, Richardson and Gelinas, LLP
        James C. Duda, Esq.
        Lauren C. Ostberg, Esq.
        jduda@bulkley.com
        lostberg@bulkley.com

   **HUNTER, SMITH & DAVIS, LLP**

   */s/Mark S. Dessauer*
   Mark S. Dessauer