## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SONICSOLUTIONS ALGAE CONTROL, LLC,    \*
SONIC SOLUTIONS, LLC, and    \*
ALGAECONTROL.US LLC,    \*
    \*
    **Plaintiffs**    \*
    \*
VS.    \*    **Civil Action No.**
    \*    **3:21-cv-30068-KAR**
    \*
DIVERSIFIED POWER INTERNATIONAL, LLC,    \*
and ANTONIO TRIGIANI,    \*
    \*
    **Defendants**    \*

# DECLARATION OF MARK S. DESSAUER

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.    My name is Mark S. Dessauer.  I have personal knowledge of all the facts set forth in this Declaration.  I have also relied on information made available to me that I believe is credible.  I am an attorney licensed to practice law in the State of Tennessee.  My Tennessee Board of Professional Responsibility Number is 10421.  I am the primary counsel of record for the Defendant Antonio Trigiani ("Trigiani") and Defendant/Counter-Plaintiff Diversified Power International, LLC ("DPI") (Trigiani and DPI sometimes collectively hereinafter the "Defendants") in this case.

2.     On November 5, 2021, the Defendants, through counsel, were served with 92 requests for production of documents by the Plaintiffs, a copy of which is attached as **Exhibit 1**. At or about the same time, the Defendants served requests for production of documents on the Plaintiffs. Due to the time of year and my trial schedule, the parties agreed to a mutual extension for responses to approximately the first week of January, 2022.

3.     The parties, through counsel, also negotiated and filed on December 22, 2021 a Stipulated Confidentiality Agreements and Agreement Concerning ESI [Doc. 84]. Pursuant to this agreement, the parties agree to produce ESI (Electronically Stored Information) in native format with metadata included. At the time this agreement was first being negotiated, my law firm did not have the software that enabled it to produce ESI in native format with metadata and track the documents produced. The general procedure that my firm followed was to convert ESI to a pdf document, bate stamp the document, then produce the documents in pdf format. In the vast majority of the cases in which I have been involved, this method of production of ESI was acceptable to the opposing party.

4.     During the course of negotiation of the above order, I agreed on behalf of the Defendants for my firm to purchase the appropriate software that would allow the Defendants to produce ESI in native format and track the documents produced by bate stamp. Prior to signing the above order, I was informed by my law firm's staff that the necessary software had been purchased and worked. I relied on that information and agreed for my signature to be placed on the above order.

2

5.      In early 2022, when my staff and I began organizing the documents and ESI to be produced in this case, I was informed by my law firm's staff that the software did not work as represented.   My law firm also experienced trouble obtaining the necessary assistance in fixing the problem with the software company and could not obtain satisfactory responses.

6.      Due to these issues, I fell behind on the anticipated document production schedule.  I also made the decision that new software had to be purchased by my law firm and authorized that to be undertaken.

7.      On January 17, 2022, the Defendants produced 490 documents in response to Requests Nos. 1-6.  A copy of the January 17, 2022 responses is attached as **Exhibit 2**.  These documents were produced in pdf because my firm had yet to acquire or arranged for the use of the necessary replacement software to produce ESI in native format with the requested metadata.  I produced these documents at that time in pdf format in a good faith effort to begin production in accordance with the schedule to which the parties, through counsel, had agreed.  When my firm acquired the software it needed, which was within approximately one week from January 17, 2022, the Defendants reproduced the same documents previously produced on February 3, 2022 (Response to Request Nos. 1-6) and to the extent the documents were ESI, they were produced in native format with the requested metadata.  A copy of the February 3, 2022 responses is attached as **Exhibit 3**.

8.     On January 26, 2022, Defendants submitted responses to plaintiffs' requests no. 7 – request no. 92. A copy of the January 26, 2022 responses is attached as **Exhibit 4**. Defendants produced 4500 – 5000 responsive documents with these responses.

9.     The parties, through counsel, met and conferred on the Defendants' document production on two separate occasions.   Although Defendants continue to believe responsive documents to the relevant requests were submitted and the objections to irrelevant document requests were well founded, the Defendants have agreed to supplement their prior responses and produce additional documents. A copy of my letter dated March 10, 2022 to Plaintiffs' counsel setting forth the requests that remained at issue, the response to those issues and the additional documents to be produced is attached as **Exhibit 5**.

10.     On March 23, 2022, Defendants submitted supplemental responses to requests Nos. 36, 37, 42, 46, 48, 51, 75 and 84. A copy of the supplemental responses served March 23, 2022 is attached as **Exhibit 6**.

11.     To date, Defendants have produced 9,835 pages of documents in response to Plaintiffs' document production requests.

12.     Based on my records, there are 9 remaining requests to which Defendants have submitted responsive documents and with the exception of one request which Defendants believe that all responsive documents have been produced, have agreed to supplement their responses with additional documents.

4

13.    DPI is a small company located in Northeast Tennessee.  DPI only employs one IT person by the name of George Barton whose job is devoted to IT matters.  He has worked diligently in organizing and providing the responsive documents, but the various requests made by Plaintiffs takes substantial time.  Also, Mr. Barton has other responsibilities with DPI and has not been able to devote all his time to this litigation. Nevertheless, Defendants anticipate that they will have the remaining supplemental responses and documents produced by April 8, 2022.

14.    The Defendants submit that they have and continue to make good faith efforts to complete their document production in response to Plaintiffs' requests.

15.    Plaintiffs have similarly produced documents in response to Defendants' requests for production on three different occasions: January 20, 2022 (initial production in response to eight requests); February 11, 2022 (response to 19 requests); and March 28, 2022 (supplemental document production).  This represents the parties' implicit agreements that documents would be produced in stages.

16.    I declare under penalty of perjury that the foregoing is true and correct.

Executed, this the 1st day of April, 2022.

_Mark S. Dessauer_

Mark S. Dessauer

**SWORN TO AND SUBSCRIBED** before me this the 1st day of April, 2022.

_Jessica Torres_

Notary Public

My commission expires:

_5/28/2025_

JESSICA ANN TORRES
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SULLIVAN COUNTY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2022, the foregoing **Declaration** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

Bulkley, Richardson and Gelinas, LLP
James C. Duda, Esq.
Lauren C. Ostberg, Esq.
jduda@bulkley.com
lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

___/s/Mark S. Dessauer___
Mark S. Dessauer

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, SONIC SOLUTIONS, LLC, and ALGAECONTROL.US LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DIVERSIFIED POWER INTERNATIONAL, LLC, and ANTONIO TRIGIANI,<br><br>Defendants. | Civil Action No. 3:21-cv-30068-MGM<br><br>FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DIVERSIFIED POWER INTERNATIONAL, LLC and ANTONIO TRIGIANI |

## INTRODUCTION

The Plaintiffs SonicSolutions Algae Control, LLC ("SSAC"), Sonic Solutions, LLC ("Sonic Solutions") and AlgaeControl.US LLC ("ACUS"), pursuant to Fed. R. Civ. P. 34, request that, within thirty (30) days, Defendants Diversified Power International, LLC ("DPI") and Antonio Trigiani ("Defendant Trigiani") produce for inspection and copying to the offices of Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, Massachusetts, 01115, the documents or tangible things described below that are in their possession, custody, or control.

## DEFINITIONS

The uniform definitions set forth in District of Massachusetts Local Rule 26.5, which includes definitions for "communication," "identify," "person," "concerning," and "state the basis," are incorporated by reference. In addition, and without limiting the definitions set forth in that rule, the following definitions shall apply to these requests for production.


EXHIBIT
1
tabbies

1.     The "2012 Noncompete" refers to the document attached to the Complaint at Exhibit 1.

2.     "ACUS" or "Plaintiff" means the plaintiff, AlgaeControl.US LLC, as identified in the Complaint, **and its predecessor, agents, servants, employees, and any other person or entity acting or purporting to act on its behalf.**

3.     "ACUS Customer" means a person who purchased HBS products through SSAC, including, by way of example, every person whose drop ship information ACUS provided to DPI for fulfillment of orders for XSun or HBS products.

4.     "ACUS Dealer" means a dealer of algae management products who placed orders for products manufactured by DPI through ACUS.

5.     "Claims" means the allegations and claims set forth in the Complaint and the Counterclaims.

6.     "Complaint" means the complaint and any amended complaints filed in the Litigation.

7.     "Counterclaims" mean the counterclaims filed in the Litigation.

8.     "DPI" means the defendant, Diversified Power International, LLC, as identified in the Complaint **and its officers, agents, servants, employees, parents, subsidiaries, affiliates, and other related entities, including but not limited to Hydro BioScience, LLC.**

9.     "Dealer Agreement" means an agreement between a party identified as a "dealer" and another party, including but not limited to in the form of Plaintiff's Exhibit 3, which was entered into evidence during an evidentiary hearing on August 31, 2021.

10.    "Document" is used in the broadest sense and includes, but is not limited to, the following items, and drafts thereof, whether printed or recorded or reproduced by any other

mechanical or electronic process, or written or produced by hand, namely: agreements; communications, including intra-company communications; correspondence; telegrams; memoranda; record books; summaries or records of personal conversations or interviews; diaries; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; advertising or promotional literature; brochures; pamphlets; circulars; policies; policy applications; policy amendments; trade press releases; contracts; notes; projections; drafts of any documents; working papers; checks, front and back; check stubs or receipts; bills; receipts; any other documents or writings of whatever description including but not limited to any information contained in any computer although not yet printed out within your possession, custody or control or the possession, custody or control of any agent, employee (including without limitation, attorneys, accountants or advisers), or other person acting or purporting to act on your behalf. "Document" shall be defined to include electronically stored information (or ESI).

11.     "HBS products" refers to the HydroBioscience products manufactured by DPI and or Hydro BioScience, LLC.

12.     "Litigation" means the captioned case titled <u>SonicSolutions Algae Control, LLC, et al. v. Diversified Power International, LLC,</u> filed in the United States District Court for the District of Massachusetts, Western Division, Civil Action No. 3:21-cv-30068-MGM.

13.     "Price Matrix" means a document reflecting prices for HBS Products.  One such Price Matrix is the document named HBS_PRICE_BOM_Matrix 20200204.xlsx, which Defendant Trigiani sent via email on February 4, 2020 to <u>devon@sonicsolutionsllc.com</u>, among others, in an email whose subject line was *Typo discovered by Devon – new list.*

14.     The word "reflect," and the phrase to "reflect . . . total sales," have the meaning they had in paragraph 12 of Trigiani's Affidavit.

15.     "RMA" means Return Material Authorization, which was also referenced on page 39 of the manual attached to the Complaint as Exhibit 2.

16.     "SSAC Dealer" means a dealer of algae management products who placed orders for HBS products through SSAC, including, but not limited to AGD, AWE Environmental, BBCon, BioBAC, CanDetec, Carbosur, Coast Water Solutions, Floratine Japan, Green Water Solutions, Hughes Water, Instrument & Supply, Iowa Pond Guy, LLC; Maryland Biochemical Co.; Miller's Turf; On Goldon Pond; Oveverde; Pure Water Finland; PurOxi of California (now HydroCor), Re-Eco, Smoky Trout, AlgaeControl.CA, Sobitec, T.A.S.O.

17.     "SSAC" or "Plaintiff" means the plaintiff, SonicSolutions Algae Control, LLC, as identified in the Complaint, **and its agents, servants, and employees, and any other person or entity acting or purporting to act on its behalf**. (For avoidance of doubt, this definition does not encompass Charlie Morgan, Lawrence Field, and/or any employee of AlgaeSonix, despite the contentions of the Counterclaims).

18.     "SSAC Customer" means a person who purchased HBS products through SSAC, including, by way of example, every person whose drop ship information SSAC provided to DPI for fulfillment of orders for HBS products.

19.     "Sonic Solutions" or "Plaintiff" means the plaintiff, Sonic Solutions, LLC, as identified in the Complaint, **and its agents, servants, and employees, and any other person or entity acting or purporting to act on its behalf**.

20.     "Sonic Solutions Customer" means a person who purchased products manufactured by DPI through Sonic Solutions, including by way of example, every person

4

whose drop ship information Sonic Solutions provided to DPI for fulfillment of orders for XSun

or HBS products.

21.     "Sonic Solutions Dealer" means a dealer of algae management products who

placed orders for products manufactured by DPI through Sonic Solutions.

22.     "Trigiani's Affidavit" means Dkt. 26-1 in the Litigation.

23.     The "Uruguay Counterclaims" refer to the opportunity discussed in paragraph 30

of the Counterclaims.

24.     The "Uruguay Tender" refers to the opportunity to supply algae remediation

products for Obras Sanitarias del Estado, which was represented in Public Bid No. 21610,

discussed in the February 4, 2021 letter attached to the Complaint as Exhibit 3.

25.     "You" means each Defendant.

## INSTRUCTIONS

1.     This request includes every designated document or tangible thing in your

possession, custody, or control, or in the possession or control of your officers, agents, servants,

employees, representatives, family members, insurance carriers or any other persons or entities

acting or purporting to act on your behalf. The request includes not only every document

currently known to you but also every such document that can be located or discovered by

reasonably diligent efforts. Finally, this request includes the originals and all non-identical

copies, whether different from the originals by reason of any notation made on such copies or

otherwise.

2.     If you, the party responding to these requests, are sued in more than one capacity,

or if your answers would be different if suing or sued in any different capacity, such as agent,

corporate officer, director, partner, or the like, then you are required to answer separately in each capacity.

3.      In the event that any document called for by this Request is withheld on the basis of any claim of privilege or similar claim, you are required to identify that document in your response to this Request as follows: addressor; addressee; indicated or blind copies; date; subject matter; number of pages; attachments or appendices; all persons to whom distributed, shown or explained; present custodian; and nature of the privilege asserted. It shall not be necessary to catalogue attorney-client communications involving Defendant Trigiani and his attorney or the attorney of DPI that occurred on or after the date Defendant Trigiani was served with the Complaint.

4.      Documents are to be produced in full and unexpurgated form; redacted documents will not constitute compliance with this Request.

5.      Documents that exist in electronic form or as electronically stored information must be produced in electronic form, in their native file formats with all metadata preserved and produced. In the event that any electronically stored information called for by this Request is withheld from production on the grounds that it is inaccessible, you are required to specify the reason that such discoverable information is inaccessible.

6.      In the event that any document called for by this Request has been destroyed, you are required to identify that document in your response to this Request as follows: addressor; addressee; indicated or blind copies; date; subject matter; number of pages; attachments or appendices; all persons to whom distributed, shown or explained; date of destruction; person authorizing destruction; and person destroying the document.

7.     This Request is deemed to be a continuing one and any document obtained or discovered subsequent to production which would have been produced had it been available or its existence been known is required to be supplied forthwith.

8.     All documents produced shall be organized and labeled to correspond with the request numbers below.

9.     Unless otherwise specified, the relevant time frame for each request is the period of time from January 1, 2011 to the present.

### REQUESTS FOR PRODUCTION

1.     All correspondence or documents sent or received by Defendant Trigiani, Charlie Morgan, Lou Bourbon, Paul Woods, Brittany Childers, Faith Johnston, George Barton, Kristen Luttrell, Larry Peacock, Hootie Hilton, or another DPI representative, agent, or employee who worked in or on behalf of DPI's HBS Division (and/or for Hydro Bioscience, LLC), other than correspondence to which Sonic Solutions, ACUS, or SSAC are the sole recipient(s), which contain (a) one or more of the following terms: Sonic Solutions, George, SSAC, Dana, Tara, Devon, Obras Sanitarias del Estado, O.S.E., Algae Control, Dealer Agreement, or (b) the words HBS, Hydro Bioscience, or algae AND any of the following words: contract, agreement, noncompete, exclusive, discount, distributor.

2.     All documents that you contend include a communication to SSAC that DPI would not sell HBS products to SSAC at a discount.

3.     All documents, including communications, concerning the terms of the discount at which SSAC purchased HBS products.

4.    All marketing materials concerning HBS products, which materials were created prior to April 26, 2021 and which materials you contend DPI created without the assistance of Sonic Solutions, ACUS, or SSAC.

5.    All documents that you contend include a communication that DPI would not sell HBS products to Sonic Solutions or ACUS at a discount.

6.    All price lists exchanged between DPI and SSAC concerning HBS products.

7.    All documents, including but not limited to invoices, purchase orders, and summaries thereof, concerning the price at which DPI sold HBS products to SSAC and/or Sonic Solutions.

8.    All documents concerning the credit and payment terms (including, for example, net-30, pre-pay, $35,000 credit) on which DPI sold HBS products to Sonic Solutions and/or SSAC.

9.    All documents that you contend include a communication to SSAC that DPI would sell HBS products directly on the marketplace.

10.    Any communication by and between DPI and any Plaintiff that includes the word or phrase "contract," "dealer agreement," "distributor," or "exclusive."

11.    All communications between DPI and SSAC concerning target sales, sales goals, or marketing of HBS products.

12.    All documents provided to Sonic Solutions, ACUS, and/or SSAC by DPI, including but not limited to communications, in which DPI requests that information be maintained as confidential.

13.    All communications or other documents sent to persons other than Sonic Solutions, ACUS, or SSAC concerning any Price Matrix.

8

14.    All communications, memoranda, or other documents exchanged by any owner, member, officer, employee, or agent of DPI with any other owner, member, officer, employee, or agent of DPI concerning any Price Matrix.

15.    All internal communications, memoranda, or other documents concerning or relating to the decision that DPI would cease selling HBS products to SSAC.

16.    Any Dealer Agreement, whether blank or signed, along with any communications concerning such Dealer Agreement.

17.    All agreements and/or contracts between DPI and any Plaintiff concerning HBS products.

18.    All documents concerning a potential joint venture between Sonic Solutions, DPI, and ACUS, including but not limited to all Letters of Intent between and/or among DPI, Sonic Solutions, ACUS, and/or SSAC, whether signed or in blank.

19.    All documents reflecting the relationship between Sonic Solutions and any Sonic Solutions Dealer, ACUS and any ACUS Dealer, and SSAC and any SSAC Dealer, including but not limited to the names of such dealers, a blank or signed Dealer Agreement, or the prices of products sold or to be sold to those dealers.

20.    All documents referenced in paragraph 20 of Trigiani's Affidavit, concerning DPI's sales of XSun Products, HBS products, and other parts to ACUS between 2014 and 2019 and the addresses to which such products were shipped..

21.    All documents referenced in paragraph 12 of Trigiani's Affidavit, concerning sales of XSun, HBS products, and "DPI related warranty parts" to Sonic Solutions between June 8, 2009 and May 2019 and the addresses to which such products were shipped.

9

22.     All documents referred to in paragraph 29 of Trigiani's Affidavit, reflecting DPI's total sales to SSAC and the addresses to which such products were shipped.

23.     All documents, including but not limited to the sales and accounting records referenced in paragraph 29 of Trigiani's Affidavit, reflecting the total sales of HBS products through distributors other than Sonic Solutions, ACUS, or SSAC.

24.     Documents reflecting the total sales of HBS products to persons other than ACUS, Sonic Solutions, or SSAC.

25.     Documents reflecting the total sales of HBS products to any Reseller. "Reseller," in this context, has the same meaning as it does in the DPI MAP Policy, version date May 7, 2018, which is available at dpipower.com/map-agreement.pdf as of October 27, 2021.

26.     All documents concerning DPI's exclusive dealer arrangements, as that term is used in paragraph 25 of the Counterclaims.

27.     All documents concerning DPI's supply contracts, as that term is used in paragraph 25 of the Counterclaims.

28.     All documents concerning DPI's exclusive or preferred arrangements, as those terms are used in paragraph 25 of the Counterclaims.

29.     All documents concerning sales of HBS products from DPI to AlgaeFree of Australia, AlgaeFree of Norway, Photon, T.A.S.O., and Alpha Environmental Ltd. of New Zealand and any of their agents, subsidiaries, or representatives.

30.     All documents, other than purchase orders submitted by Sonic Solutions or SSAC, that contain information identifying any Sonic Solutions Dealer, Sonic Solutions Customer, SSAC Dealer, or SSAC Customer.  Such request includes, but is not limited to, any

list of Sonic Solutions Customers, Sonic Solutions Dealers, ACUS Customers, ACUS Dealers, SSAC Customers, or SSAC Dealers.

31.     All documents supporting your contention, in paragraph 19 of Trigiani's Affidavit, that DPI discussed the 2012 Noncompete with Sonic Solutions after its signature.

32.     Any communication to Sonic Solutions concerning DPI's anticipated entry into the algae remediation market in 2016 or 2017, as discussed in paragraph 19 of Trigiani's affidavit.

33.     All documents, to the extent they are not encompassed by Request No. 1, consisting of, containing, or referring to communications between Rocco Spadafore and DPI concerning Dana Taylor, Sonic Solutions, ACUS, SSAC, or a Dealer Agreement.

34.     All documents, to the extent they are not encompassed by Request No. 1, consisting of, containing, or referring to communications and between DPI and Lawrence Field concerning Sonic Solutions, ACUS, SSAC, or a Dealer Agreement.

35.     Marketing materials advertising or promoting HBS Products prepared by DPI without the assistance of Sonic Solutions or SSAC.

36.     All documents concerning the Long Pond Clean Waters Committee.

37.     All documents consisting of, containing, or referring to any communication by Paul Woods with KLM, including, for example, electronic correspondence sent to mark@klm-solutions.com.

38.     All documents concerning CanDetec, Inc. and any of its agents, subsidiaries, or representatives, including but not limited to all communications between DPI and CanDetec, Inc. and any of its agents, subsidiaries, or representatives between January 1, 2019 and the present day.

11

39.     All documents consisting of, containing, or referring to any communications between January 1, 2019 and the present between DPI and AlgaeFree of Australia, T.A.S.O., Les Traitments BioBac, KLM, and/or Maryland Biochemical Co. and any of their respective agents, subsidiaries, or representatives.

40.     Documents concerning prices of HBS products offered by DPI to AlgaeFree of Australia, T.A.S.O., Les Traitments BioBac, KLM, Maryland Biochemical Co., and/or any Sonic Solutions Dealer, ACUS Dealer, or SSAC Dealer.

41.     Records concerning the processing of warranties by products previously sold to SSAC and/or shipped to SSAC Dealers and/or Customers.

42.     All RMAs received by DPI for HBS products between April 1, 2019 and the present date that were not submitted to DPI by SSAC.

43.     Any response to or other communication concerning the RMAs described in the Document Request No. 42.

44.     All RMAs received by DPI from Sonic Solutions Customers, ACUS Customers, and/or SSAC Customers.

45.     All documents and communications concerning RMA requests communicated by SSAC that remained open on April 27, 2021, including but not limited to RMA# 212000016 and other RMAs listed in correspondence Defendant Trigiani received from tara@sonicsolutionsllc.com on Wednesday, May 5, 2021, subject line *Open RMA's*.

46.     All communications and other documents dated or created after April 26, 2021 concerning RMA requests for HBS products sold to a SSAC Customer or SSAC Dealer.

47.     All documents concerning Purchase Orders 210419-1, 2010420-1, 210420-2, 210420-3, 210421-1, or 210421-2, attached to the Complaint as Exhibit 7.

12

48.    All documents concerning ESC Global, Aquarion, Placer County Water Agency, Salisbury WWTP, or the City of Montague, including but not limited to communications between DPI and such entity dated on or after April 1, 2021.

49.    All documents reflecting DPI's "rejection" of any purchase order submitted by Sonic Solutions, ACUS, or SSAC other than the purchase orders attached to the Complaint at Exhibit 7.

50.    All documents concerning the "huge price increases on all materials across the board" referenced in correspondence sent from Defendant Trigiani to Tara Spitzer on or around April 19, 2021.

51.    Documents DPI produced to its lenders, consistent with the financial reporting requirements discussed in paragraph 45 of Trigiani's Affidavit, that concern the creditworthiness of SSAC and/or any SSAC Customer or SSAC Dealer.

52.    All documents identifying recipients of the Hydro Bioscience Ownership, Distribution and Sales Clarification Notice (the "Notice"). For purposes of this Request, the Notice is the document attached to the Complaint as Exhibit 9.

53.    All documents concerning DPI's ownership of "customer support." "Customer support" (and the ownership thereof) shall have the same meaning as it does in the Notice attached to the Complaint as Exhibit 9.

54.    All documents concerning the meaning of "Customer Service" as that term is used in page 40 of the manual attached to the Complaint as Exhibit 2.

55.    All communications between DPI and any Plaintiff concerning the manual attached to the Complaint as Exhibit 2, including, but not limited to, revisions to the manual proposed by SSAC.

13

56.     One copy of each form of user manual DPI has provided to customers with the HBS products, of which the manual attached to the Complaint as Exhibit 2 is one example.

57.     All documents concerning DPI's decision, in or around March 2021, to cease distribution of the manual attached to the Complaint as Exhibit 2.

58.     All documents, including but not limited to communications received by DPI between June 1, 2021 and June 9, 2021, and any communications from the source of the images and text appearing on such page, concerning the "Testimonials" appearing attached to the Complaint as Exhibit 11 and such Testimonials which presently appear at https://www.algaemanagement.com/Testimonials.html.

59.     All documents you contend support Defendant Trigiani's contention, discussed in paragraph 8 of his affidavit of July 2, 2021, that he developed and invented the HBS products.

60.     A copy of the license or licenses that, in paragraph 7 of the Counterclaims, you contend Defendant Trigiani has provided to DPI for "the technology under Patent No. US 10,399,867 B2 issued to Trigiani by the United States Patent and Trademark Office on September 3, 2019 (the **"Patent"**).

61.     All documents that you contend supports the allegation in paragraph 7 of the Counterclaims: "The patented technology enabled Trigiani and DPI to design and develop the HBS Products."

62.     All correspondence to or from George Hutchinson, prior to September 3, 2019, concerning any application for the Patent identified in paragraph 7 of the Counterclaims, including the specification, drawings, and claims thereof, and/or any related provisional patent application.

63.     All correspondence to or from George Hutchinson, prior to September 3, 2019, concerning the "technology" identified in paragraph 7 of the Counterclaims.

14

64.     All documents that you contend support the allegation in paragraph 8 of the Counterclaims: "SSAC, Sonic Solutions and/or ACUS have no ownership interest in or to the Patent and/or Trademarks and further have no license in or right to use the Patent or the Trademarks."

65.     All documents reflecting the origin of the phrase "Quattro-DB" and "SolaRaft."

66.     The license or licenses that, in paragraph 7 of Defendants' Counterclaims, you contend Defendant Trigiani "has licensed to DPI" for "the technology under Patent No. US 10,399,867 B2 issued to Trigiani by the United States Patent and Trademark Office on September 3, 2019 (the "Patent")."

67.     Documents supporting Defendant Trigiani's assertion, made in paragraph 43 of Trigiani's Affidavit, that Defendant Trigiani's worked on a patentable ultrasonic product in the year 2009.

68.     Any license or assignment of the Patent identified in paragraph 7 of the Counterclaims.

69.     Any license or assignment of the "Trademarks" identified in identified in paragraph 7 of the Counterclaims.

70.     Any license, assignment, or transfer of HBS products, customers, dealers, distributors, intellectual property, and/or manufacturing capabilities from Diversified Power International, LLC to Hydro BioScience, LLC.

71.     Any communication to SSAC, Sonic Solutions, or ACUS concerning DPI MAP Policy, version date May 7, 2018, which is available at dpipower.com/map-agreement.pdf as of October 27, 2021.

72.     All documents that you contend support Defendant Trigiani's assertion, made in paragraph 42 of Trigiani's Affidavit, that Charlie Morgan's last day of work was February 17, 2021.

73.     All documents concerning the assignment and instruction Defendant Trigiani allegedly gave to Charlie Morgan, described in paragraph 42 of Trigiani's Affidavit, concerning a DPI dealer sales agreement.

74.     Documents written, prepared, and/or distributed by Defendant Trigiani, or documents reflecting communications by Defendant Trigiani, concerning Charlie Morgan's duties and authority within DPI between November 1, 2020 and his final day of work at DPI.

75.     All copies of any dealer sales agreement, as that term was used in paragraph 42 of Trigiani's Affidavit, between DPI and any third party.

76.     All documents concerning the "collection of emails" relating to the February 4, 2021 letter referenced in paragraph 41 of Trigiani's Affidavit.

77.     Any document containing the name "Gonzalo Serra Castillo" or the words "Obras Sanitarias del Estado" or the abbreviation "O.S.E."

78.     All documents reflecting the solicitation of DPI by a contractor for the government of Uruguay referenced in paragraph 29 of the Counterclaims.

79.     All documents concerning the proposal allegedly submitted to Uruguay's authorized contractor referenced in paragraph 30 of the Counterclaims.

80.     All documents supporting your contention, in paragraph 30 of the Counterclaims, that DPI expected $1,000,000 in revenue from an alleged business opportunity in Uruguay.

16

81.    All non-privileged documents not otherwise requested concerning the Uruguay Counterclaims, including, but not limited to, communications between Linda Blankenship and any other person concerning the layout models referenced in page 7 of Dkt. 53 filed in this case.

82.    All documents concerning the January 27, 2021 Powerpoint presentation referenced in paragraph 40 of the Counterclaims, including, but not limited to, any copy of such Powerpoint presentation received by DPI.

83.    All documents that you contend support the allegation in paragraph 37 of the Counterclaims that, "On or about January 27, 2021, "SSAC joined" in "representations" that "were false and materially misleading."

84.    Any document concerning the transfer of customers, dealers, distributors, intellectual property, and/or manufacturing capabilities from Diversified Power International, LLC to Hydro BioScience, LLC.

85.    All documents identified in DPI's Initial Disclosures.

86.    All documents mentioned or identified in DPI's Answers to Plaintiffs' Interrogatories in this Litigation.

87.    All non-privileged documents not already requested in the possession of those persons identified in DPI's Initial Disclosures as likely to have discoverable information concerning Sonic Solutions, ACUS, SSAC (including, as defined, each of the preceding entity's agents, servants, and employees, and any other person or entity acting or purporting to act on its behalf), the Uruguay Tender, the Uruguay Counterclaims, or any claim or defense in the Litigation, or the events underlying those claims and defenses

17

88.     All non-privileged documents not otherwise requested concerning any of DPI's internal communications relating to or concerning SSAC, Sonic Solutions, ACUS, the Claims, or the Counterclaims.

89.     All handwritten or typed notes that evidence or memorialize any communications between DPI (including, as defined, its officers, agents, servants, employees, parents, subsidiaries, affiliates, and other related entities) and any other person or entity regarding the facts or Claims alleged in the Complaint and/or Counterclaims.

90.     All documents concerning any investigations undertaken by DPI or any other entity or person concerning the Claims.

91.     All documents concerning any reports, signed or unsigned statements, recordings or written transcripts of any interviews or oral statements, or other written account of or relating to the facts and Claims alleged in the Complaint and/or Counterclaims.

92.     All non-privileged documents not otherwise requested that you contend support any allegation in the Counterclaims or a defense to the Complaint.

Dated: November 5, 2021

PLAINTIFFS,
SONICSOLUTIONS ALGAE CONTROL, LLC,
SONIC SOLUTIONS, LLC and
ALGAECONTROL.US LLC

By Their Attorneys,

/s/ James C. Duda                               .
James C. Duda, Esq. (BBO # 551207)
Lauren C. Ostberg, Esq. (BBO # 696883)
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel. (413) 272-6286
jduda@bulkley.com
lostberg@bulkley.com

18

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021 this document was served on counsel of record for Defendants Diversified Power International, LLC and Antonio Trigiani by its transmittal, via first-class mail and electronic mail, to the following addresses:

Mark S. Dessauer, Esq.
Hunter Smith Davis
1212 North Eastman Road
Kingsport, TN 37664
dessauer@hsdlaw.com

Karen Sutherland, Esq.
The Sutherland Law Firm, LLC
123 Main Street, Suite B
Belfast, ME 04915
ksutherland@thesutherlandlawfirm.com

Lauren C. Ostberg

3546859

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, | * |
| SONIC SOLUTIONS, LLC, and | * |
| ALGAECONTROL.US LLC, | * |
| | * |
| **Plaintiffs/Counter-Defendants** | * |
| | * |
| VS. | *     Civil Action No. |
| | *     3:21-cv-30068-KAR |
| | * |
| DIVERSIFIED POWER INTERNATIONAL, LLC, | *     JURY DEMANDED |
| and ANTONIO TRIGIANI, | * |
| | * |
| **Defendants/Counter-Plaintiff** | * |

## RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendant/Counter-Plaintiff Diversified Power International, LLC ("DPI") and Defendant Antonio Trigiani ("Trigiani") (DPI and Trigiani sometime collectively hereinafter the "Defendants"), submit the following responses to Plaintiffs Sonic Solutions Algae Control, LLC ("SSAC"), Sonic Solutions, LLC ("Sonic Solutions") and AlgaeControl.US LLC's ("ACUS") (SSAC, Sonic Solutions and ACUS sometimes collectively hereinafter "Plaintiffs") requests for production of documents and things.

**REQUEST NO. 1:** All correspondence or documents sent or received by Defendant Trigiani, Charlie Morgan, Lou Bourbon, Paul Woods, Brittany Childers, Faith Johnston, George Barton, Kristen Luttrell, Larry Peacock, Hootie Hilton, or another DPI representative, agent, or employee who worked in or on behalf of DPI's HBS Division



EXHIBIT
2

(and/or for Hydro Bioscience, LLC), other than correspondence to which Sonic Solutions, ACUS, or SSAC are the sole recipient(s), which contain (a) one or more of the following terms: Sonic Solutions, George, SSAC, Dana, Tara, Devon, Obras Sanitarias del Estado, O.S.E., Algae Control, Dealer Agreement, or (b) the words HBS, Hydro Bioscience, or algae AND any of the following words: contract, agreement, noncompete, exclusive, discount, distributor.

     **RESPONSE**:  Defendants object to this Request on the grounds that it is vague and overbroad and fails to contain any time restriction.  Without waiving the foregoing objections, Defendants respond as follows:  Defendants believe that the documents produced in each individual response include or incorporate the documents responsive to this Request.  See documents attached (DPI 000001 – DPI 000002).

     **REQUEST NO. 2:**  All documents that you contend include a communication to SSAC that DPI would not sell HBS products to SSAC at a discount.

     **RESPONSE:**  Please see documents attached (DPI 000003 - DPI 000012).

     **REQUEST NO. 3:**  All documents, including communications, concerning the terms of the discount at which SSAC purchased HBS products.

     **RESPONSE:**  Please see documents attached (DPI 000013 - DPI 000245).

     **REQUEST NO. 4:**  All marketing materials concerning HBS products, which materials were created prior to April 26, 2021 and which materials you contend DPI created without the assistance of Sonic Solutions, ACUS, or SSAC.

**RESPONSE:** Please see documents attached (DPI 000246 - DPI 000303).


**REQUEST NO. 5:** All documents that you contend include a communication that DPI would not sell HBS products to Sonic Solutions or ACUS at a discount.

**RESPONSE:** Please see response to Request No. 2.


**REQUEST NO. 6:** All price lists exchanged between DPI and SSAC concerning HBS products.

**RESPONSE:** Please see documents attached (DPI 000304 - DPI 000490).


                                                    **HUNTER, SMITH & DAVIS, LLP**


                                    By:     *Mark S. Dessauer*
                                            Mark S. Dessauer, Esq.
                                            TN BPR NO.: 010421
                                            1212 North Eastman Road
                                            Post Office Box 3740
                                            Kingsport, Tennessee 37664-0740
                                            dessauer@hsdlaw.com
                                            (423) 378-8840; Fax: (423) 378-8801
                                            Admitted Pro Hac Vice

                                            Karen Sutherland, Esq.
                                            Mass. Bar No. 684923
                                            THE SUTHERLAND LAW FIRM, LLC
                                            123 Main Street, Suite B
                                            Belfast, Maine 04915
                                            (207) 218-1524/ (207) 218-1624
                                            ksutherland@thesutherlandlawfirm.com

                                            ***Attorneys for Defendants/Counter-
                                            Plaintiffs***


                                            3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January _17_, 2022 the foregoing **Response to Plaintiffs' First Set Of Requests For The Production Of Documents And Things To Defendants** was served on the following, counsel of record, via first-class mail and electronic mail:

>Bulkley, Richardson and Gelinas, LLP
>James C. Duda, Esq.
>Lauren C. Ostberg, Esq.
>jduda@bulkley.com
>lostberg@bulkley.com

>**HUNTER, SMITH & DAVIS, LLP**

>*Mark S. Dessauer*
>Mark S. Dessauer

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONICSOLUTIONS ALGAE CONTROL, LLC,     *
SONIC SOLUTIONS, LLC, and              *
ALGAECONTROL.US LLC,                   *
                                       *
    Plaintiffs/Counter-Defendants    *
                                       *
VS.                                    *     Civil Action No.
                                       *     3:21-cv-30068-KAR
                                       *
DIVERSIFIED POWER INTERNATIONAL, LLC,  *     JURY DEMANDED
and ANTONIO TRIGIANI,                  *
                                       *
    Defendants/Counter-Plaintiff     *

# SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendant/Counter-Plaintiff Diversified Power International, LLC ("DPI") and Defendant Antonio Trigiani ("Trigiani") (DPI and Trigiani sometime collectively hereinafter the "Defendants"), submit the following responses to Plaintiffs Sonic Solutions Algae Control, LLC ("SSAC"), Sonic Solutions, LLC ("Sonic Solutions") and AlgaeControl.US LLC's ("ACUS") (SSAC, Sonic Solutions and ACUS sometimes collectively hereinafter "Plaintiffs") requests for production of documents and things.

**REQUEST NO. 1:**  All correspondence or documents sent or received by Defendant Trigiani, Charlie Morgan, Lou Bourbon, Paul Woods, Brittany Childers, Faith Johnston, George Barton, Kristen Luttrell, Larry Peacock, Hootie Hilton, or another DPI representative, agent, or employee who worked in or on behalf of DPI's HBS Division



EXHIBIT

3

(and/or for Hydro Bioscience, LLC), other than correspondence to which Sonic Solutions, ACUS, or SSAC are the sole recipient(s), which contain (a) one or more of the following terms: Sonic Solutions, George, SSAC, Dana, Tara, Devon, Obras Sanitarias del Estado, O.S.E., Algae Control, Dealer Agreement, or (b) the words HBS, Hydro Bioscience, or algae AND any of the following words: contract, agreement, noncompete, exclusive, discount, distributor.

**RESPONSE**: Defendants object to this Request on the grounds that it is vague and overbroad and fails to contain any time restriction. Without waiving the foregoing objections, Defendants respond as follows: Defendants believe that the documents produced in each individual response include or incorporate the documents responsive to this Request. See documents (DPI 000001 – DPI 000002). See also supplemental documents attached (DPI 005085 – DPI 005086).

**REQUEST NO. 2:** All documents that you contend include a communication to SSAC that DPI would not sell HBS products to SSAC at a discount.

**RESPONSE:** Please see documents (DPI 000003 - DPI 000012). See also supplemental documents attached (DPI 005087 – DPI 005097).

**REQUEST NO. 3:** All documents, including communications, concerning the terms of the discount at which SSAC purchased HBS products.

**RESPONSE:** Please see documents (DPI 000013 - DPI 000245). See also supplemental documents attached (DPI 005098 – DPI 005422).

2

**REQUEST NO. 4:**   All marketing materials concerning HBS products, which materials were created prior to April 26, 2021 and which materials you contend DPI created without the assistance of Sonic Solutions, ACUS, or SSAC.

**RESPONSE:**   Please see documents (DPI 000246 - DPI 000303).   See also supplemental documents attached (DPI 005423 – DPI 005973).

**REQUEST NO. 5:**   All documents that you contend include a communication that DPI would not sell HBS products to Sonic Solutions or ACUS at a discount.

**RESPONSE:**   Please see response to Request No. 2.   See also document attached (DPI 005974).

**REQUEST NO. 6:**   All price lists exchanged between DPI and SSAC concerning HBS products.

**RESPONSE:**   Please see documents (DPI 000304 - DPI 000490).   See also supplemental documents attached (DPI 005975 – DPI 006330).

3

**HUNTER, SMITH & DAVIS, LLP**

By: *Mark S. Dessauer*
     Mark S. Dessauer, Esq.
     TN BPR NO.: 010421
     1212 North Eastman Road
     Post Office Box 3740
     Kingsport, Tennessee 37664-0740
     dessauer@hsdlaw.com
     (423) 378-8840; Fax: (423) 378-8801
     Admitted Pro Hac Vice

     Karen Sutherland, Esq.
     Mass. Bar No. 684923
     THE SUTHERLAND LAW FIRM, LLC
     123 Main Street, Suite B
     Belfast, Maine 04915
     (207) 218-1524/ (207) 218-1624
     ksutherland@thesutherlandlawfirm.com

     *Attorneys for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February **3**, 2022 the foregoing **Supplemental Response to Plaintiffs' First Set of Requests For The Production Of Documents And Things To Defendants** was served on the following, counsel of record, via overnight courier and electronic mail:

     Bulkley, Richardson and Gelinas, LLP
     James C. Duda, Esq.
     Lauren C. Ostberg, Esq.
     jduda@bulkley.com
     lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

*Mark S. Dessauer*
Mark S. Dessauer

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONICSOLUTIONS ALGAE CONTROL, LLC,      *
SONIC SOLUTIONS, LLC, and               *
ALGAECONTROL.US LLC,                    *
                                        *
     Plaintiffs/Counter-Defendants      *
                                        *
VS.                                     *      Civil Action No.
                                        *      3:21-cv-30068-KAR
                                        *
DIVERSIFIED POWER INTERNATIONAL, LLC,   *      JURY DEMANDED
and ANTONIO TRIGIANI,                   *
                                        *
     Defendants/Counter-Plaintiff       *

# RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendant/Counter-Plaintiff Diversified Power International, LLC ("DPI") and Defendant Antonio Trigiani ("Trigiani") (DPI and Trigiani sometime collectively hereinafter the "Defendants"), submit the following responses to Plaintiffs Sonic Solutions Algae Control, LLC ("SSAC"), Sonic Solutions, LLC ("Sonic Solutions") and AlgaeControl.US LLC's ("ACUS") (SSAC, Sonic Solutions and ACUS sometimes collectively hereinafter "Plaintiffs") requests for production of documents and things.

**REQUEST NO. 7:** All documents, including but not limited to invoices, purchase orders, and summaries thereof, concerning the price at which DPI sold HBS products to SSAC and/or Sonic Solutions.



EXHIBIT
4

**RESPONSE:** Please see documents attached (DPI 002309 – DPI 003916).


**REQUEST NO. 8:** All documents concerning the credit and payment terms (including, for example, net-30, pre-pay, $35,000 credit) on which DPI sold HBS products to Sonic Solutions and/or SSAC.

**RESPONSE:** Please see documents attached (DPI 004570 - DPI 004623).


**REQUEST NO. 9:** All documents that you contend include a communication to SSAC that DPI would sell HBS products directly on the marketplace.

**RESPONSE:** Please see documents attached (DPI 004639 - DPI 004732).


**REQUEST NO. 10:** Any communication by and between DPI and any Plaintiff that includes the word or phrase "contract," "dealer agreement," "distributor," or "exclusive."

**RESPONSE:** Please see documents attached (DPI 000491 - DPI 000672).


**REQUEST NO. 11:** All communications between DPI and SSAC concerning target sales, sales goals, or marketing of HBS products.

**RESPONSE:** Please see documents attached (DPI 000673).


**REQUEST NO. 12:** All documents provided to Sonic Solutions, ACUS, and/or SSAC by DPI, including but not limited to communications, in which DPI requests that information be maintained as confidential.

**RESPONSE:** Please see documents attached (DPI 000674 - DPI 000705).

2

**REQUEST NO. 13:** All communications or other documents sent to persons other than Sonic Solutions, ACUS, or SSAC concerning any Price Matrix.

**RESPONSE:** Defendants object to this Request on the grounds that it is vague and overbroad, and fails to seek information that is relevant to any claim or defense asserted in this action. Without waiving the foregoing objections, Defendants respond as follows: See Responses to Request No. 52. See also Defendants' Response to Plaintiffs' Interrogatory Nos. 9 and 15. See also DPI 000706.

**REQUEST NO. 14:** All communications, memoranda, or other documents exchanged by any owner, member, officer, employee, or agent of DPI with any other owner, member, officer, employee, or agent of DPI concerning any Price Matrix.

**RESPONSE:** Defendants object to this Request on the grounds that it is vague and overbroad, and fails to seek information that is relevant to any claim or defense asserted in this action. See also DPI 000706.

**REQUEST NO. 15:** All internal communications, memoranda, or other documents concerning or relating to the decision that DPI would cease selling HBS products to SSAC.

**RESPONSE:** Defendants object to this Request on the grounds that it seeks information protected by the attorney-client privilege. See also DPI 000707.

3

**REQUEST NO. 16:** Any Dealer Agreement, whether blank or signed, along with any communications concerning such Dealer Agreement.

**RESPONSE:** Defendants object to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.  Without waiving the foregoing objections, Defendants are not aware of any documents in their possession or control that are responsive to this Request. See also DPI 000706.

**REQUEST NO. 17:** All agreements and/or contracts between DPI and any Plaintiff concerning HBS products.

**RESPONSE:** Except for individual purchase orders and invoices between DPI and Sonic Solutions, ACUS or SSAC, Defendants have no documents in their possession that are responsive to this Request.  Sonic Solutions, ACUS or SSAC have in their possession copies of the respective invoices and purchase orders.  See also DPI 000708.

**REQUEST NO. 18:** All documents concerning a potential joint venture between Sonic Solutions, DPI, and ACUS, including but not limited to all Letters of Intent between and/or among DPI, Sonic Solutions, ACUS, and/or SSAC, whether signed or in blank.

**RESPONSE:** Please see response to Request No. 10.  See also DPI 000709.

**REQUEST NO. 19:** All documents reflecting the relationship between Sonic Solutions and any Sonic Solutions Dealer, ACUS and any ACUS Dealer, and SSAC and any SSAC Dealer, including but not limited to the names of such dealers, a blank or signed Dealer Agreement, or the prices of products sold or to be sold to those dealers.

4

**RESPONSE:** Defendants object to this Request on the grounds that it is vague and overbroad. Without waiving the foregoing objections, Defendants respond as follows: DPI received a blank dealer Agreement from Rocco Spadafore of 21st Century Algae Solutions, LLC that was provided by SSAC. This document has previously been produced in this case as Plaintiffs' Exhibit 10 during the hearing on Plaintiffs' request for a temporary injunction. See also DPI 000706.

**REQUEST NO. 20:** All documents referenced in paragraph 20 of Trigiani's Affidavit, concerning DPI's sales of XSun Products, HBS products, and other parts to ACUS between 2014 and 2019 and the addresses to which such products were shipped.

**RESPONSE:** Please see documents attached (DPI 000710 – DPI 000881).

**REQUEST NO. 21:** All documents referenced in paragraph 12 of Trigiani's Affidavit, concerning sales of XSun, HBS products, and "DPI related warranty parts" to Sonic Solutions between June 8, 2009 and May 2019 and the addresses to which such products were shipped.

**RESPONSE:** Please see documents attached (DPI 000882 – DPI 001042).

**REQUEST NO. 22:** All documents referred to in paragraph 29 of Trigiani's Affidavit, reflecting DPI's total sales to SSAC and the addresses to which such products were shipped.

**RESPONSE:** Please see documents attached (DPI 001043 – DPI 001118).

5

**REQUEST NO. 23:**  All documents, including but not limited to the sales and accounting records referenced in paragraph 29 of Trigiani's Affidavit, reflecting the total sales of HBS products through distributors other than Sonic Solutions, ACUS, or SSAC.

**RESPONSE:**  Defendants object to this Request on the grounds: (a) Trigiani did not submit an Affidavit in this case; (b) paragraph 29 of his Declaration (doc. 26-1) relates to sales to SSAC during the period August 19, 2019 through May 4, 2021; and (c) the documents requested are not relevant to any claim or defense asserted in this action. Without waiving the foregoing objections, see also DPI 001119 – DPI 001122.

**REQUEST NO. 24:**  Documents reflecting the total sales of HBS products to persons other than ACUS, Sonic Solutions, or SSAC.

**RESPONSE:**  DPI objects to this Request on the grounds that it is not relevant to any claim or defense asserted in this action.  Without waiving the foregoing objections, see also DPI 001123 – DPI 001255.

**REQUEST NO. 25:**  Documents reflecting the total sales of HBS products to any Reseller. "Reseller," in this context, has the same meaning as it does in the DPI MAP Policy, version date May 7, 2018, which is available at dpipower.com/map-agreement.pdf as of October 27, 2021.

**RESPONSE:**  DPI objects to this Request on the grounds that it is not relevant to any claim or defense asserted in this action.

6

**REQUEST NO. 26:**   All documents concerning DPI's exclusive dealer arrangements, as that term is used in paragraph 25 of the Counterclaims.

**RESPONSE:**  DPI objects to this Request on the grounds that it is not relevant to any claim or defense asserted in this action.  DPI further objects to this Request as paragraph 25 of the Counterclaim states that: "it has no exclusive dealer arrangements, supply contracts or any form of exclusive or preferred arrangements with ACUS for either DPI's XSun Products or its HBS Products."  Defendants cannot produce documents to support an allegation that no such documents exist.

**REQUEST NO. 27:** All documents concerning DPI's supply contracts, as that term is used in paragraph 25 of the Counterclaims.

**RESPONSE:**  DPI objects to this Request on the grounds that it is not relevant to any claim or defense asserted in this action.  DPI further objects to this Request as paragraph 25 of the Counterclaim states that: "it has no exclusive dealer arrangements, supply contracts or any form of exclusive or preferred arrangements with ACUS for either DPI's XSun Products or its HBS Products."  Defendants cannot produce documents to support an allegation that no such documents exist.

**REQUEST NO. 28:**   All documents concerning DPI's exclusive or preferred arrangements, as those terms are used in paragraph 25 of the Counterclaims.

**RESPONSE:**  DPI objects to this Request on the grounds that it is not relevant to any claim or defense asserted in this action.  DPI further objects to this Request as paragraph 25 of the Counterclaim states that: "it has no exclusive dealer arrangements,

supply contracts or any form of exclusive or preferred arrangements with ACUS for either DPI's XSun Products or its HBS Products." Defendants cannot produce documents to support an allegation that no such documents exist.

**REQUEST NO. 29:** All documents concerning sales of HBS products from DPI to AlgaeFree of Australia, AlgaeFree of Norway, Photon, T.A.S.O., and Alpha Environmental Ltd. of New Zealand and any of their agents, subsidiaries, or representatives.

**RESPONSE:** Defendants object to this Request on the grounds that the information sought is not relevant to any claim or defense asserted in this action.

**REQUEST NO. 30:** All documents, other than purchase orders submitted by Sonic Solutions or SSAC, that contain information identifying any Sonic Solutions Dealer, Sonic Solutions Customer, SSAC Dealer, or SSAC Customer. Such request includes, but is not limited to, any list of Sonic Solutions Customers, Sonic Solutions Dealers, ACUS Customers, ACUS Dealers, SSAC Customers, or SSAC Dealers.

**RESPONSE:** Please see documents attached (DPI 001256).

**REQUEST NO. 31:** All documents supporting your contention, in paragraph 19 of Trigiani's Affidavit, that DPI discussed the 2012 Noncompete with Sonic Solutions after its signature.

**RESPONSE:** Please see documents attached (DPI 001257).

8

**REQUEST NO. 32:** Any communication to Sonic Solutions concerning DPI's anticipated entry into the algae remediation market in 2016 or 2017, as discussed in paragraph 19 of Trigiani's affidavit.

**RESPONSE:** Please see documents attached (DPI 001258).

**REQUEST NO. 33:** All documents, to the extent they are not encompassed by Request No. 1, consisting of, containing, or referring to communications between Rocco Spadafore and DPI concerning Dana Taylor, Sonic Solutions, ACUS, SSAC, or a Dealer Agreement.

**RESPONSE:** Please see documents attached (DPI 001259 - DPI 001349).

**REQUEST NO. 34:** All documents, to the extent they are not encompassed by Request No. 1, consisting of, containing, or referring to communications and between DPI and Lawrence Field concerning Sonic Solutions, ACUS, SSAC, or a Dealer Agreement.

**RESPONSE:** See response to Request No. 1.

**REQUEST NO. 35:** Marketing materials advertising or promoting HBS Products prepared by DPI without the assistance of Sonic Solutions or SSAC.

**RESPONSE:** Please see documents in response to Request No. 4. See also DPI 001350.

9

**REQUEST NO. 36:**  All documents concerning the Long Pond Clean Waters Committee.

**RESPONSE:**  DPI objects to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.

**REQUEST NO. 37:**  All documents consisting of, containing, or referring to any communication by Paul Woods with KLM, including, for example, electronic correspondence sent to mark@klmsolutions.com.

**RESPONSE:**  DPI objects to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.

**REQUEST NO. 38:**  All documents concerning CanDetec, Inc. and any of its agents, subsidiaries, or representatives, including but not limited to all communications between DPI and CanDetec, Inc. and any of its agents, subsidiaries, or representatives between January 1, 2019 and the present day.

**RESPONSE:**  DPI objects to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.

**REQUEST NO. 39:**  All documents consisting of, containing, or referring to any communications between January 1, 2019 and the present between DPI and AlgaeFree of Australia, T.A.S.O., Les Traitments BioBac, KLM, and/or Maryland Biochemical Co. and any of their respective agents, subsidiaries, or representatives.

**RESPONSE:** DPI objects to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.

**REQUEST NO. 40:** Documents concerning prices of HBS products offered by DPI to AlgaeFree of Australia, T.A.S.O., Les Traitments BioBac, KLM, Maryland Biochemical Co., and/or any Sonic Solutions Dealer, ACUS Dealer, or SSAC Dealer.

**RESPONSE:** DPI objects to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.

**REQUEST NO. 41:** Records concerning the processing of warranties by products previously sold to SSAC and/or shipped to SSAC Dealers and/or Customers.

**RESPONSE:** Please see documents attached (DPI 001351 - DPI 001496).

**REQUEST NO. 42:** All RMAs received by DPI for HBS products between April 1, 2019 and the present date that were not submitted to DPI by SSAC.

**RESPONSE:** Please see response to Request No. 41.

**REQUEST NO. 43:** Any response to or other communication concerning the RMAs described in the Document Request No. 42.

**RESPONSE:** Please see response to Request No. 41.

11

**REQUEST NO. 44:**  All RMAs received by DPI from Sonic Solutions Customers, ACUS Customers, and/or SSAC Customers.

**RESPONSE:**  Please see response to Request No. 41.

**REQUEST NO. 45:**  All documents and communications concerning RMA requests communicated by SSAC that remained open on April 27, 2021, including but not limited to RMA# 212000016 and other RMAs listed in correspondence Defendant Trigiani received from tara@sonicsolutionsllc.com on Wednesday, May 5, 2021, subject line Open RMA 's.

**RESPONSE:**  Please see documents attached (DPI 001497 – DPI 001558).

**REQUEST NO. 46:**  All communications and other documents dated or created after April 26, 2021 concerning RMA requests for HBS products sold to a SSAC Customer or SSAC Dealer.

**RESPONSE:**  Defendants object to this Request on the grounds that it seeks information that is not relevant to any claim or defense asserted in this action.

**REQUEST NO. 47:**  All documents concerning Purchase Orders 210419-1, 2010420-1, 210420-2, 210420-3, 210421-1, or 210421-2, attached to the Complaint as Exhibit 7.

**RESPONSE:**  Please see documents attached (DPI 001559 - DPI 001780).

**REQUEST NO. 48:**  All documents concerning ESC Global, Aquarion, Placer County Water Agency, Salisbury WWTP, or the City of Montague, including but not limited to communications between DPI and such entity dated on or after April 1, 2021.

**RESPONSE:**  DPI objects to this Request on the grounds that it is not relevant to any claim or defense asserted in this action.

**REQUEST NO. 49:**  All documents reflecting DPI's "rejection" of any purchase order submitted by Sonic Solutions, ACUS, or SSAC other than the purchase orders attached to the Complaint at Exhibit 7.

**RESPONSE:**  Please see documents produced in response to Request No. 47.

**REQUEST NO. 50:**  All documents concerning the "huge price increases on all materials across the board" referenced in correspondence sent from Defendant Trigiani to Tara Spitzer on or around April 19, 2021.

**RESPONSE:**  DPI objects to this Request on the grounds that it is vague and overbroad.  Without waiving the foregoing objections, DPI responds as follows: Please see documents attached DPI 001781 – DPI 001801.

**REQUEST NO. 51:**  Documents DPI produced to its lenders, consistent with the financial reporting requirements discussed in paragraph 45 of Trigiani' s Affidavit, that concern the creditworthiness of SSAC and/or any SSAC Customer or SSAC Dealer.

**RESPONSE:**  Defendants object to this Request on the grounds that it seeks information that is not relevant to any claim or defense asserted in this action.  Defendants

further object to this Request on the grounds that a SSAC Customer or SSAC Dealer was not an account debtor to DPI.

**REQUEST NO. 52:**  All documents identifying recipients of the Hydro Bioscience Ownership, Distribution and Sales Clarification Notice (the "Notice"). For purposes of this Request, the Notice is the document attached to the Complaint as Exhibit 9.

**RESPONSE:**  Please see documents attached (DPI 001802 - DPI 001915).

**REQUEST NO. 53:**  All documents concerning DPI's ownership of "customer support." "Customer support" (and the ownership thereof) shall have the same meaning as it does in the Notice attached to the Complaint as Exhibit 9.

**RESPONSE:**  DPI objects to this Request on the grounds that it is vague and overbroad. Without waiving the foregoing objections, Defendants have no documents in their possession or control responsive to this Request.

**REQUEST NO. 54:**  All documents concerning the meaning of "Customer Service" as that term is used in page 40 of the manual attached to the Complaint as Exhibit 2.

**RESPONSE:**  DPI objects to this Request on the grounds that it is vague and overbroad. Without waiving the foregoing objections, Defendants respond as follows: Defendants have no documents in their possession or control specifically responsive to this Request.

14

**REQUEST NO. 55:** All communications between DPI and any Plaintiff concerning the manual attached to the Complaint as Exhibit 2, including, but not limited to, revisions to the manual proposed by SSAC.

**RESPONSE:** Please see documents attached (DPI 001916 - DPI 002286).

**REQUEST NO. 56:** One copy of each form of user manual DPI has provided to customers with the HBS products, of which the manual attached to the Complaint as Exhibit 2 is one example.

**RESPONSE:** Please see response to Request No. 55.

**REQUEST NO. 57:** All documents concerning DPI's decision, in or around March 2021, to cease distribution of the manual attached to the Complaint as Exhibit 2.

**RESPONSE:** Defendants have no documents in their possession or control responsive to this Request.

**REQUEST NO. 58:** All documents, including but not limited to communications received by DPI between June 1, 2021 and June 9, 2021, and any communications from the source of the images and text appearing on such page, concerning the "Testimonials" appearing attached to the Complaint as Exhibit 11 and such Testimonials which presently appear at https://www.algaemanagement.com/Testimonials.html.

**RESPONSE:** Defendants have no documents in their possession or control responsive to this Request. DPI internally discovered a mistake with respect to this testimonial referenced in its website and corrected it.

15

**REQUEST NO. 59:** All documents you contend support Defendant Trigiani's contention, discussed in paragraph 8 of his affidavit of July 2, 2021, that he developed and invented the HBS products.

**RESPONSE:** Defendants object to this Request on the grounds that the documents requested are protected by the attorney-client privilege. Without waiving the foregoing objections, Defendants rely on Patent No. 10,399,867 B2 dated September 3, 2019 issued to Mr. Trigiani, a copy of which has been previously produced to Plaintiffs in this case. Without waiving the foregoing objection, DPI responds as follows: See attached documents DPI 002287 – DPI 002305.

**REQUEST NO. 60:** A copy of the license or licenses that, in paragraph 7 of the Counterclaims, you contend Defendant Trigiani has provided to DPI for "the technology under Patent No. US 10,399,867 B2 issued to Trigiani by the United States Patent and Trademark Office on September 3, 2019 (the "Patent").

**RESPONSE:** Defendants have no documents in their possession or control responsive to this Request as DPI's license with respect to the Patent is an oral agreement.

**REQUEST NO. 61:** All documents that you contend supports the allegation in paragraph 7 of the Counterclaims: "The patented technology enabled Trigiani and DPI to design and develop the HBS Products."

**RESPONSE:** See responses to Request Nos. 59 and 60.

16

**REQUEST NO. 62:** All correspondence to or from George Hutchinson, prior to September 3, 2019, concerning any application for the Patent identified in paragraph 7 of the Counterclaims, including the specification, drawings, and claims thereof, and/or any related provisional patent application.

**RESPONSE:** Defendants have no documents in their possession or control responsive to this Request.   The responsive documents, if any, are encrypted and not accessible by DPI.


**REQUEST NO. 63:** All correspondence to or from George Hutchinson, prior to September 3, 2019, concerning the "technology" identified in paragraph 7 of the Counterclaims.

**RESPONSE:** Please see response to Request No. 62.


**REQUEST NO. 64:** All documents that you contend support the allegation in paragraph 8 of the Counterclaims: "SSAC, Sonic Solutions and/or ACUS have no ownership interest in or to the Patent and/or Trademarks and further have no license in or right to use the Patent or the Trademarks.".

**RESPONSE:** Defendants object to this Request on the grounds that it is vague and overbroad and it requests that Defendants produce documents that prove a negative. Without waiving the foregoing objections, Defendants rely on the Patent previously produced in this case.

17

**REQUEST NO. 65:** All documents reflecting the origin of the phrase "Quattro-DB" and "SolaRaft."

**RESPONSE:** Defendants object to this Request on the grounds that it is vague and overbroad. Without waiving the foregoing objections, the origin documents are the trademark themselves, copies of which have previously been provided to Plaintiffs in this case. See also DPI 002306 – DPI 002308.

**REQUEST NO. 66:** The license or licenses that, in paragraph 7 of Defendants' Counterclaims, you contend Defendant Trigiani "has licensed to DPI" for "the technology under Patent No. US 10,399,867 B2 issued to Trigiani by the United States Patent and Trademark Office on September 3, 2019 (the "Patent")."

**RESPONSE:** Please see response to Request No. 60.

**REQUEST NO. 67:** Documents supporting Defendant Trigiani's assertion, made in paragraph 43 of Trigiani's Affidavit, that Defendant Trigiani's worked on a patentable ultrasonic product in the year 2009.

**RESPONSE:** Defendants have no documents in their possession or control responsive to this Request.

**REQUEST NO. 68:** Any license or assignment of the Patent identified in paragraph 7 of the Counterclaims.

18

**RESPONSE:** Please see responses to Request Nos. 60 and 66.


**REQUEST NO. 69:** Any license or assignment of the "Trademarks" identified in identified in paragraph 7 of the Counterclaims.

**RESPONSE:** Defendants have no documents in their possession or control as DPI owns the trademarks referenced in paragraph 7 of the Counterclaim.


**REQUEST NO. 70:** Any license, assignment, or transfer of HBS products, customers, dealers, distributors, intellectual property, and/or manufacturing capabilities from Diversified Power International, LLC to Hydro BioScience, LLC.

**RESPONSE:** Defendants object to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action.


**REQUEST NO. 71:** Any communication to SSAC, Sonic Solutions, or ACUS concerning DPI MAP Policy, version date May 7, 2018, which is available at dpipower.com/map-agreement.pdf as of October 27, 2021.

**RESPONSE:** Please see documents attached (DPI 003917 - DPI 003960).


**REQUEST NO. 72:** All documents that you contend support Defendant Trigiani's assertion, made in paragraph 42 of Trigiani's Affidavit, that Charlie Morgan's last day of work was February 17, 2021.

**RESPONSE:** Please see documents attached (DPI 003961 - DPI 003962; DPI 003969 – DPI 003970).

**REQUEST NO. 73:**  All documents concerning the assignment and instruction Defendant Trigiani allegedly gave to Charlie Morgan, described in paragraph 42 of Trigiani's Affidavit, concerning a DPI dealer sales agreement.

**RESPONSE:**  Defendants have no documents in their possession or control specifically responsive to this Request as the instruction was verbal.  The documents Mr. Morgan provided are attached as DPI 003963 – DPI 003968.

**REQUEST NO. 74:**  Documents written, prepared, and/or distributed by Defendant Trigiani, or documents reflecting communications by Defendant Trigiani, concerning Charlie Morgan's duties and authority within DPI between November 1, 2020 and his final day of work at DPI.

**RESPONSE:**  A copy of Mr. Morgan's Employment Agreement has previously been provided and filed in this case. (See Doc. 61-1, pp. 3-11).  Also, please see attached copy of formal offer and acceptance of employment signed by Charles Morgan on July 9, 2019. (DPI 003971).

**REQUEST NO. 75:**  All copies of any dealer sales agreement, as that term was used in paragraph 42 of Trigiani's Affidavit, between DPI and any third party.

**RESPONSE:**  Defendants object to this Request on the grounds that the information sought is not relevant to any claim or defense asserted in this action.

**REQUEST NO. 76:** All documents concerning the "collection of emails" relating to the February 4, 2021 letter referenced in paragraph 41 of Trigiani's Affidavit.

**RESPONSE:** Please see documents attached (DPI 003972 - DPI 004083).


**REQUEST NO. 77:** Any document containing the name "Gonzalo Serra Castillo" or the words "Obras Sanitarias del Estado" or the abbreviation "O.S.E."

**RESPONSE:** Please see response to Request No. 76. Please see also documents attached (DPI 004084 - DPI 004567).


**REQUEST NO. 78:** All documents reflecting the solicitation of DPI by a contractor for the government of Uruguay referenced in paragraph 29 of the Counterclaims.

**RESPONSE:** Defendants object to this Request on the grounds that paragraph 29 of the Counterclaims does not reflect or relate to a contractor for the government of Uruguay. Without waiving the foregoing objections, DPI responds as follows: Please see documents attached DPI 004283 – DPI 004569.


**REQUEST NO. 79:** All documents concerning the proposal allegedly submitted to Uruguay's authorized contractor referenced in paragraph 30 of the Counterclaims.

**RESPONSE:** DPI has no specific documents in its possession responsive to this Request.


21

**REQUEST NO. 80:** All documents supporting your contention, in paragraph 30 of the Counterclaims, that DPI expected $1,000,000 in revenue from an alleged business opportunity in Uruguay.

**RESPONSE:** Please see documents attached (DPI 004624).

**REQUEST NO. 81:** All non-privileged documents not otherwise requested concerning the Uruguay Counterclaims, including, but not limited to, communications between Linda Blankenship and any other person concerning the layout models referenced in page 7 of Dkt. 53 filed in this case.

**RESPONSE:** Please see documents attached DPI 004625 – DPI 004638.

**REQUEST NO. 82:** All documents concerning the January 27, 2021 Powerpoint presentation referenced in paragraph 40 of the Counterclaims, including, but not limited to, any copy of such Powerpoint presentation received by DPI.

**RESPONSE:** Please see documents attached (DPI 004969 - DPI 005069).

**REQUEST NO. 83:** All documents that you contend support the allegation in paragraph 37 of the Counterclaims that, "On or about January 27, 2021, "SSAC joined" in "representations" that "were false and materially misleading."

**RESPONSE:** Defendants object to this Request on the grounds that there are no statements to that effect in paragraph 37 of the Counterclaims.

22

**REQUEST NO. 84:** Any document concerning the transfer of customers, dealers, distributors, intellectual property, and/or manufacturing capabilities from Diversified Power International, LLC to Hydro BioScience, LLC.

**RESPONSE:** Defendants object to this Request on the grounds that the information requested is not relevant to any claim or defense asserted in this action.

**REQUEST NO. 85:** All documents identified in DPI's Initial Disclosures.

**RESPONSE:** Defendants believe that they have produced or are in the process of producing all documents responsive to this Request. Defendants reserve the right to supplement this response as discovery in this case develops.

**REQUEST NO. 86:** All documents mentioned or identified in DPI's Answers to Plaintiffs' Interrogatories in this Litigation.

**RESPONSE:** Defendants believe that they have produced or are in the process of producing all documents responsive to this Request. Defendants reserve the right to supplement this response as discovery in this case develops.

**REQUEST NO. 87:** All non-privileged documents not already requested in the possession of those persons identified in DPI's Initial Disclosures as likely to have discoverable information concerning Sonic Solutions, ACUS, SSAC (including, as defined, each of the preceding entity's agents, servants, and employees, and any other person or entity acting or purporting to act on its behalf), the Uruguay Tender, the Uruguay

Counterclaims, or any claim or defense in the Litigation, or the events underlying those claims and defenses.

**RESPONSE:** Defendants believe that they have produced or are in the process of producing all documents responsive to this Request. Defendants reserve the right to supplement this response as discovery develops.

**REQUEST NO. 88:** All non-privileged documents not otherwise requested concerning any of DPI's internal communications relating to or concerning SSAC, Sonic Solutions, ACUS, the Claims, or the Counterclaims.

**RESPONSE:** Defendants object to this Request on the grounds that it is vague and overbroad. Without waiving the foregoing objections, Defendants respond as follows: Defendants believe that they have produced all non-privilege documents responsive to this Request.

**REQUEST NO. 89:** All handwritten or typed notes that evidence or memorialize any communications between DPI (including, as defined, its officers, agents, servants, employees, parents, subsidiaries, affiliates, and other related entities) and any other person or entity regarding the facts or Claims alleged in the Complaint and/or Counterclaims.

**RESPONSE:** Defendants have no documents in their possession or control responsive to this Request.

**REQUEST NO. 90:**  All documents concerning any investigations undertaken by DPI or any other entity or person concerning the Claims.

**RESPONSE:**  Please see attached Amended Complaint and Second Amended Complaint filed in pending Tennessee litigation.  (DPI 004761 – DPI 004968).  In addition, please see response to Request No. 92.

**REQUEST NO. 91:**  All documents concerning any reports, signed or unsigned statements, recordings or written transcripts of any interviews or oral statements, or other written account of or relating to the facts and Claims alleged in the Complaint and/or Counterclaims.

**RESPONSE:**  Please see response to Request No. 90.  Please see copies of statements attached (DPI 005070 - DPI 005083).

**REQUEST NO. 92:**  All non-privileged documents not otherwise requested that you contend support any allegation in the Counterclaims or a defense to the Complaint.

**RESPONSE:**  Defendants object to this Request on the grounds that it is vague and overbroad.  Without waiving the foregoing objections, Defendants respond as follows: Defendants believe that they have produced or are in the process of producing all documents responsive to this Request.  Defendants reserve the right to supplement these responses as discovery develops in this case.  See also DPI 004733 – DPI 004734.

25

**HUNTER, SMITH & DAVIS, LLP**

By:  *Mark S. Dessauer*

Mark S. Dessauer, Esq.
TN BPR NO.: 010421
1212 North Eastman Road
Post Office Box 3740
Kingsport, Tennessee 37664-0740
dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Admitted Pro Hac Vice

Karen Sutherland, Esq.
Mass. Bar No. 684923
THE SUTHERLAND LAW FIRM, LLC
123 Main Street, Suite B
Belfast, Maine 04915
(207) 218-1524/ (207) 218-1624
ksutherland@thesutherlandlawfirm.com

***Attorneys for Defendants/Counter-Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January **26**, 2022 the foregoing **Response to Plaintiffs' First Set Of Requests For The Production Of Documents And Things To Defendants** was served on the following, counsel of record, via first-class mail and electronic mail:

Bulkley, Richardson and Gelinas, LLP
James C. Duda, Esq.
Lauren C. Ostberg, Esq.
jduda@bulkley.com
lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

*Mark S. Dessauer*
Mark S. Dessauer

26

# HUNTER•SMITH•DAVIS
### SINCE 1916     LLP

S. Morris Hadden
William C. Bovender
William C. Argabrite
Jimmie Carpenter Miller
Mark S. Dessauer
Gregory K. Haden
Michael L. Forrester
Stephen M. Darden
Edward J. Webb, Jr.
James N. L. Humphreys[1]
Suzanne Sweet Cook[1]
Michael S. Lattier[5,6]
Scott T. Powers
**Respond to:**
Mark S. Dessauer
423-378-8840
dessauer@hsdlaw.com

**Kingsport Office**
1212 North Eastman Road
P.O. Box 3740
Kingsport, TN 37664
Phone (423) 378-8800
Fax (423) 378-8801

**Johnson City Office**
100 Med Tech Parkway
Suite 110
Johnson City, TN 37604
Phone (423) 283-6300
Fax (423) 283-6301

All Attorneys Licensed in Tennessee
Unless Noted

Additional Bar Memberships:
VA[1], NC[2], KY[3], GA[4], FL[5], MT[6], CA only[7]

Leslie Tentler Ridings
Christopher D. Owens[1,3]
Jason A. Creech
Meredith Bates Humbert
Joseph B. Harvey[4]
Rachel Ralston Mancl[2]
Caroline Ross Williams[1]
Marcy E. Walker
Sarah Blessing Valk
Sydney B. Gilbert
Joseph A. Matherly
Will A. Ellis
Jordan T. Richardson

Of Counsel:
Jeannette Smith Tysinger
John B. Buda[7]

www.hsdlaw.com

DPOI.10322 -     Sonicsolutions Algae Control, LLC, Sonic Solutions, LLC, and Algaecontrol.US LLC v. Diversified Power International, LLC, and Antonio Trigiani; Civil Action No.3:21-cv-30068-KAR

March 10, 2022

***VIA E-MAIL***

Lauren C. Ostberg, Esq.
Bulkley, Richardson
1500 Main Street, Suite 2700
Springfield, MA 01115
lostberg@bulkley.com

Dear Ms. Ostberg:

This will serve as a response to your letter dated March 7, 2022 on behalf of Diversified Power International, LLC ("DPI") and Tony Trigiani ("Trigiani") (DPI and Trigiani collectively the "Defendants"). The purpose of this letter is to provide the Defendants' response to these items and hopefully assist in facilitating the topics to be discussed in our call scheduled for later this morning.

**Document Request No. 1:** You stated that Defendants would supplement DPI's response to this request and search for responsive documents.

**Response:** Defendants' prior response to this Request is supplemented as follows: It was Defendants original intent in responding to this Request was to include all the documents submitted in response to Request Nos. 1-6 as containing responsive documents to Request No. 1. There are a number of documents in DPI 000001 – DPI 000421 that are responsive to this Request. Nevertheless, we recognize that there was some confusion with the specific reference to only two documents. This was not intended to be a limitation, but was less than artfully worded. Thus, DPI will produce additional documents responsive to this Request based on an additional word search or searches in accordance with this specific Request.

**Document Request No. 15:** You represented that there were no non-privileged communications responsive to this request; we understand that Defendants will supplement their written response to so state.

**Response:** Defendants supplement their prior response to this Request as follows: There are no non-privileged communications response to this Request.



**EXHIBIT**
tabbies
5

Lauren C. Ostberg, Esq.
March 10, 2022
Page 2

**Document Request No. 16:** You stated that Defendants will either supplement their document production or confirm, in writing, that no responsive documents exist.

**Response:** Defendants supplement their prior response to this Request as follows: There are no non-privileged communications response to this Request. Although the term "Dealer Agreement" is defined in Plaintiffs' First Set of Requests for Production of Documents and Things to Diversified Power International, LLC and Antonio Trigiani (the "First Requests"), the term "dealer" is not specifically defined. At the hearing on August 31, 2021 or September 1, 2021, an unsigned agreement titled "dealer sales agreement" was introduced into evidence as Exhibit 10. Defendants have no documents in their possession or control, other than the above document or documents previously produced by Plaintiffs or referenced by Plaintiffs in this litigation, responsive to this Request.

**Document Request No. 19:** You stated that Defendants will either supplement their document production or confirm, in writing, that no additional responsive documents exist.

**Response:** Defendants supplement their prior response to this Request as follows: Defendants have no other documents in their possession or control, responsive to this Request.

**Document Request No. 24** We understand that Defendants are withholding documents responsive to this request on the basis of relevance, and that, in order to obtain such documents, we will need to seek relief from the Court.

**Response:** This is incorrect. Document Nos. DPI 001123 – DPI 001255 contain a spreadsheet that includes sales of HBS products to parties other than ACUS, Sonic Solutions and SSAC. The information provided in the spreadsheet is specifically responsive to this Request. For example, DPI 001123 shows sales to Algaefree; DPI 001125 shows sales to Lake & Pond Remediation, Inc and Photon Water; and DPI 001126 shows sales to T.A.S.O. The spreadsheet for HBS product sales to persons other than ACUS, Sonic Solutions or SSAC is located at DPI 001123 – DPI 001147. The sales of HBS products to ACUS and SSAC are DPI 001148 – DPI 001255.

**Document Request No 25:** You stated that Defendants will either supplement their document production or confirm, in writing, that no additional responsive documents exist.

**Response:** This is incorrect. The documents responsive to Request No.24 are also responsive to Request No. 25.

**Documents Requests No. 26, 27, and 28:** You agreed to search for and produce documents concerning any exclusive dealer arrangement, supply contract, or exclusive or preferred arrangement between DPI and other parties with respect to HBS Products.

**Response:** This search was undertaken as represented. There is one document that falls into this category and it is titled "Distribution Agreement". The other party to this agreement was never a dealer or customer of ACUS, SSAC or Sonic Solutions. The document also contains confidentiality provisions that preclude its disclosure absent a court order. Defendants object to its production at this time due to its lack of relevance and DPI's unwillingness to breach the confidentiality provisions of this agreement.

Lauren C. Ostberg, Esq.
March 10, 2022
Page 3

**Documents Request Nos. 13, 29, 36, 37, 38, 39, 40, 48**: We understand that Defendants will either supplement these responses, state that no responsive documents exist, or confirm that they are withholding responsive documents on the basis of a relevance objection.

**Response**:

**Request No. 13**: Defendants have previously produced these documents.

**Request No. 29**: DPI had no sales of HBS Products to Alpha Environmental Ltd. of New Zealand. The DPI sales of HBS products to Algae Free of Australia, Algae Free of Norway, Photon & T.A.S.O. are included in the spreadsheet of the responsive documents to Request No. 24. (See DPI 001123 – DPI 001147).

**Request No. 36**: The sales by DPI of HBS products to Long Pond Clean Waters are also included in the spreadsheet of the responsive documents to Request No. 24.

**Request No. 37**: Defendants believe that they have produced the documents that are responsive to this Request but will produce them a second time.

**Request No. 38**: DPI had no communications with CanDetec, Inc., other than the Notice referenced in response to Request No. 52.

**Request No. 39**: Defendants believe that they have produced the documents that are responsive to this Request but will produce them a second time.

**Request No. 40**: Defendants are not aware of any specific Sonic Solutions Dealer, ACUS Dealer or SSAC Dealer. Defendants are not aware of any pricing spreadsheets or pricing matrixes that were sent to any of the parties identified in Request No. 40.

**Document Request No. 31**: We understand that Defendants will either produce the Calendar Notes referenced in the list, state that no responsive documents exist, or indicate that all responsive documents have been withheld on the basis of privilege.
**Response**: We will produce a spreadsheet prepared by Faith Johnson from her calendar notes that reflect meetings with Frank Ahlbin/EnerLume, Sonic Solutions/SSAC, ACUS and Lawrence Field.

**Document Request No. 32**: We understand that Defendants will either produce the Calendar Notes referenced in the list, state that no responsive documents exist, or indicate that all responsive documents have been withheld on the basis of privilege.

**Response**: We will produce a spreadsheet prepared by Faith Johnson from her calendar notes that reflect meetings with Frank Ahlbin/EnerLume, Sonic Solutions/SSAC, ACUS and Lawrence Field. Defendants have no other documents in their possession or control responsive to this Request.

**Document Request No. 33**: We understand that Defendants will either supplement their document production or confirm, in writing, that no additional responsive documents exist.

**Response**: There are no responsive documents, except those produced in Response to Request No. 33 and the documents produced in response to Request Nos. 1 – 6.

Lauren C. Ostberg, Esq.
March 10, 2022
Page 4

**Document Request No. 34**: You stated that Defendants will produce every communication between DPI and Lawrence Field in their possession in response to this request.

**Response**:  Defendants believe that they have produced all documents responsive to this Request but will supplement their response with full directory of communications with Lawrence Field.

**Document Request No. 42**: Defendants will produce RMAs submitted to DPI by parties other than SSAC and/or will add a column to the existing produced spreadsheets that clarifies who submitted the RMA.

**Response**:  Defendants do not have access to this information.  DPI does not identify the company that submitted the RMA but only the customer and Defendants have provided that information with the existing spreadsheet that was produced.

**Document Request No. 43, 44, 46**: We understand that Defendants will either supplement these responses, state that no responsive documents exist, or confirm that they are withholding responsive documents on the basis of a relevance objection.

**Response**:  This is incorrect.  Defendants have produced the responsive documents in Response to Request No. 41.  These spreadsheets contain the information requested regarding the RMAs for the time period requested.

**Document Request No. 47**: We understand that Defendants will either supplement these responses, state that no responsive documents exist, or confirm that they are withholding responsive documents on the basis of a relevance objection.

**Response**:  This is incorrect.  Defendants have submitted responsive documents (DPI 001559 – DPI 001780).

**Document Request No. 49**: You stated that you do not believe there are any responsive documents or previous "rejections" of purchase orders, and will confirm this with Defendants and supplement Defendants' written response accordingly.

**Response**:  This is incorrect.  The responsive documents are DPI 001559 – DPI 001780.  DPI does not believe that it has documents in its possession or control reflecting that DPI rejected any SSAC purchase orders other than PO# 210499-1, PO# 210420-1, PO# 210420-3, PO# 210420-2, PO# 210421-2, and PO# 210421-1.

**Document Request No. 51**: You dispute the relevance of the documents described in this request and stated that such dispute would need to be addressed by the Court.

**Response**:  Defendants have reconsidered this Request.  Although Defendants continue to believe that these documents are not relevant, it will produce the relevant portion of DPI's loan agreement with its lender and a sample of its financial reporting to its lender to finance accounts receivable. The name of the account debtors, except for SSAC or Algaesonix, will be redacted.

Lauren C. Ostberg, Esq.
March 10, 2022
Page 5

**Document Request No. 65**: You indicated that you would review this written response and provide the correct Bates numbers for documents responsive to this request.

**Response**: Defendants believe that they have produced all documents responsive to this Request. Document Nos. DPI 002306 – DPI 002308 reflect that DPI is the owner and holder of these marks. DPI is not aware of other specific documents other than the trademarks themselves that reference the origins of these phrases.

**Document Request No. 70**: You represented that there is no formal assignment from DPI to HBS, and that Defendants would supplement their response to this document request to so indicate.

**Response**: There are no formal assignments from DPI to HydroBioScience, LLC.

**Document Request No. 75**: You represented that Defendants would amend their written response to this request.

**Response**: Defendants prior response to this Request is amended as follows: Paragraph 42 of the Trigiani Declaration[1] states in part: ". . . Mr. Morgan is the 'DPI Associate' who obtained a version of SSAC's dealer agreement because he told me that he did. In that same conversation, I told him that DPI did not engage in plagiarism and to do the best he could to develop the skeleton of an agreement. To my knowledge, Mr. Morgan did nothing more with this project." The document Mr. Morgan obtained was the unsigned form SSAC dealer agreement that SSAC provided to Rocco Spadafore that Mr. Spadafore provided to Mr. Morgan. Mr. Morgan later forwarded this unsigned form agreement to Mr. Trigiani. (See Doc. 67, p. 74-77, 106).

**Document Request No. 84**: You stated that Defendants would amend and/or supplement their response to this request.

**Response**: Defendants supplement their prior response as follows: There are no documents in Defendants' possession or control responsive to this Request.

**Document Request No. 86**: We did not discuss this request in our conference. However, we note that Defendants Answer to Interrogatory No. 15 acknowledges that DPI provided a Price Matrix by email to a range of recipients other than Sonic Solutions, ACUS, and SSAC, and further note that Defendants have failed to produce communications with those recipients concerning such Price Matrix. Such documents are responsive to Document Request No. 86, which seeks all documents mentioned or identified in DPI' s Answers to Interrogatories, and should be provided to Plaintiffs.

**Response**: Defendants believe that they have produced all documents that they believe are responsive to this Request.

---

[1] Trigiani has not filed an Affidavit in this case but a Declaration pursuant to 28 U.S.C. § 1746 (See Doc. 26-1).

Lauren C. Ostberg, Esq.
March 10, 2022
Page 6


With respect to the "Time Zone" metadata, the Universal Time Zone was utilized because of the international communications. DPI's facility is located in Piney Flats, Tennessee which is in the Eastern Time Zone. DPI confirmed to us that the Custodian field was not populated in the ESI that we received from DPI and produced in discovery.

Please let us know if you wish to discuss these items further.


Very sincerely yours,

**HUNTER, SMITH & DAVIS, LLP**

Mark Dessauer

Mark S. Dessauer

MSD/jt
cc:    Mr. Tony Trigiani (via e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONICSOLUTIONS ALGAE CONTROL, LLC,  *
SONIC SOLUTIONS, LLC, and     *
ALGAECONTROL.US LLC,      *
                *
  **Plaintiffs/Counter-Defendants**  *
                *
VS.              *  Civil Action No.
                *  3:21-cv-30068-KAR
                *
DIVERSIFIED POWER INTERNATIONAL, LLC, *  JURY DEMANDED
and ANTONIO TRIGIANI,      *
                *
  **Defendants/Counter-Plaintiff**   *

# SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendant/Counter-Plaintiff Diversified Power International, LLC ("DPI") and Defendant Antonio Trigiani ("Trigiani") (DPI and Trigiani sometime collectively hereinafter the "Defendants"), submit the following supplemental responses to certain of Plaintiffs Sonic Solutions Algae Control, LLC ("SSAC"), Sonic Solutions, LLC ("Sonic Solutions") and AlgaeControl.US LLC's ("ACUS") (SSAC, Sonic Solutions and ACUS sometimes collectively hereinafter "Plaintiffs") requests for production of documents and things previously served on Defendants in this case.

**REQUEST NO. 36:**  All documents concerning the Long Pond Clean Waters Committee.



**RESPONSE:** Defendants object to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action. Without waiving the foregoing objections, please see documents attached (DPI 006332 – DPI 006341).

**REQUEST NO. 37:** All documents consisting of, containing, or referring to any communication by Paul Woods with KLM, including, for example, electronic correspondence sent to mark@klmsolutions.com.

**RESPONSE:** Defendants object to this Request on the grounds that it fails to seek information that is relevant to any claim or defense asserted in this action. Without waiving the foregoing objections, please see documents attached (DPI 006343 – DPI 006365).

**REQUEST NO. 42:** All RMAs received by DPI for HBS products between April 1, 2019 and the present date that were not submitted to DPI by SSAC.

**RESPONSE:** Defendants have previously produced DPI 001351 – DPI 001496 in response to this Request. In addition, please see documents attached (DPI 006366 – DPI 009738).

**REQUEST NO. 46:** All communications and other documents dated or created after April 26, 2021 concerning RMA requests for HBS products sold to a SSAC Customer or SSAC Dealer.

2

**RESPONSE:**  Defendants object to this Request on the grounds that it seeks information that is not relevant to any claim or defense asserted in this action.  Without waiving the foregoing objections, please see documents attached (DPI 006366 – DPI 009738).

**REQUEST NO. 48:**  All documents concerning ESC Global, Aquarion, Placer County Water Agency, Salisbury WWTP, or the City of Montague, including but not limited to communications between DPI and such entity dated on or after April 1, 2021.

**RESPONSE:**  Defendants object to this Request on the grounds that it is not relevant to any claim or defense asserted in this action. Without waiving the foregoing objections, please see documents attached (DPI 009739 – DPI 009817).

**REQUEST NO. 51:**  Documents DPI produced to its lenders, consistent with the financial reporting requirements discussed in paragraph 45 of Trigiani' s Affidavit, that concern the creditworthiness of SSAC and/or any SSAC Customer or SSAC Dealer.

**RESPONSE:**  Defendants object to this Request on the grounds that it seeks information that is not relevant to any claim or defense asserted in this action. Defendants further object to this Request on the grounds that a SSAC customer or a SSAC Dealer was not an account debtor of DPI.  Without waiving the foregoing objections, please see documents attached (DPI 009818 – DPI 009834).

**REQUEST NO. 75:**  All copies of any dealer sales agreement, as that term was used in paragraph 42 of Trigiani's Affidavit, between DPI and any third party.

**RESPONSE:**   Defendants object to this Request on the grounds that the information sought is not relevant to any claim or defense asserted in this action.  Without waiving the foregoing objections, Defendants respond as follows:  paragraph 42 of the Trigiani Declaration previously filed in this case states in part: "Mr. Morgan is the 'DPI Associate' who obtained a version of the SSAC dealer agreement because he told me that he did.  I told him that DPI did not engage in plagiarism and to do the best he could to develop the skeleton of an agreement.  To my knowledge, Mr. Morgan did nothing more with this project."  SSAC provided to Rocco Spadafore an uncompleted and unsigned version of an SSAC dealer agreement.  Mr. Morgan later provided a copy of this uncompleted and unsigned document to Mr. Trigiani.  Defendants believe that Mr. Spadafore provided this document to Mr. Morgan.  Defendants have conducted a search, however, Defendants cannot locate any electronic communications between Mr. Spadafore and Mr. Morgan where he [Mr. Spadafore] provided this document to Mr. Morgan.

**REQUEST NO. 84:** Any document concerning the transfer of customers, dealers, distributors, intellectual property, and/or manufacturing capabilities from Diversified Power International, LLC to Hydro BioScience, LLC.

4

**RESPONSE:** Defendants object to this Request on the grounds that the information requested is not relevant to any claim or defense asserted in this action. Without waiving the foregoing objections, Defendants respond as follows: Defendants have no documents in their possession or control responsive to this Request.

**HUNTER, SMITH & DAVIS, LLP**

By: *Mark S. Dessauer*
      Mark S. Dessauer, Esq.
      TN BPR NO.: 010421
      1212 North Eastman Road
      Post Office Box 3740
      Kingsport, Tennessee 37664-0740
      dessauer@hsdlaw.com
      (423) 378-8840; Fax: (423) 378-8801
      Admitted Pro Hac Vice

      Karen Sutherland, Esq.
      Mass. Bar No. 684923
      THE SUTHERLAND LAW FIRM, LLC
      123 Main Street, Suite B
      Belfast, Maine 04915
      (207) 218-1524/ (207) 218-1624
      ksutherland@thesutherlandlawfirm.com

      ***Attorneys for Defendants/Counter-Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2022 the foregoing **Supplemental Response to Plaintiffs' First Set of Requests For The Production Of Documents And Things To Defendants** was served on the following, counsel of record, via overnight courier and electronic mail:

> Bulkley, Richardson and Gelinas, LLP
> James C. Duda, Esq.
> Lauren C. Ostberg, Esq.
> jduda@bulkley.com
> lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

*Mark S. Dessauer*
Mark S. Dessauer

6