IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SONICSOLUTIONS ALGAE CONTROL, LLC, \*
SONIC SOLUTIONS, LLC, and \*
ALGAECONTROL.US LLC, \*
\*
   Plaintiffs/Counter-Defendants \*
\*
VS. \*   Civil Action No.
\*   3:21-cv-30068-KAR
\*
DIVERSIFIED POWER INTERNATIONAL, LLC, \*
and ANTONIO TRIGIANI, \*
\*
   Defendants/Counter-Plaintiffs \*

# DECLARATION OF ANTONIO TRIGIANI

**STATE OF TENNESSEE:**
**COUNTY OF SULLIVAN:**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.    My name is Antonio ("Tony") Trigiani. I have personal knowledge of all facts stated in this Declaration and if called to testify, I could and would testify competently thereto.

2.    I am the sole member and President of Diversified Power International, LLC ("DPI"), an original defendant in this case.

3.    DPI is a Tennessee limited liability company. Its address and sole business location is 414 Century Court, Piney Flats, Tennessee.

4. I have spent substantial time and effort responding to the Plaintiffs' request for the production of documents in this case including searching for and providing electronically stored information ("ESI"). George Barton, a DPI employee who handles IT related matters for DPI, has assisted me in locating and organizing documents and ESI in this case and he has spent substantial time on these tasks as well. Mr. Barton's involvement with the document and ESI production in this case has required him to spend substantial time away from his regular job duties.

5. It is my understanding based on discussions with DPI's counsel in this case, DPI has produced some 10,048 pages of documents (which includes ESI) to the Plaintiffs in this case. I along with Mr. Barton and other employees of DPI have worked diligently to respond to the discovery requests, to arrange the documents in response to the specific requests and to produce the documents in the specific formats requested by Plaintiffs.

6. DPI is also involved in related litigation in State court in Tennessee. The issues in the Tennessee state court case and this case are similar and overlap. DPI has produced some 14,705 pages of documents (which includes ESI) in the state court case. It is my understanding that the Plaintiffs have subpoenaed and will receive copies of these documents (which includes ESI) as well. This means the Plaintiffs will have access to almost 25,000 pages of documents (which includes ESI) produced by DPI. DPI continues to produce responsive documents in this case.

7. I have reviewed copies of the deposition notices that have been served on George Barton, Donna Trigiani, Paul Woods, Keith Bowman and Larry Peacock in this

case. Each of these persons are employees of DPI. DPI has agreed to make these employees available for their deposition at the times requested by Plaintiffs.

8. The deposition notices to George Barton, Donna Trigiani, Paul Woods, Keith Bowman and Larry Peacock state that the deponent "is further required to bring to the deposition the documents and information requested in the attached Schedule A." The Schedule A to the notices to Ms. Trigiani, Mr. Woods, Mr. Bowman and Mr. Peacock are the same.

9. I have reviewed the documents identified in Schedule A to the notices to Ms. Trigiani, Mr. Woods, Mr. Bowman and Mr. Peacock. Based on my familiarity with the documents produced to date by DPI, these documents or documents responsive to those identified in the Schedule A are duplicative to the document requests made to DPI and have already been produced by DPI in this case.

10. It would take substantial time away from these employees' regular job duties to locate and copy the documents requested as there is no time frame or time limitations on these requests. This would create an undue burden on these employees. It would also require DPI to devote substantial resources for this purpose as DPI would have to pay these employees to search for documents as opposed to performing their regular job duties. If these employees are required to make these searches, their time away from their job duties would cause economic hardship and harm to DPI. It would also submit these employees to an extremely burdensome request outside of their regular job duties and create unrest among them, since they work in these roles as sole function providers.

11. It would also be extremely burdensome for these DPI employees to review the documents produced by DPI in this case to date to ensure the documents produced encompass or include all the documents requested in the Schedule A to the deposition notices. These employees simply do not have the time to engage in such an exercise and do their respective jobs at DPI.

12. I am not aware of any other employees or any employee of DPI retaining a personal copy of a DPI document.

13. I have also read the Schedule A attached to Mr. Barton's deposition notice. It requests documents concerning any investigation or search of documents or for electronically stored information undertaken by him in this case and documents sent and received by certain existing or former DPI employees with specific search terms. This is a duplicative request as to my knowledge, these documents or any documents or electronically stored information based on searches or investigations undertaken by Mr. Barton in this case have been produced. Mr. Barton did assist me in searching for documents and electronic information in this case but he undertook no investigation independent of my request or independent of his role as an employee of DPI.

14. It would be extremely burdensome for Mr. Barton to again search his records at DPI and re-produce or produce for a second time the documents already produced by DPI. This would also cause economic harm to DPI given the time that he would be away from his regular job duties.

15. As stated, DPI has agreed for these employees to be deposed in this case. They can be asked about any document produced by DPI in this case. They can be asked about any document referenced in Schedule A to their deposition notices. There appears to be no reasonable basis for the DPI employees to duplicate the efforts previously made by DPI to produce documents or do review such documents to ensure that all documents related to them and the topics described in Schedule A to the deposition notices have been produced. Such a requirement or requirements would be unduly burdensome on these DPI employees and cause potential economic harm to DPI.

16. I declare under penalty of perjury, the foregoing is true and correct.

Executed this 7th day of April, 2022.

_____
Antonio Trigiani

**SWORN TO AND SUBSCRIBED** before me this the 7th day of April, 2022.

_____
Notary Public

My commission expires:
July 1, 2024

[Notary Seal: BRITTANY N. CHILDRESS, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF SULLIVAN, MY COMM. EXPIRES JULY 1, 2024]