**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SONICSOLUTIONS ALGAE CONTROL, LLC,** | * | |
| **SONIC SOLUTIONS, LLC, and** | * | |
| **ALGAECONTROL.US LLC,** | * | |
| | * | |
| **Plaintiffs/Counter-Defendants** | * | |
| | * | |
| **VS.** | * | **Civil Action No.** |
| | * | **3:21-cv-30068-KAR** |
| | * | |
| **DIVERSIFIED POWER INTERNATIONAL, LLC,** | * | |
| **and ANTONIO TRIGIANI,** | * | |
| | * | |
| **Defendants/Counter-Plaintiff** | * | |

# ANSWER TO AMENDED COMPLAINT

Defendants, Diversified Power International, LLC ("DPI"), Antonio Trigiani ("Trigiani") and Hydro BioScience, LLC ("HBS") (DPI, Trigiani and HBS sometimes collectively hereinafter the "Defendants.

1.      Answering paragraph 1, it is denied that Plaintiffs have stated a claim for relief under the theories of recovery advanced or under any theory.  It is further denied that Plaintiffs are entitled to any relief, damages or otherwise.

2.      Answering paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3.      Answering paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4.      Answering paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5.      Answering paragraph 5, the allegations contained therein are admitted.

6.      Answering paragraph 6, the allegations contained therein are admitted.

7.      Answering paragraph 7, the allegations contained therein are admitted.

8.      Answering paragraph 8, it is admitted that the Court has jurisdiction over this action to the extent that a claim for relief has been stated.

9.      Answering paragraph 9, it is admitted that venue is proper in this Court to the extent that a claim for relief has been stated.

10.     Answering paragraph 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11.     Answering paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

12.     Answering paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

13.     Answering paragraph 13, the allegations contained therein are denied.

14.     Answering paragraph 14, it is admitted that DPI entered into the agreement attached as Exhibit 1 to Plaintiffs' amended complaint.   The remaining allegations contained in paragraph 14 are denied.

15.     Answering paragraph 15, the allegations contained therein are denied inasmuch as the terms of exhibit 1 speak for themselves.

16.     Answering paragraph 16, the allegations contained therein are denied.

17.     Answering paragraph 17, the allegations contained therein are admitted.

18.     Answering paragraph 18, it is admitted that Trigiani met with George Hutchinson in or prior to 2014.   Defendants are without knowledge or information sufficient to form a belief as to whether Mr. Hutchinson was a dealer for Sonic Solutions. The remaining allegations contained in paragraph 18 are denied.

19.     Answering paragraph 19, the allegations contained therein are admitted.

20.     Answering paragraph 20, the allegations contained therein are denied.

21.     Answering paragraph 21, the allegations contained therein are denied.

22.     Answering paragraph 22, the allegations contained therein are denied.

23.     Answering paragraph 23, the allegations contained therein are denied.

24.     Answering paragraph 24, the allegations contained therein are denied.

25.     Answering paragraph 25, the allegations contained therein are denied.

26.     Answering paragraph 26, the allegations contained therein are denied.

27.     Answering paragraph 27, it is admitted that in approximately 2016, ACUS began purchasing HBS products from DPI.  The remaining allegations contained in paragraph 27, to the extent they conflict with the above response, are denied.

28.     Answering paragraph 28, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29.     Answering paragraph 29, the allegations contained therein are admitted.

30.     Answering paragraph 30, the allegations contained therein are admitted.

31.     Answering paragraph 31, the allegations contained therein are admitted.

32.     Answering paragraph 32, the allegations contained therein are denied.

33.     Answering paragraph 33, the allegations contained therein are denied.

34.     Answering paragraph 34, the allegations contained therein are denied.

35.     Answering paragraph 35, the allegations contained therein are denied.

36.     Answering paragraph 36, it is admitted that DPI made certain statements to the USPTO Examiner.  The remaining allegations contained in paragraph 36 are denied.

37.     Answering paragraph 37, the allegations contained therein are denied.

38.     Answering paragraph 38, the allegations contained therein are denied.

39.     Answering paragraph 39, the allegations contained therein are denied.

40.     Answering paragraph 40, the allegations contained therein are denied.

41.     Answering paragraph 41, the allegations contained therein are denied.

42.     Answering paragraph 42, the allegations contained therein are denied.

43.     Answering paragraph 43, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

44.     Answering paragraph 44, the allegations contained therein are admitted.

45.     Answering paragraph 45, it is admitted that Trigiani declined to enter into a formal business relationship or partnership with Mr. Taylor and/or Mr. Hutchinson.  The remaining allegations contained in paragraph 45 are denied.

46.     Answering paragraph 46, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

47.     Answering paragraph 47, Defendants deny they were parties to any such arrangement or agreement.  The remaining allegations contained in paragraph 47 are denied.

48.     Answering paragraph 48, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

49.     Answering paragraph 49, the allegations contained therein are denied.

50.     Answering paragraph 50, the allegations contained therein are denied.

51.     Answering paragraph 51, it is admitted that DPI produced the manual attached as Exhibit 2 to the amended complaint.  DPI avers that the terms of the manual speak for themselves.  The remaining allegations contained therein are denied.

52.     Answering paragraph 52, the allegations contained therein are denied inasmuch as the terms of the manual speak for themselves.

53.     Answering paragraph 53, the allegations contained therein are denied inasmuch as the terms of the manual speak for themselves.

54.     Answering paragraph 54, it is admitted that purchasers of DPI's HBS products received as a user manual.  The remaining allegations contained in paragraph 54, to the extent they conflict with the above response, are denied.

55.     Answering paragraph 55, the allegations contained therein are denied.

56.     Answering paragraph 56, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

57.     Answering paragraph 57, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

58.     Answering paragraph 58, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

59.     Answering paragraph 59, it is admitted that SSAC and DPI were not parties to any written agreement.  The remaining allegations contained in paragraph 59, to the extent they conflict with the above response, are denied.

60.     Answering paragraph 60, the allegations contained therein are denied.

61.     Answering paragraph 61, the allegations contained therein are denied.

62.     Answering paragraph 62, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

63.     Answering paragraph 63, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

64.     Answering paragraph 64, the allegations contained therein are denied.

65.     Answering paragraph 65, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

66.     Answering paragraph 66, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

67.     Answering paragraph 67, the allegations regarding the alleged merger are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

68.     Answering paragraph 68, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

69.     Answering paragraph 69, the allegations contained therein are denied inasmuch as SSAC had no "predecessor entities".

70.     Answering paragraph 70, the allegations contained therein are denied.

71.     Answering paragraph 71, the allegations contained therein are denied.

72.     Answering paragraph 72, the allegations contained therein are denied.

73.     Answering paragraph 73, the allegations contained therein are denied.

74.     Answering paragraph 74, the allegations contained therein are denied.

75.     Answering paragraph 75, the allegations contained therein are denied.

76.     Answering paragraph 76, the allegations contained therein are denied.

77.     Answering paragraph 77, the allegations contained therein are denied.

78.     Answering paragraph 78, the allegations contained therein are denied.

79.     Answering paragraph 79, Defendants are without knowledge or information sufficient to form a belief regarding the Dealer Sale Agreement attached as Exhibit 4 to Plaintiffs' amended complaint.  The remaining allegations contained in paragraph 79 are denied.

80.     Answering paragraph 80, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

81.     Answering paragraph 81, the allegations contained therein are denied.

82.     Answering paragraph 82, it is admitted in mid-April, 2021, SSAC submitted certain purchase orders to DPI.  DPI avers that such purchase orders were not

acknowledged or accepted by DPI.  The remaining allegations contained in paragraph 82, to the extent they conflict with the above response, are denied.

83.     Answering paragraph 83, it is admitted that DPI elected to changing its pricing terms with SSAC which DPI had the unrestricted right to do.  The remaining allegations contained in paragraph 83 are denied.

84.     Answering paragraph 84, the allegations contained therein are denied.

85.     Answering paragraph 85, it is admitted that DPI received a wire transfer of $10,958 from SSAC in payment of HBS products purchased or to be purchased from DPI. The remaining allegations contained in paragraph 85, to the extent they conflict with the above response are denied.

86.     Answering paragraph 86, it is admitted that DPI received a wire transfer of $25,983 from SSAC in payment of HBS products purchased or to be purchased from DPI. The remaining allegations contained in paragraph 86, to the extent they conflict with the above response, are denied.

87.     Answering paragraph 87, it is admitted that DPI declined to accept six purchase orders issued by SSAC or are listed on Exhibit 5 to the amended complaint. The remaining allegations contained in paragraph 8, to the extent they conflict with the above response, are denied.

88.     Answering paragraph 88, it is admitted that DPI sent SSAC the document attached as Exhibit 6 to Plaintiffs' amended complaint.   The remaining allegations contained in paragraph 88, to the extent they conflict with the above response, are denied.

89.     Answering paragraph 89, it is admitted that DPI did not accept the purchase orders issued by SSAC that are attached as Exhibit 7 to the Plaintiffs' amended complaint. The remaining allegations contained in paragraph 89, to the extent they conflict with the above response, are denied.

90.     Answering paragraph 90, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

91.     Answering paragraph 91, the allegations contained therein are denied.

92.     Answering paragraph 92, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

93.     Answering paragraph 93, the allegations contained therein are denied.

94.     Answering paragraph 94, the allegations contained therein are denied inasmuch as the terms of the manual speak for themselves.

95.     Answering paragraph 95, the allegations contained therein are denied inasmuch as the terms of the manual speak for themselves.

96.     Answering paragraph 96, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

97.     Answering paragraph 97, Defendants admit the contents of the notice attached as Exhibit 8 to Plaintiffs' amended complaint.   The remaining allegations contained in paragraph 97, to the extent they conflict with the above response, are denied.

98.     Answering paragraph 98, the allegations contained therein are denied.

99.     Answering paragraph 99, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

100.    Answering paragraph 100, the allegations contained therein are denied.

101.    Answering paragraph 101, the allegations contained therein are denied.

102.    Answering paragraph 102, the allegations contained therein are admitted. Defendants aver that Purchase Order 301 was issued by Algaesonix, LLC not SSAC or Plaintiffs.

103.    Answering paragraph 103, it is admitted that Purchase Order 301 was accepted by DPI.

104.    Answering paragraph 104, the allegations contained therein are denied.

105.    Answering paragraph 105, the allegations contained therein are denied.

106.    Answering paragraph 106, the allegations contained therein are denied as the notice attached as Exhibit 6 was sent by DPI and the content of such notice speaks for itself.

107.    Answering paragraph 107, the allegations contained therein are denied.

108.    Answering paragraph 108, it is admitted that DPI sent the Notice, a copy of which is attached as Exhibit 9 to Plaintiffs' amended complaint.  The remaining allegations contained in paragraph 108, to the extent they conflict with the above response, are denied.

109.    Answering paragraph 109, it is admitted that DPI sent the notice attached as Exhibit 10 to Plaintiffs' amended complaint.  The remaining allegations contained in paragraph 109 are denied.

110.    Answering paragraph 110, the allegations contained therein are admitted.

111.    Answering paragraph 111, the allegations contained therein are admitted.

112.    Answering paragraph 112, the allegations contained therein are denied.

113.    Answering paragraph 113, the allegations contained therein are denied.

114.    Answering paragraph 114, the manual states in part on page 39 that "[i]n order for a claim to be processed, you must call SonicSolutions Algae Control at 413-247-9423 to obtain a Return Material Authorization (RMA) number and accompanying RMA form.  The Product can be returned to DPI (i) with all transportation charges prepaid, (ii) accompanied by an acceptable proof of purchase with a Return Material Authorization (RMA) number printed and clearly visible on the outside of the shipping container."  The allegations contained in paragraph 114, to the extent they conflict with the above response, are denied.

115.    Answering paragraph 115, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of RMA's submitted by SSAC in April 2021.  The remaining allegations contained in paragraph 115 are denied.

116.    Answering paragraph 116, it is admitted that Exhibit 9 to Plaintiffs' amended complaint states that "DPI is the sole owner of the patents and trademarks under which the Hydro Bioscience ® is manufactured".  DPI avers that such statement was true.  The

remaining allegations contained in paragraph 116, to the extent they conflict with the above response, are denied.

117.    Answering paragraph 117, the allegations contained therein are denied.

118.    Answering paragraph 118, the allegations contained therein are denied. Defendants aver that the customary business practice between DPI and SSAC was for DPI to drop ship its HBS products to SSAC customers, not to SSAC and SSAC routinely did not take title to DPI's SSAC products.

119.    Answering paragraph 119, the Notice attached as Exhibit 9 to Plaintiffs' amended complaint states in part that "DPI does not currently, nor has it ever had an exclusivity arrangement of any form or sales or distributor agreement with any party or vendor, outside of Norway, Iceland, Scotland and the Faeroe Islands".  DPI avers that such statement was and is true.  The remaining allegations contained in paragraph 119 are denied.

120.    Answering paragraph 120, the allegations contained therein are denied.

121.    Answering paragraph 121, the allegations contained therein are denied.

122.    Answering paragraph 122, the allegations contained therein are denied.

123. Answering paragraph 123, the allegations contained therein are denied.

124. Answering paragraph 124, the allegations contained therein are denied.

125. Answering paragraph 125, the allegations contained therein are denied.

126. Answering paragraph 126, the allegations contained therein are denied.

127. Answering paragraph 127, the allegations contained therein are denied.

128. Answering paragraph 128, the allegations contained therein are denied.

129. Answering paragraph 129, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

130. Answering paragraph 130, it is denied that DPI breached any agreement with SSAC or breached any agreement that required advanced notice. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

131. Answering paragraph 131, it is denied that DPI breached any agreement with SSAC or breached any agreement that required advanced notice. Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

132.   Answering paragraph 132, it is denied that DPI breached any agreement with SSAC or breached any agreement that required advanced notice.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

133.   Answering paragraph 133, it is denied that DPI breached any agreement with SSAC or breached any agreement that required advanced notice.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

134.   Answering paragraph 134, the allegations contained therein are denied.

135.   Answering paragraph 135, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

136.   Answering paragraph 136, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

137.   Answering paragraph 137, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

138.   Answering paragraph 138, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

139.   Answering paragraph 139, the allegations contained therein are denied.

140.   Answering paragraph 140, the allegations contained therein are denied.

141.   Answering paragraph 141, the allegations contained therein are denied.

142.   Answering paragraph 142, the allegations contained therein are denied.

143.   Answering paragraph 143, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

144.   Answering paragraph 144, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

145.   Answering paragraph 145, the allegations contained therein are denied.

146.   Answering paragraph 146, the allegations contained therein are denied.

147.   Answering paragraph 147, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

148.    Answering paragraph 148, the allegations contained therein are denied.

149.    Answering paragraph 149, the allegations contained therein are denied.

150.    Answering paragraph 150, the allegations contained therein are denied.

151.    Answering paragraph 151, the allegations contained therein are admitted.

152.    Answering paragraph 152, the allegations contained therein are denied.

153.    Answering paragraph 153, the allegations contained therein are denied.

154.    Answering paragraph 154, the allegations contained therein are denied.

155.    Answering paragraph 155, the allegations contained therein are admitted.

156.    Answering paragraph 156, the allegations contained therein are admitted.

157.    Answering paragraph 157, the allegations contained therein are denied.

158.    Answering paragraph 158, the allegations contained therein are denied.

159.    Answering paragraph 159, the allegations contained therein are denied. HBS avers that it is not aware of the identity of any of SSAC's customer or dealers.

160.    Answering paragraph 160, Defendants responses to paragraphs 1 – 159 of Plaintiffs' amended complaint are adopted and incorporated herein by reference.

161.    Answering paragraph 161, the allegations contained therein are denied.

162.    Answering paragraph 162, the allegations contained therein are denied.

163.    Answering paragraph 163, the allegations contained therein are denied.

164.    Answering paragraph 164, the allegations contained therein are denied.

165.    Answering paragraph 165, the allegations contained therein are denied.

166.    Answering paragraph 166, the allegations contained therein are denied.

167.    Answering paragraph 167, Defendants responses to paragraphs 1 – 166 of Plaintiffs' amended complaint are adopted and incorporated herein by reference.

168.    Answering paragraph 168, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

169.    Answering paragraph 169, the allegations contained therein are denied.

170.    Answering paragraph 170, the allegations contained therein are denied.

171.    Answering paragraph 171, the allegations contained therein are denied.

172.    Answering paragraph 172, Defendants responses to paragraphs 1 – 171 of Plaintiffs' amended complaint are adopted and incorporated herein by reference.

173.    Answering paragraph 173, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

174.    Answering paragraph 174, the allegations contained therein are denied.

175.    Answering paragraph 175, the allegations contained therein are denied.

176.    Answering paragraph 176, Defendants responses to paragraphs 1 – 175 of Plaintiffs' amended complaint are adopted and incorporated herein by reference.

177.    Answering paragraph 177, the allegations contained therein are denied inasmuch as they call for a legal conclusion.

178.    Answering paragraph 178, the allegations contained therein are denied.

179.    Answering paragraph 179, the allegations contained therein are denied.

180.    Answering paragraph 180, the allegations contained therein are denied.

181.    Answering paragraph 181, the allegations contained therein are denied.

182.    Answering paragraph 182, Defendants responses to paragraphs 1 -181 of the amended complaint are adopted and incorporated herein by reference.

183.    Answering paragraph 183, the allegations contained therein are denied.

184.    Answering paragraph 184, the allegations contained therein are denied.

185.    Answering paragraph 185, the allegations contained therein are denied.

186.    Answering paragraph 186, the allegations contained therein are denied.

187.    Answering paragraph 187, the allegations contained therein are denied.

188.    Answering paragraph 188, the allegations contained therein are denied.

189.    Answering paragraph 189, the allegations contained therein are denied.

190.    Answering paragraph 190, the allegations contained therein are denied.

191.    Answering paragraph 191, Defendants responses to paragraphs 1 -190 of the amended complaint are adopted and incorporated herein by reference.

192.    Answering paragraph 192, the allegations contained therein are denied.

193.    Answering paragraph 193, the allegations contained therein are denied.

194.    Answering paragraph 194, the allegations contained therein are denied.

195.    Answering paragraph 195, the allegations contained therein are denied.

196.    Answering paragraph 196, Defendants responses to paragraphs 1 -195 of the amended complaint are adopted and incorporated herein by reference.

197.    Answering paragraph 197, the allegations contained therein are denied.

198.    Answering paragraph 198, the allegations contained therein are admitted. Defendants, however, specifically deny that such statements were false.

199.    Answering paragraph 199, Defendants admit that the contents of the declaration submitted by DPI to the USPTO were true.   The remaining allegations

contained in paragraph 199, to the extent they conflict with the above response, are denied.

200.   Answering paragraph 200, Defendants admit that the contents of the declaration submitted by DPI to the USPTO were true.   The remaining allegations contained in paragraph 200, to the extent they conflict with the above response, are denied.

201.   Answering paragraph 201, Defendants admit that the contents of the declaration submitted by DPI to the USPTO were true.   The remaining allegations contained in paragraph 201, to the extent they conflict with the above response, are denied.

202.   Answering paragraph 202, the allegations contained therein are denied.

203.   Answering paragraph 203, the allegations contained therein are denied.

204.   Answering paragraph 204, the allegations contained therein are denied inasmuch as neither DPI or Trigiani ever authorized SSAC to use DPI's registered trademarks.

205.   Answering paragraph 205, the allegations contained therein are denied.

206.   Answering paragraph 206, the allegations contained therein are denied.

207.   All allegations of the amended complaint not hereinabove either admitted or denied are hereby denied.

**AS AFFIRMATIVE DEFENSES**, Defendants aver as follows:

1.   Plaintiffs' amended complaint and the causes of action alleged therein fail to state a claim upon which relief can be granted.

2.   Plaintiffs' claims are barred by the applicable statute of limitations.

3.   Plaintiffs' claims under Mass. Gen. L. 93A § 11 fail in that the alleged deceptive acts or practices of the Defendants did not occur primarily or substantially within the Commonwealth of Massachusetts.

4.   Plaintiffs SSAC and ACUS lack standing to enforce the agreement dated May 8, 2012 between DPI and Sonic Solutions as they are not parties to such agreement.

5.   Plaintiffs' claims for interference with advantageous business relationships and interference with contractual relations fail inasmuch as DPI ceased doing business with SSAC in order to protect DPI's business interest which does not constitute an improper motive or improper means, an essential element of such claims.

6.     Plaintiffs' claim for defamation fails in that (a) the notice attached as Exhibit 9 to Plaintiffs' amended complaint contains no reference to any of the Plaintiffs nor did it contain false information regarding any Plaintiff, and (b) the statements contained in such notice are not false or defamatory in nature.

**WHEREFORE**, Plaintiffs' amended complaint should be dismissed.

## JURY DEMAND

Defendants demand a jury to try all issues of fact raised by Plaintiffs' amended complaint and the defenses thereto.

**HUNTER, SMITH & DAVIS, LLP**

By:     */s/Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO.: 010421
1212 North Eastman Road
Post Office Box 3740
Kingsport, Tennessee 37664-0740
dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Admitted Pro Hac Vice

Karen Sutherland, Esq.
Mass. Bar No. 684923
THE SUTHERLAND LAW FIRM, LLC
123 Main Street, Suite B
Belfast, Maine 04915
(207) 218-1524/ (207) 218-1624
ksutherland@thesutherlandlawfirm.com

***Attorneys for Defendants/Counter-Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 14, 2022 the foregoing **Answer to Amended Complaint** filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties have been served by hand delivery, overnight delivery, e-mail transmission, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

> Bulkley, Richardson and Gelinas, LLP
> James C. Duda, Esq.
> Lauren C. Ostberg, Esq.
> jduda@bulkley.com
> lostberg@bulkley.com

> **HUNTER, SMITH & DAVIS, LLP**

> */s/Mark S. Dessauer*
> Mark S. Dessauer