IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, <br> SONIC SOLUTIONS, LLC, and <br> ALGAECONTROL.US LLC, <br><br> Plaintiffs <br><br> VS. <br><br> DIVERSIFIED POWER INTERNATIONAL, LLC, <br> and ANTONIO TRIGIANI, <br><br> Defendants | Civil Action No. <br> 3:21-cv-30068-KAR |

# DECLARATION OF MARK S. DESSAUER

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney licensed to practice law in the State of Tennessee. I was admitted *pro hac vice* to represent Defendant Antonio Trigiani ("Trigiani") and Defendant/Counter-Plaintiff Diversified Power International, LLC ("DPI") (Trigiani and DPI sometimes collectively hereinafter the "Defendants") by Order filed July 2, 2021. [See Doc. 23].

2. Hydro Bioscience, LLC ("Hydro Bioscience") was added as a party defendant by Order filed March 25, 2022. [Doc. 96]. I also represent Hydro Bioscience in this case.

3. DPI has produced a total of 25,271 documents in response to Plaintiffs' requests for production of documents served in this case. These documents were produced and/or supplemented on five separate occasions: January 17, 2022; January 26, 2022; February 3, 2022; March 23, 2022; April 5, 2022; April 8, 2022; April 12, 2022 and September 1, 2022.

4. Plaintiffs' Requests for Production of Documents were served on Defendants on November 5, 2021. Request No. 24 which is the subject matter of Plaintiffs' current motion to compel states:

> Documents reflecting the total sales of HBS products to persons other than ACUS, Sonic Solutions, or SSAC.

This request contains no time restriction or time limitations. Item 9 of the Instruction Section to Plaintiffs' First Set of Requests for the Production of Documents and Things to Diversified Power International, LLC and Antonio Trigiani states: "unless otherwise specified, the relevant time frame for each request is the period of time from January 1, 2011 to the present."

5. Defendants submitted responsive documents to Request No. 24 through August 24, 2021. The documents produced on September 1, 2022 were supplemental responses included certain responsive documents from the month of September of 2021.

6. Hydro Bioscience was not formed as an entity until August 17, 2021. No written discovery request has been submitted to date to Hydro Bioscience in this case.

7. My letter of June 20, 2022 that I sent to counsel for the Plaintiffs was intended to be a response to concerns expressed by the Court in a conferenced held on June 14, 2022. It was intended to express that no documents were withheld solely based on relevance. My letter also expressed that if Plaintiffs felt otherwise, then they could identify the specific request and I and my clients would address. At that time, I believed that my representation was correct. It is my belief that the Plaintiffs are using this letter outside of its intended context. It was never intended to mislead anyone and was in furtherance of my good faith efforts to address any remaining discovery issues.

8. My research reflects that based on Plaintiffs' causes of action, Defendants' sales data for the period more than 90 days after the parties' business relationship was terminated is not relevant to the claims and defenses in this case. Defendants' position on this issue presents the Court with a legitimate legal issue and is not advanced in bad faith.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed, this the 16th day of September, 2022.

_____Mark S. Dessauer_____
Mark S. Dessauer

SWORN TO AND SUBSCRIBED before me this the 16th day of September, 2022.

_____Jessica Torres_____
Notary Public

My commission expires:
5/28/2025

[Notary Seal: JESSICA ANN TORRES, STATE OF TENNESSEE, NOTARY PUBLIC, SULLIVAN COUNTY]