IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, SONIC SOLUTIONS, LLC, and ALGAECONTROL.US LLC, <br><br> Plaintiffs/Counter-Defendants <br><br> VS. <br><br> DIVERSIFIED POWER INTERNATIONAL, LLC, and ANTONIO TRIGIANI, <br><br> Defendants/Counter-Plaintiff | Civil Action No. 3:21-cv-30068-KAR |

# RESPONSE TO PLAINTIFFS' PARTIALLY ASSENTED TO MOTION TO TAKE FOURTEEN DEPOSITIONS

Defendants/Counter-Defendant, Diversified Power International, LLC ("DPI") and Antonio Trigiani ("Trigiani") and Hydro Bioscience, LLC ("Hydro Bioscience") (DPI, Trigiani and Hydro Bioscience sometimes collectively hereinafter the "Defendants"), submit the following response to Plaintiffs' partially assented to motion to take fourteen depositions.

1. Defendants have previously assented to Plaintiffs taking 13 depositions as each of these depositions requested by Plaintiffs were of the Defendants or employees of Defendants. Defendants agreed to the additional three depositions beyond the ten permitted by Fed. R. Civ. P. 30(a)(2)(A)(i) because Defendants had designated the additional employees or persons who were likely to be called as witnesses at trial.

2.  Defendants have not consented to and object to the additional or fourteenth deposition proposed be taken by Plaintiffs of "a representative of the Long Pond Clean Eater Committee, a third party witness residing in Massachusetts. . ." [Doc. 122, p. 2 of 3].

3.  Fed. R. Civ. P. 30(a)(2)(A)(i) provides in part:

> (a) When a Deposition May Be Taken. . .
>
> (2) With Leave.   A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i)   the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs. . .

4.  With respect to Rule 30(a)(2)(A), this Court in Yourga v. City of Northampton, 2018 WL 1053532, *3 (D. Mass. Feb. 26, 2018) stated as follows:

> The purpose of the rule limiting the number of depositions is described in the Advisory Committee's notes as follows:
>
>> [The rule] provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2). . .

> Another session of this court has explained that 'the purpose of the limitation in the rule is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rule. . . . courts should not freely grant relief from the limits without a showing of need.' . . . The party seeking to exceed the 10-deposition limit or re-depose an individual who has previously been deposed bears the burden of showing a need for the discovery. . . A court must limit the frequency of discovery when the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other more convenient, less burdensome or less expensive source or when the proposed discovery is otherwise outside the scope permitted by Rule 26(b)(2).

Id., at *3 (citations omitted).

5. Plaintiffs' motion makes no demonstration of need to depose the Long Pond Clean Water Committee representative, other than such representative "is believed to have discoverable information concerning DPI's tortious interference with Plaintiffs' business relations and defamatory publications made by DPI." [Doc. 122, p. 2 of 3]. This is not the type of "need" Plaintiffs must show in order to exceed the ten deposition limit. See S.F. Health Plan v. McKesson Corp., 264 F.R.D. 20, 21 (D. Mass. 2011). In addition, Plaintiffs' motion fails to demonstrate that the unnamed Long Pond Clean Water Committee representative is outside the 100 mile subpoena power of the court such that Plaintiffs would be prohibiting from compelling the witness to appear and testify at trial. See Fed. R. Civ. P. 45 (c)(i)(A). There is no showing by Plaintiffs of the need to preserve this witness testimony for trial or why Plaintiffs cannot interview the witness as opposed to taking the witnesses' deposition. In fact, the name of the witness is not even identified by Plaintiffs.

For the reasons set forth herein, Plaintiffs' motion to exceed the ten deposition limit beyond the thirteen depositions to which Defendants have agreed should be denied due to Plaintiffs' failure to meet its burden of showing a need for the deposition.

**HUNTER, SMITH & DAVIS, LLP**

By: */s/Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO.: 010421
1212 North Eastman Road
Post Office Box 3740
Kingsport, Tennessee 37664-0740
dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Admitted Pro Hac Vice

Karen Sutherland, Esq.
Mass. Bar No. 684923
THE SUTHERLAND LAW FIRM, LLC
123 Main Street, Suite B
Belfast, Maine 04915
(207) 218-1524/ (207) 218-1624
ksutherland@thesutherlandlawfirm.com

***Attorneys for Defendants/Counter-Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2022 the foregoing **Response To Plaintiffs' Partially Assented to Motion To Take Fourteen Depositions** filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

> Bulkley, Richardson and Gelinas, LLP
> James C. Duda, Esq.
> Lauren C. Ostberg, Esq.
> jduda@bulkley.com
> lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

*/s/Mark S. Dessauer*
Mark S. Dessauer

5