IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, <br> SONIC SOLUTIONS, LLC, and <br> ALGAECONTROL.US LLC, <br><br> Plaintiffs/Counter-Defendants <br><br> VS. <br><br> DIVERSIFIED POWER INTERNATIONAL, LLC, <br> ANTONIO TRIGIANI, and HYDRO <br> BIOSCIENCE, LLC <br><br> Defendants/Counter-Plaintiff | Civil Action No. <br> 3:21-cv-30068-KAR |

# RESPONSE IN OPPOSITION TO MOTION FOR FURTHER AMENDMENT OF COMPLAINT

Defendants, Diversified Power International, LLC ("DPI"), Antonio Trigiani ("Trigiani") and Hydro Bioscience, LLC ("HBS") (DPI, Trigiani and HBS sometimes collectively hereinafter the "Defendants"), submit the following response in opposition to the motion of Plaintiffs Sonic Solutions Algae Control, LLC ("SSAC"), SonicSolutions, LLC ("Sonic Solutions") and Algaecontrol.US LLC ("ACUS") to further amend complaint. [Doc. 131]. For the reasons set forth herein, Defendants contend that the motion should be denied and that the plaintiffs proposed further amended complaint disallowed.

In support of this response, Defendants rely upon and/or file herewith:

1.  Scheduling Order [Doc. 76],

2. Revised Scheduling Order [Doc. 81], and

3. Scheduling Order [Doc. 117].

## INTRODUCTION

Plaintiffs' motion to further amend claims (1) that Plaintiff's motion is timely filed because the scheduling order does not include a deadline for filing amended pleadings [Doc. 132, at 2], and (2) that the proposed amended complaint seeks to add material and information that Plaintiffs received during discovery. [Doc. 131]. In addition, Plaintiff's brief requests that the word "DPI" be changed to "Defendants" in the language of Count I and III of the proposed second amended complaint, even though this issue is not addressed in the Plaintiffs' motion. [Doc. 132, at 3–4]. Each of Plaintiffs' contentions will be addressed in this response.

## STANDARD OF REVIEW

A plaintiff may amend her complaint once as a matter of right. See Federal Rule Civil Procedure 15(a)(1). Otherwise, proposed amendments require the defendant's consent or the court's leave. See Fed. R. Civ. P. 15(a)(2). Courts must freely grant leave to amend unless the amendment "would be futile, or reward, inter alia, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Under Fed. R. Civ. P. 16(b)(1), a district court judge must issue a scheduling order. Id. This scheduling order must "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." See Fed. R. Civ. P. 16(b)(3)(A). Fed. R. Civ. P. 16(b)(3)(A)

is not permissive, and lays out the elements that a scheduling order is required to have. See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) Stanley v. Huntington Nat. Bank, 492 Fed.Appx. 456, 461 (4th Cir. 2012); Carrizo (Utica) LLC v. City of Girard, Ohio, 661 Fed. Appx. 364, 367 (6th Cir. 2016); Fed. Trade Comm'n v. Marshall, 781 Fed. Appx. 599, 603 (9th Cir. 2019); Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas, No. 21-12817, 2022 WL 2313980, at *6 (11th Cir. June 28, 2022); Allen v. Brown Advisory, LLC, 41 F.4th 843, 852 (7th Cir. 2022).

If a plaintiff seeks to amend her complaint after the time to amend has expired, then Fed. R. Civ. P. 16(b)(4)'s more stringent "good cause" standard replaces the more relaxed standard of Fed. R. Civ. P. 15(a)(2). See U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192. (1st Cir. 2015); Somascan, Inc. v. Philips Med. Sys. Nederland, supra.

## ARGUMENT

**1.   Based on the Amended Scheduling Order filed in this case, the deadline for the parties to amend their pleadings expired on January 24, 2022.  Plaintiffs' right to amend their pleadings at this stage of this litigation is, therefore, governed by the more stringent standard of "good cause" under Rule 16(b).**

Fed. R. Civ. P. 16(b)(3)(A) requires that a scheduling order contain a limitation to the time to amend the pleadings. Somascan, 714 F.3d at 64; O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004); But see D'Agostino, 802 F.3d at 192 (limits on the time to amend in a scheduling order where "customary," as opposed to "[r]equired" as set forth in Fed. R. Civ. P. 16(b)(3)(A)). The First Circuit has not ruled on the effect of a second scheduling order that fails to put a limitation on amending the pleadings when the first scheduling order contained such a specific limitation.  However, the other courts

3

which have addressed the issue have applied the good cause standard of Fed. R. Civ. P. 16(b) even when the scheduling order was silent on the deadline for amendments to pleadings. See United States for Use & Benefit of Alexander Contracting Co., Inc. v. Sauer, Inc., 2014 WL 12704988, at *1 (M.D. Ga. Oct. 31, 2014) (court applied Fed. R. Civ. P. 16(b) good cause standard without offering an opinion on whether the deadline had passed under the subsequent scheduling orders which were silent on the issue of deadline for the amendments to pleadings); See also Bykes v. Smith, 20119 WL 4408445, at *6 (N.D. Ala. June 17, 2019) (scheduling order setting a deadline for leave to amend did not dispense with moving party's compliance with Rule 15(a)); Grant v. Citibank, 2010 WL 5187754, at *6 (S.D. N.Y. Dec. 6, 2010); Nairobi Holdings, Ltd v. Brown, 2006 WL 2242596, at *2 (S.D. N.Y. Aug 3, 2006); In re Wireless Tel. Servs. Antitrust Litig., 2004 WL 2244502, at *5 N.6 (S.D. N.Y. Oct. 6, 2004); 380544 Canada, Inc. v. Aspen Tech., Inc., 2011 WL4089876, at *3 (S.D. N.Y. Sept. 14, 2011) (applying Rule 16 in absence of formal Rule 16 order); AT Engine Control Ltd. v. Goodrick Pump & Engine Control Sys., Inc., 2014 WL 810825, at *3 (D. Conn. Feb. 28, 2014) (the absence of a deadline to amend in the court's prior scheduling order "merely demonstrates that no such deadline could be imposed because the deadline had long since passed.").

In this case, the Court issued a scheduling order [Doc. 76], that was amended to extend the time to amend pleadings to January 24, 2022 [Doc. 81]. The Court issued a second scheduling order that does not contain the required limit on amended pleadings under Fed. R. Civ. P. 16(b)(3)(A). Alexander Contracting, 2014 WL 12704988, at *1. In that regard, this case is similar to Alexander Contracting which did not contain a deadline to amend pleadings in the initial scheduling order but not in the subsequent scheduling

4

order. In D'Agostino, the initial scheduling order did not contain a deadline for the parties to amend their pleadings. 802 F.3d at 191. Given that the Court previously issued a scheduling order that set forth the required time limits on the parties amending their pleadings, this case differs from D'Agostino where the court's scheduling order was silent on the issue from the outset. See D'Agostino, 802 F.3d at 191, 192. Thus, D'Agostino should not govern the result in this case.

Defendants contend that since the Court has put a limit of January 24, 2022 as the last day to amend the pleadings, and because the second scheduling order is silent on the matter of amending pleadings, the amended first scheduling order controls with respect to the deadline to file amended pleadings. See [Doc. 81], [Doc. 117]; See AT Engine Control Ltd., supra. The absence of a deadline in the subsequent scheduling orders in this case simply means that the original deadline controls. Plaintiffs' contention, that a lack of a limitation on the time to file amended pleadings means that any filing is timely, would violate both the spirit and the letter of Fed. R. Civ. P. 16 and should be rejected by the Court. See also Advisory Committee Notes to the 1983 Amendments to Rule 16 Subdivision (b) ("Item (1) assures that at some point… pleadings will be fixed).

Based on the foregoing authority, Defendants contend that Rule 16(b)'s good cause standard should govern Plaintiffs' motion to further amend their complaint.

5

**2. Plaintiffs have failed to meet the standard of "good cause" and as a result, their motion to further amend their complaint should be denied.**

As stated, Plaintiffs incorrectly rely on Fed. R. Civ. P. 15(a)(2), because the time to amend their pleadings has expired. [Doc. 81]; [Doc. 132, at 4]. Therefore, Plaintiffs' motion to further amend the pleadings can only be done with the Court's permission, and for good cause shown. Somascan, 714 F.3d at 64. The good cause standard of Fed. R. Civ. P. 16(b) "emphasizes the diligence of the party seeking the amendment." O'Connell, 357 F.3d at 155. While "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id. Rather, a lack of diligence may preclude a leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. Additionally, motions to amend are "[p]articularly disfavored… whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy ...' " Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).

Plaintiffs admit in their brief in support of their motion that the documents relating to the request to further amend have been in the possession of Plaintiffs since April of 2022 [Doc. 132, at 3]. Plaintiffs state that the reason for waiting six months, right up until the close of fact discovery, to request leave to amend the complaint, is not to prevent Defendants from being able to investigate the factual basis of these claims, but instead, it was because settlement negotiations were on-going between the parties. [Doc. 132, at 5]. In support of this contention, Plaintiffs only offer Defendants' counsel belief that this

6

case would reach a settlement. [Doc. 132, at 6]. Defendants' counsel's good faith belief that this litigation would be settled does not excuse Plaintiffs' lack of diligence in waiting six months after receiving discovery documents and waiting to the eve of the factual discovery deadline to file a motion to further amend their complaint. Plaintiffs failed to produce any documents or other communications that they agreed with Defendants' counsel's then assessment of settlement or that they likewise believed or did not believe that the case would settle.

Additionally, Plaintiffs erroneously rely on Tingley Sys., Inc v. CSC Consulting, Inc., in arguing that they should be granted leave to further amend. Not only does Tingley deal with Fed. R. Civ. P. 15(a)(2) and not Rule 16(b) which is applicable here, the sentence Plaintiffs quote in support of their acknowledged delay in seeking to further amend does not support their position when read in its entirety. [Doc. 132, at 5]. Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 117 (D. Mass. 2001). Plaintiffs quote from Tingley as follows: "The fact that a moving party learned of the basis for its allegations during discovery is a valid basis for delay in filing a motion to amend." [Doc. 132, at 5]. However, the full quote from Tingley is:

> "The fact that the moving party learned of the basis for its new allegations during discovery is a valid basis for delay in filing a motion to amend. See Picker International, Inc. v. Leavitt, 128 F.R.D. 3, 9 (D.Mass.1989) (allowing motion to amend complaint where motion filed promptly after new facts learned through discovery)."

Tingley, 152 F. Supp. 2d, 116–117. Plaintiffs quote from Tingley, but omit the word "new: from the quoted passage. Although facts learned in discovery may support new allegations in a dilatory motion to amend, facts learned in discovery that do give rise to

7

new allegations do not support a dilatory motion to amend.  Further, the court in Tingley notes that the motion to amend was promptly filed after new facts were learned through discovery. Id. Here, the amended allegations are not new and the motion to further amend was not promptly filed.

Plaintiffs made the allegations they now seek to amend in their original complaint, filed in June 2021. Plaintiffs renewed the allegations with their amended complaint filed in March 2022.  In their present motion to amend, Plaintiffs are not making new allegations, but are rather seeking to amend the complaint to add new facts to support their existing theories of recovery. The motion to further amend was not promptly filed, with the Plaintiffs waiting six months to ask the Court leave to amend. Tingley found the delay in filing the motion was prejudicial, it was not "so prejudicial… to justify denial," of the amendment. Id. at 117. However, this case is distinguishable from Tingley for two reasons. First, Tingley was not decided under the good cause standard of Fed. R. Civ. P. 16. Id. at 116. Secondly, the time lapse between discovery and filing in Tingley was three to four months while the delay in this case is six months.

Additionally, if Plaintiffs are allowed to amend Count VII in order to assert a new factual basis for their allegations, Defendants would be prejudiced in not being able to engage in discovery to investigate the factual basis for the newly asserted claims. Fact discovery expired in this case on October 28, 2022.  The timing of Plaintiffs' motion to further amend, at the eleventh hour, right before the close of fact discovery, is suspect, and such dilatory conduct should not be rewarded by the Court.

8

### 3. There is no good cause for Plaintiffs to further amend their complaint to add the words "Defendants" in place of "DPI" in Counts I and III.

As litigation progresses, "the burden on a plaintiff seeking to amend a complaint becomes more exacting." Steir, 383 F.3d, at 12.  This litigation has been on-going for fifteen months.  Plaintiffs seek to change the language in Count I and Count III of their amended complaint to add HBS as a defendant and seek to hold HBS liable under Counts I and III.  [Doc. 98, at 21–22], [Doc. 132 at 1]. Plaintiffs failed to request this change in their pleadings to further amend, and only mention it in passing in the brief.[1] When Plaintiffs were granted leave to amend the complaint in March of 2022, it was partially for the purpose of adding HBS as a party defendant.  [Doc. 85]. At the time Plaintiffs previously amended their complaint, they should have included HBS in Counts I and III if the claims existed at that time.  They failed to do so.  Plaintiffs do not allege any additional information learned in discovery that would justify their waiting seven months to ask this Court to again amend their complaint and assert claims against HBS of which Plaintiffs were certainly aware at the time of their prior amendment.

If Plaintiffs are allowed to amend Counts I and III in order to assert claims against HBS as well as DPI, HBS would again be denied the right to engage in discovery regarding these claims as fact discovery concluded in this case on October 28, 2022.  This would result in substantial prejudice to the Defendants.  Again, the timing of Plaintiffs' motion to further amend, upon the eve of the close of fact discovery, is suspect, and should not be rewarded by this Court.

---

[1] The request to amend Counts I and III are missing in the complaint, and are only mentioned in a total of three sentences in a seven page brief.

**CONCLUSION**

For the reasons set forth herein, Plaintiffs' motion to further amend should be denied.

                                            **HUNTER, SMITH & DAVIS, LLP**

By:   */s/Mark S. Dessauer*
        Mark S. Dessauer, Esq.
        TN BPR NO.: 010421
        1212 North Eastman Road
        Post Office Box 3740
        Kingsport, Tennessee 37664-0740
        dessauer@hsdlaw.com
        (423) 378-8840; Fax: (423) 378-8801
        Admitted Pro Hac Vice

        Karen Sutherland, Esq.
        Mass. Bar No. 684923
        THE SUTHERLAND LAW FIRM, LLC
        123 Main Street, Suite B
        Belfast, Maine 04915
        (207) 218-1524/ (207) 218-1624
        ksutherland@thesutherlandlawfirm.com

        ***Attorneys for Defendants/Counter-Plaintiffs***

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on November 1, 2022 the foregoing **Response In Opposition To Motion For Further Amendment of Complaint** filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

      Bulkley, Richardson and Gelinas, LLP
      James C. Duda, Esq.
      Lauren C. Ostberg, Esq.
      jduda@bulkley.com
      lostberg@bulkley.com

**HUNTER, SMITH & DAVIS, LLP**

   ___*/s/Mark S. Dessauer*
      Mark S. Dessauer