UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC, SONIC SOLUTIONS, LLC, and ALGAECONTROL.US LLC, <br> Plaintiffs, <br> v. <br> DIVERSIFIED POWER INTERNATIONAL, LLC, ANTONIO TRIGIANI, and HYDRO BIOSCIENCE, LLC, <br> Defendants. | C.A. No. 3:21-cv-30068-KAR <br><br> REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR FURTHER AMENDMENT OF COMPLAINT <br><br> (Leave to File Granted on November 3, 2022) |

Plaintiffs Sonic Solutions Algae Control, LLC, Sonic Solutions, LLC and AlgaeControl.US LLC ("Plaintiffs") hereby submit this reply in support of their Motion for Further Amendment of Complaint (Dkt. 131) in order to address unexpected arguments included in the Response in Opposition to Motion for Further Amendment of Complaint filed by Defendants Diversified Power International, LLC, Antonio Trigiani, and Hydro BioScience, LLC ("Defendants") concerning the appropriate standard for such motion.

**1. The "Leave Freely Given," Not the "Good Cause," Standard Should Apply to an Amendment of Pleadings When the Operative Scheduling Order Does Not Contain a Deadline for Amendment of the Pleadings.**

As Defendants note (Dkt. 139 at 3), the First Circuit has not determined whether the "good cause" standard of Fed. R. Civ. P. 16(b)(4) or the "leave freely given" standard of Fed. R. Civ. P. 15(a)(2) governs when a prior scheduling order contained a deadline for amendment of the pleadings, but the operative scheduling order does not. There are instances, however, in which the First Circuit has imposed the liberal "leave freely given" standard on a motion to amend filed after the deadline in a scheduling order has passed. *See, e.g., Torres-Alamo v. Puerto Rico,* 502 F.3d 20, 25-26 (1st Cir. 2007) (reversing the district court's denial of motion to

amend filed after the deadline set in the scheduling order and remanding for consideration of the motion under Fed. Civ. P. 15(a)).  Additionally, in a precedent Defendants acknowledge but attempt to distinguish, the First Circuit held that the "leave freely given" standard applies when the operative [and, in that case, the only] scheduling order contains no deadline for leave to amend the pleadings.  *U.S. ex. rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015).

The principles underpinning the First Circuit's "good cause" standard—namely, a concern that litigants would otherwise treat scheduling orders as "frivolous piece[s] of paper idly entered, which can be cavalierly disregarded without peril," *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (citation omitted)—do not apply here.  Plaintiffs have not disregarded any scheduling order; they complied with the deadline in the initial scheduling order to seek leave to file their First Amended Complaint.  The operative scheduling order (Dkt. 117) sets no deadline for amendment of the pleadings, and thus the principles of Fed. R. Civ. P. 15's "leave freely given" standard should govern.  Such standard will allow Plaintiffs to present the merits of their causes of action without binding them with unnecessary formalities.  *See, e.g.,* Fed. R. Civ. P. 15(b)(1) (amendment during trial should be "freely permitted when doing so will aid in presenting the merits").

> **2. In Any Event, Plaintiffs Have Established "Good Cause" to Further Amend the Complaint.**

Even if "good cause" is the appropriate standard for evaluating Plaintiffs' motion for leave to further amend its complaint, Plaintiffs' motion should be granted.  The "good cause" standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant.  *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (citation omitted).  When a moving party seeks to amend pleadings based on information that they had at the outset of the case or should have possessed before the deadline set in the scheduling order, a delay in

amending a pleading may be attributable to a want of diligence.  *See, e.g., Miceli*, 914 F. 3d at 86, *Cruz v. Bristol- Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 570 (1st Cir. 2012).  If, in contrast, the moving party did not have access to such information before the deadline set in a scheduling order to amend its complaint, its diligence in seeking such amendment cannot be reasonably questioned.  *Cf. id.*  Here, Defendants produced the defamatory statements that are the factual basis of Plaintiffs' pending motion to amend in April 2022, months after the deadline to amend the pleadings set in the initial scheduling order; there is no plausible argument that Plaintiffs' failure to seek leave, in January 2022, to amend to incorporate facts it discovered in April 2022, was due to a want of diligence.[1]

      Finally, such amendment will not prejudice Defendants.  *See Miceli*, 914 F. 3d at 86 (prejudice in "good cause" analysis); *Afarian v. Mass. Elec. Co.*, 449 Mass. 257, 270 (Mass. 2007) (description of prejudice).  Defendants' assertion that they "would be prejudiced in not being able to investigate the factual basis for the newly asserted claims" (Dkt. 139 at 8) is contrary to the record.  Plaintiffs' proposed Second Amended Complaint asserts no "new" claims, but rather amplifies a defamation claim and clarifies language concerning claims of tortious interference of which Defendants have had notice since at least as early as January 24, 2021.  *See* Dkt. 98.  As further argued in Plaintiffs' motion (Dkt. 132 at 6), Defendants are the source of the defamatory statements at issue, and they have had ample opportunity and motivation to investigate the factual basis for all of the claims in Plaintiffs' [Proposed] Second Amended Complaint. They will not be prejudiced by its filing.

                          Respectfully submitted,

---

[1] As noted in Plaintiffs' initial brief, any delay between the discovery of such evidence in April 2022 and Plaintiffs' filing in October 2022 is attributable to Plaintiffs' good faith efforts to consummate a settlement on terms that were agreed upon days after Defendants produced to Plaintiffs the additional defamatory documents.  *See* Dkt. 132 at 5-6.

3

|  |  |
|---|---|
|  | PLAINTIFFS,<br>**SONICSOLUTIONS ALGAE CONTROL, LLC.,**<br>**SONIC SOLUTIONS, LLC, and**<br>**ALGAECONTROL.US LLC**<br>.<br>By Their Attorneys, |
| Dated: November 4, 2022 | */s/ Lauren C. Ostberg*<br>James C. Duda, Esq. (BBO # 551207)<br>Lauren C. Ostberg, Esq. (BBO # 696883)<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA 01115-5507<br>Tel. (413) 272-6286<br>jduda@bulkley.com<br>lostberg@bulkley.com |

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system on November 4, 2022, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

                                                                                        */s/ Lauren C. Ostberg*
                                                                                        Lauren C. Ostberg

3694937v1