**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SONICSOLUTIONS ALGAE CONTROL, LLC,   \* <br> SONIC SOLUTIONS, LLC, and   \* <br> ALGAECONTROL.US LLC,   \* <br>   \* <br>     Plaintiffs/Counter-Defendants   \* <br>   \* <br> VS.   \* <br>   \* <br>   \* <br> DIVERSIFIED POWER INTERNATIONAL, LLC,   \* <br> ANTONIO TRIGIANI, and HYDRO   \* <br> BIOSCIENCE, LLC   \* <br>   \* <br>     Defendants/Counter-Plaintiff   \* | Civil Action No. <br> 3:21-cv-30068-KAR |

# MOTION FOR STAY OF PORTION OF MAGISTRATE JUDGE'S OCTOBER 24, 2022 ELECTRONIC ORDER OR ALTERNATIVELY, FOR ADDITIONAL TIME TO PRODUCE DOCUMENTS

Defendants/Counter-Plaintiffs, Diversified Power International, LLC ("DPI"), Antonio Trigiani ("Trigiani") and Hydro Bioscience, LLC ("HBS") (DPI, Trigiani and HBS sometimes collectively hereinafter the "Defendants"), pursuant to Rule 2(c) of the *Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts* moves the Magistrate Judge for a stay of a portion of the October 24, 2022 Order pending a ruling on Defendants' objections to such Order by the District Judge. Alternatively, Defendants move for the additional time requested herein to produce the remaining documents that the Magistrate Judge ordered produced in the October 24, 2022 Order.

In support of this motion, Defendants state:

1. On October 24, 2022, the Magistrate Judge issued an Electronic Order on Defendants' renewed motion to compel. It states in material part:

> . . . Within fourteen days of the date of this order, the defendants will produce documents concerning the sale of HBS products to dealers and customers of plaintiffs and to all other HBS customers from April 26, 2021 to the present for the reasons stated at the hearing and on the authority of *Primarque Products Co., Inc. v. Williams West & Witts Prods. Co.*, 988 F.3d 26 (1st Cir. 2021). No fees or costs to any party. It is so ordered.

[Doc. 133].

2. On November 4, 2022, Defendants filed Objections to or Motion to Reconsider Magistrate Judge's October 24, 2022 Electronic Order. [Doc. 145]. The objections and motion to reconsider are incorporated herein by reference and remain pending before the district judge.

3. Prior to the dispute that led to the renewed motion to compel, Defendants produced three sets of documents relative to the post April 26, 2021 sales of HBS products for the time period April 26, 2021 through August 24, 2021. The three sets of documents produced consisted of (a) excel spreadsheets reflecting the sales for such time period, the DPI customer to whom the sales were made, the product sold and the sales price; (b) purchase orders and invoices for each such sale; and (c) e-mail communications between DPI and its customers regarding the sale transactions.

4. The dispute raised by the renewed motion to compel was the obligation of Defendants or HBS to produce sales information regarding sales of HBS products after August 24, 2021. Defendants contended and contend that such sale transactions or data are not relevant to the claims and defenses in this action as they occurred beyond any reasonable time period for which Plaintiffs could be awarded damages. Defendants also contended and contend that sales data to new customers of HBS, which were not prior customers of Plaintiffs, are not relevant to Plaintiffs' damage claims as Plaintiffs cannot recover damages based on their theories advanced in this case to third parties who were not prior customers of Plaintiffs.

5. On November 7, 2022, Defendants produced and provided to counsel for Plaintiffs two sets of excel spreadsheets. These spreadsheets contain a compilation of all sales of HBS products from August 24, 2021 through October 28, 2022 in compliance with the Court's October 24, 2022 Order. These spreadsheets specifically contain the name of the customer, the date of the invoice, the invoice number, a description of the product sold, the quantity of the product sold, the sales price per product, the total purchase price or invoice total and the total sales per customer from August 24, 2021 through October 28, 2022. One set of the spreadsheets provide such sales data to previous customers of Plaintiffs, and the second set of spreadsheets provide such sales data to HBS customers that were not previous customers of Plaintiffs. Defendants believe these documents together with the information contained therein provide the material that is necessary for the assessment by Plaintiffs or their damage expert of any claimed damages during such time period. Plaintiffs dispute such contention and seek the purchase orders, invoices and e-mail correspondence.

6.  Defendants have yet to produce the purchase orders, invoices and e-mail communications for the post August 24, 2021 sales of HBS products. Defendants seek a stay of the production of such documents pending a decision by the district judge on Defendants' objections and motion to reconsider. The purchase orders, invoices and e-mail communications are ancillary documents and do not provide information that is not already contained on the spreadsheets that Defendants have previously produced and which were timely produced in accordance with the Magistrate Judge's October 24, 2022 Order.

7.  Defendants respectfully request that the Magistrate Judge stay the portion of the October 24, 2022 Order regarding Defendants' production of purchase orders, invoices and e-mail correspondence regarding the post August 24, 2021 sales of HBS products pending a ruling by the district judge on Defendants' objections and motion to reconsider.

8.  Alternatively, Defendants request additional time to produce the purchase orders, invoices and e-mail correspondence regarding the post August 24, 2021 sales of HBS products. Defendants anticipate being in a position to produce the purchase orders and invoices for the post August 24, 2021 sales of HBS products on or before November 21, 2022. Defendants request until December 2, 2022 to produce the e-mail correspondence relative to such post August 24, 2021 sales of HBS products. This latter request takes into account the intervening Thanksgiving holiday.

**WHEREFORE,** Defendants request that the Magistrate Judge stay the portion of the October 24, 2022 order obligating Defendants to produce purchase orders, invoices

and e-mail communications regarding the sale of HBS products after August 24, 2021 pending the district judge's decision on the Defendants' objections and motion to reconsider the October 24, 2022 Order. Alternatively, Defendants request additional time through November 21, 2022 to produce purchase orders and invoices relative to the post August 24, 2021 sales of HBS products and through December 2, 2022 to produce the e-mail communications related thereto.

**HUNTER, SMITH & DAVIS, LLP**

By: */s/ Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO.: 010421
1212 North Eastman Road
Post Office Box 3740
Kingsport, Tennessee 37664-0740
dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Admitted Pro Hac Vice

Karen Sutherland, Esq.
Mass. Bar No. 684923
THE SUTHERLAND LAW FIRM, LLC
123 Main Street, Suite B
Belfast, Maine 04915
(207) 218-1524/ (207) 218-1624
ksutherland@thesutherlandlawfirm.com
*Attorneys for Defendants/Counter-Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2022, the foregoing **Motion for Stay of Portion of Magistrate Judge's October 24, 2022 Electronic Order or Alternatively, For Additional Time To Produce Documents** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties have been served by hand delivery, overnight delivery, e-mail transmission, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

Bulkley, Richardson and Gelinas, LLP
James C. Duda, Esq.
Lauren C. Ostberg, Esq.
jduda@bulkley.com
lostberg@bulkley.com


**HUNTER, SMITH & DAVIS, LLP**

____*/s/Mark S. Dessauer*
Mark S. Dessauer